UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL # 10676014
Plaintiff,

DOCKET NO. CA 05 428 T

vs.

CORNELL CORR. INS.,

LIEUTENANT REIS

OFFICER PERRY

SEVEN UNKNOWN OFFICER
Defendants.

DATE. 10/5/05

(all the defendants are sued in both their Individual and Official Capacity.)

**COMPLAINT.**

**JURISDICTION.**

The plaintiff states that this Honorable Court has subject matter Jurisdiction over this case pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and Supplimental Jurisdiction over the plaintiff State Law Claim pursuant to 28 U.S.C. §1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1983. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight, and Fourteenth Amendment to the United States Constitution.

There is a complete dicersity of citizenry between plaintiff and defendants, in that plaintiff is an individual who is incarcerated in a United States Penitentiary, and currently resides in the State of Pennsylvania. The defendants is a private corporation of the United States, located in the State of Rhode Island and operated by citizen of the United States of America.

**PARTIES.**

1.) The plaintiff David Campbell # 10676-014, is the aggrieved party herein, who at all time mentioned is a prisoner of the United States Government. He is suing the defendants for acts in violation of his Constitutional Rights while he was located at the Wyatt Detention Facility in Central Falls, Rhode Island.

2.) The defendants, Cornell Corr. Ins., is the Corporation in charge of the Wyatt Detention Facility, and the policy maker thereof, who refused to set in place a policy to ensure that the plaintiff was fed upon arrival at the Wyatt Detention Facility. They are being sued in both Individual and Official Capacity.

3.) The Defendant Lieutenant Reis, is an employee of the Wyatt Detention facility located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

4.) The defendant John Doe#1 Officer, is an employee of the Wyatt Detention Facility, in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

5.) The defendant John Doe#2 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

6.) The defendant John Doe#3 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

7.) The defendant John Doe#4 Officer, is an employee of the

Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

8.) The defendant John Doe#5 Staff Nurse, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the refusal to feed the plaintiff. She is being sued in both her Individual and Official Capacity.

9.) The defendant John Doe#6 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

10.) The defendant John Doe#7 Lieutenant, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the destruction of the plaintiff legal court materials. She is being sued in both her Individual and Official Capacity.

11.) The defendant Officer Perry, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

**STATEMENT OF CLAIM.**

On May 5th, 2005, the plaintiff was transferred to the Wyatt Detention Facility, during the plaintiff interview with the R&D Officer, the plaintiff explained to the Officer that he is a rasta-Farian who does not eat meat and wish to be placed on a non-meat diet. The Officer told the plaintiff that he should express that

desire with the Medical Personell who are in charged of prisoner's diet.

During the plaintiff interview with the Medical Personell, the plaitiff told the Staff nurse that he is a Rastafarian who does not eat meat and wishes to be placed on a non-meat diet. The Staff Nurse told the plaintiff that she is not in charge of prisoner's diet.

On May6th, 2005, two John Doe Officers came to the Medical Housing Unit which the plaintiff were being held, with a breakfast tray consisting of meat product, the plaintiff explained to the Offcers that he is a Rastafarian prisoner who does not eat meat and request that they brought him a different tray. The Officers told the plaintiff that, "this is not club med, eat what you get or do without." The plaintiff asked that they log it in the log Book that the plaintiff has not been fed. They told the plaintiff that he had a choice.

The following day the same thing happened when two other John Doe Officers brought the plaintiff food tray to the Housing Unit, consisting of meat, when the plaintiff complained about it he was told to move the meat aside and eat the rest of the food. The plaintiff saw a Staff Nurse and told her that he has not eaten since he got to the facility because the medical staff has not taken steps to ensure that his dietary needs are met, after the plaintiff told the nurse that he is a Federal prisoner and has rights, the nurse told the plaintiff that, "this is a Private Facility we can do what ever we want to." The plaintiff was not fed for a period of nine days.

On May 25th, 2005, the plaintiff was getting transferred from the Facility, at which time the plaitiff tried to take his legal court materials along with him and was told by a John Doe

Lieutenant Female that he cannot take anything along with, the plaintiff explained to the lieutenant that the Federal Marshals had told him that he could take his legal court materials with him to the Federal Institution. The Lieutenant told the plaintiff that he cannot take anything with him on transport from the facility and that he must leave a forwarding address for them to send his property to. After the plaintiff explained to the Lieutenant that he is a deportable Alien and would be needing the materials to file in court. The Lieutenant told the plaintiff that he must provide an address for them to mail his property to. The plaintiff not knowing his destination at the time, was told by the Officer who drove the transportation vehicle that took the plaintiff from the facility that he can leave the property in storage there at the facility for a period of thirty days at which time he must provide them with an address. The Officer who had first tried to confiscate the plaintiff property gave the plaintiff a form to sign so that the property could be left in storage.

On May 27th, 2005, the plaintiff wrote the Property Offiers a request asking that they please send his legal court materials to the Metropolitan Detention Center (MDC) in Brooklyn and provided them with an address to the location of the MDC Facility. On June 2nd, 2005, the plaintiff got transferred to the U.S.P. Canaan, and on June 13th, 2005, after contacting his Unit Team and asking them to track down his Legal Court Materials that should be at the MDC coming from Wyatt Detention Facility, the plaintiff was told that the property was never sent from Wyatt Detention Facility. The plaintiff Immediately wrote an Official Notarized Request to the Property Officer of the Wyatt detention Facility asking that he please send the plaintiff legal court property to the U.S.P. Canaan.

And also had the Unit Team contacted the Wyatt Detention Facility on his behalf, concerning his legal court materials.

On July 7th, 2005, the plaintiff got his first response from the Wyatt Detention Facility, via his Unit Team stating: "Contacted Officer Perry @ Wyatt 7/5/05, 8:30 am. will send legal mail." On July 22nd, 2005, Unit Team made contact with Wyatt Tyring to get my legal materials, and was told by the Administrative Staff that, "the matter would be reviewed and their staff would advise them of the status of my legal materials." On August 4th, 2005, my Unit Team contacted the Wyatt Detention Facility to check on the status of my legal materials and was told by the Program Administrator that my legal materials was destroyed by their staff because I had failed to leave a forwarding address at the time of departure from the facility.

Before the destruction of my legal property the Wyatt Detention Facility was contacted on four separate occasions concerning my legal materials and each time was given an address to mail my legal property. The defendants at the Wyatt Detention Facility had deliberately violated my First, Eight, and Fourteenth Amendment Rights to the United States Constitution.

**RELIEF REQUESTED.**

A. $1,500,000, jointly and severally against the defendant Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in punitive damages and mental and emotional stress for the defendants actions in destroying my legal court materials.

B. $1,500,000, jointly and severally against the defendants Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in compensatory damages for the destruction of my legal

materials.

C. Any and all other awards that this Honorable Court deem just and fair as a matter of law and justice.

**PREVIOUR LAWSUITS.**

A. The plaintiff have filed three other lawsuits in Federal Court, two of which is known to the plaintiff only by name and not the citing of the docket numbers, (1) Campbell v. Meachum et. al.,: (2) Campbell v. Strange et. al., both of those have been disposed of by way of settlement agreement between the plaintiff and the defendants. The third is still pending in the United States District Court for the District of Connecticut, on the docket as Campbell V. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

A. The plaintiff have used the grievance system thats been provided by the U.S.P. Canaan, where the plaintiff is now located, and have exhausted it. The plaintiff have also filed several complaint including grievances protesting is ill treatment while at the Wyatt Detention Facility.

Signed this 5th day of October, 2005.

By: David Campbell

I declare under penalty of perjury that the forgoing is true and correct.

Date. 10/5/05

David Campbell
(signature of plaintiff)

**CERTIFICATION OF SERVICE.**

I hereby certify that a true copy of the foregoings was mailed to the Office of the Clerk, United Stwtes District Court, U.S. Courthouse, 119 Federal Building and Courthouse, One Exchange Terrace, Providence, RI. 02903-1779.

Date. 10/5/05

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472