**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID CAMPBELL**

**v.** **C.A. No. 05- 428 T**

**CORNELL CORRECTIONS,** et al.

## MEMORANDUM AND ORDER

Jacob Hagopian, Senior United States Magistrate Judge

This matter is before the court on the application of the *pro se* plaintiff, an inmate in the custody of the United States Penitentiary Canaan, for leave to proceed *in forma pauperis* without prepayment of fees pursuant to 28 U.S.C. § 1915. Said application is **GRANTED.**

However, pursuant to 28 U.S.C. § 1915(b)(1), a prisoner who is granted leave to proceed without prepayment of fees must pay, as an initial partial filing fee, 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in his account for the six month period immediately preceding the filing of the complaint. After paying the initial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner shall forward such subsequent payments from the prisoner's account to the clerk of the court each time the amount exceeds $10.00 until the filing fee is paid in full. Id.

Accordingly, after a review of the plaintiff's prison trust account statement, and his affidavit filed in support of his motion to proceed *in forma pauperis*, the plaintiff shall be assessed an initial partial filing fee payment of $10.00. The United States Penitentiary Canaan is hereby ordered to forward the initial payment on plaintiff's behalf. Provided the plaintiff's prison trust account balance equals or exceeds the initial fees assessed, the initial fee shall be forwarded to the clerk of this court

within twenty days of this order. If the plaintiff lacks sufficient funds to pay the fee, the initial payment shall be forwarded by the United States Penitentiary Canaan as soon as the balance in plaintiff's prison trust account equals or exceeds $10.00. Furthermore, the Adult Correctional Institutions shall forward to the clerk of this court subsequent monthly payments of 20 percent of the plaintiff's preceding month's income each time the plaintiff's account balance exceeds $10.00. Such fees shall be forwarded until the $250.00 filing fee is paid in full.

IT IS SO ORDERED.

Jacob Hagopian
Senior United States Magistrate Judge
Date: 10 Nov 05

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) the defendant Cornell Corr. Inc., is Sued in their official Capacity

as (B) Cornell Corr. Inc., of (C) Wyatt Detention Facility 950 High St. Central Falls, R.I. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______ District of Rhode Island and has been assigned docket number (E) ______.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ______ day of ______, ______.

Official Capacity

David Campbell Pro-se

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Cornell Corr. Inc., , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Cornell Corr. Inc., Et. Al.,
(CAPTION ACTION)

which is case number __________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after __________ (DATE REQUEST WAS SENT) or within 90 days after that date if the request was sent outside the United States.

__________ (DATE) __________ (SIGNATURE)

Printed/Typed Name: __________

As __________ (TITLE) of __________ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher.

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) the defendant Cornell Corr. Inc, is being Sued in their individual Capacity

as (B) Cornell Corr. Inc, of (C) Wyatt Detention facility 950 High St, Central falls, R.I. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ____ District of RHode Island

and has been assigned docket number (E) ____.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ____ day of ____, ____.

Individual Capacity

David Campbell Pro-se

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Garnell Corp. Inc., , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Garnell Corp. Inc, Et.Al.,
(CAPTION ACTION)

which is case number ______________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______________ (DATE)  ______________ (SIGNATURE)

Printed/Typed Name: ______________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL # 10676014 DOCKET NO.__________ ________
Plaintiff,

vs.

CORNELL CORR. INS.,

LIEUTENANT REIS

OFFICER PERRY

SEVEN UNKNOWN OFFICER
Defendants. DATE. 10/5/05
(all the defendants are sued in both their Individual and Official Capacity.)

**COMPLAINT.**

**JURISDICTION.**

The plaintiff states that this Honorable Court has subject matter Jurisdiction over this case pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and Supplimental Jurisdiction over the plaintiff State Law Claim pursuant to 28 U.S.C. §1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1983. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight, and Fourteenth Amendment to the United States Constitution.

There is a complete diversity of citizenry between plaintiff and defendants, in that plaintiff is an individual who is incarcerated in a United States Penitentiary, and currently resides in the State of Pennsylvania. The defendants is a private corporation of the United States, located in the State of Rhode Island and operated by citizen of the United States of America.

**PARTIES.**

1.) The plaintiff David Campbell # 10676-014, is the aggrieved party herein, who at all time mentioned is a prisoner of the United States Government. He is suing the defendants for acts in violation of his Constitutional Rights while he was located at the Wyatt Detention Facility in Central Falls, Rhode Island.

2.) The defendants, Cornell Corr. Ins., is the Corporation in charge of the Wyatt Detention Facility, and the policy maker thereof, who refused to set in place a policy to ensure that the plaintiff was fed upon arrival at the Wyatt Detention Facility. They are being sued in both Individual and Official Capacity.

3.) The Defendant Lieutenant Reis, is an employee of the Wyatt Detention facility located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

4.) The defendant John Doe#1 Officer, is an employee of the Wyatt Detention Facility, in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

5.) The defendant John Doe#2 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

6.) The defendant John Doe#3 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

7.) The defendant John Doe#4 Officer, is an employee of the

Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

8.) The defendant John Doe#5 Staff Nurse, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the refusal to feed the plaintiff. She is being sued in both her Individual and Official Capacity.

9.) The defendant John Doe#6 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

10.) The defendant John Doe#7 Lieutenant, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the destruction of the plaintiff legal court materials. She is being sued in both her Individual and Official Capacity.

11.) The defendant Officer Perry, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

**STATEMENT OF CLAIM.**

On May 5th, 2005, the plaintiff was transferred to the Wyatt Detention Facility, during the plaintiff interview with the R&D Officer, the plaintiff explained to the Officer that he is a rasta-Farian who does not eat meat and wish to be placed on a non-meat diet. The Officer told the plaintiff that he should express that

desire with the Medical Personell who are in charged of prisoner's diet.

During the plaintiff interview with the Medical Personell, the plaitiff told the Staff nurse that he is a Rastafarian who does not eat meat and wishes to be placed on a non-meat diet. The Staff Nurse told the plaintiff that she is not in charge of prisoner's diet.

On May6th, 2005, two John Doe Officers came to the Medical Housing Unit which the plaintiff were being held, with a breakfast tray consisting of meat product, the plaintiff explained to the Offcers that he is a Rastafarian prisoner who does not eat meat and request that they brought him a different tray. The Officers told the plaintiff that, "this is not club med, eat what you get or do without." The plaintiff asked that they log it in the log Book that the plaintiff has not been fed. They told the plaintiff that he had a choice.

The following day the same thing happened when two other John Doe Officers brought the plaintiff food tray to the Housing Unit, consisting of meat, when the plaintiff complained about it he was told to move the meat aside and eat the rest of the food. The plaintiff saw a Staff Nurse and told her that he has not eaten since he got to the facility because the medical staff has not taken steps to ensure that his dietary needs are met, after the plaintiff told the nurse that he is a Federal prisoner and has rights, the nurse told the plaintiff that, "this is a Private Facility we can do what ever we want to." The plaintiff was not fed for a period of nine days.

On May 25th, 2005, the plaintiff was getting transferred from the Facility, at which time the plaitiff tried to take his legal court materials along with him and was told by a John Doe

Lieutenant Female that he cannot take anything along with, the plaintiff explained to the lieutenant that the Federal Marshals had told him that he could take his legal court materials with him to the Federal Institution. The Lieutenant told the plaintiff that he cannot take anything with him on transport from the facility and that he must leave a forwarding address for them to send his property to. After the plaintiff explained to the Lieutenant that he is a deportable Alien and would be needing the materials to file in court. The Lieutenant told the plaintiff that he must provide an address for them to mail his property to. The plaintiff not knowing his destination at the time, was told by the Officer who drove the transportation vehicle that took the plaintiff from the facility that he can leave the property in storage there at the facility for a period of thirty days at which time he must provide them with an address. The Officer who had first tried to confiscate the plaintiff property gave the plaintiff a form to sign so that the property could be left in storage.

On May 27th, 2005, the plaintiff wrote the Property Offiers a request asking that they please send his legal court materials to the Metropolitan Detention Center (MDC) in Brooklyn and provided them with an address to the location of the MDC Facility. On June 2nd, 2005, the plaintiff got transferred to the U.S.P. Canaan, and on June 13th, 2005, after contacting his Unit Team and asking them to track down his Legal Court Materials that should be at the MDC coming from Wyatt Detention Facility, the plaintiff was told that the property was never sent from Wyatt Detention Facility. The plaintiff Immediately wrote an Official Notarized Request to the Property Officer of the Wyatt detention Facility asking that he please send the plaintiff legal court property to the U.S.P. Canaan.

And also had the Unit Team contacted the Wyatt Detention Facility on his behalf, concerning his legal court materials.

On July 7th, 2005, the plaintiff got his first response from the Wyatt Detention Facility, via his Unit Team stating: "Contacted Officer Perry @ Wyatt 7/5/05, 8:30 am. will send legal mail." On July 22nd, 2005, Unit Team made contact with Wyatt Tyring to get my legal materials, and was told by the Administrative Staff that, "the matter would be reviewed and their staff would advise them of the status of my legal materials." On August 4th, 2005, my Unit Team contacted the Wyatt Detention Facility to check on the status of my legal materials and was told by the Program Administrator that my legal materials was destroyed by their staff because I had failed to leave a forwarding address at the time of departure from the facility.

Before the destruction of my legal property the Wyatt Detention Facility was contacted on four separate occasions concerning my legal materials and each time was given an address to mail my legal property. The defendants at the Wyatt Detention Facility had deliberately violated my First, Eight, and Fourteenth Amendment Rights to the United States Constitution.

**RELIEF REQUESTED.**

A. $1,500,000, jointly and severally against the defendant Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in punitive damages and mental and emotional stress for the defendants actions in destroying my legal court materials.

B. $1,500,000, jointly and severally against the defendants Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in compensatory damages for the destruction of my legal

materials.

C. Any and all other awards that this Honorable Court deem just and fair as a matter of law and justice.

**PREVIOUR LAWSUITS.**

A. The plaintiff have filed three other lawsuits in Federal Court, two of which is known to the plaintiff only by name and not the citing of the docket numbers, (1) Campbell v. Meachum et. al.,: (2) Campbell v. Strange et. al., both of those have been disposed of by way of settlement agreement between the plaintiff and the defendants. The third is still pending in the United States District Court for the District of Connecticut, on the docket as Campbell V. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

A. The plaintiff have used the grievance system thats been provided by the U.S.P. Canaan, where the plaintiff is now located, and have exhausted it. The plaintiff have also filed several complaint including grievances protesting is ill treatment while at the Wyatt Detention Facility.

Signed this 5th day of October, 2005.

By: David Campbell

I declare under penalty of perjury that the forgoing is true and correct.

Date. 10/5/05

David Campbell
(signature of plaintiff)

**CERTIFICATION OF SERVICE.**

I hereby certify that a true copy of the foregoings was mailed to the Office of the Clerk, United Stwtes District Court, U.S. Courthouse, 119 Federal Building and Courthouse, One Exchange Terrace, Providence, RI. 02903-1779.

Date: 10/15/05

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Perry is being Sued in his Individual Capacity

as (B) Officer Perry, Administrative of (C) Wyatt Detention facility 950 High St, Central Falls, R.I. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______________ District of Rhode Island ______________

and has been assigned docket number (E) ______________.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ______ day of ______________, ______.

Individual Capacity

David E. Campbell Pro-se

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-Se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Mr. Perry, Administrative Officer, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Cornell Corr. Inc., Et. Al,
(CAPTION ACTION)

which is case number ______________________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)
or within 90 days after that date if the request was sent outside the United States.

______________ ______________________________
(DATE) (SIGNATURE)

Printed/Typed Name: ______________________________

As ______________ of ______________
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Perry is being Sued in his official Capacity

as (B) Officer Perry, Administrative of (C) Wyatt Detention facility 950 High St., Central falls, R.I. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______ District of Rhode Island and has been assigned docket number (E) ______.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ______ day of ______, ______.

official Capacity

David Campbell Pro-se

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-Se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Administrative Officer Terry, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Cornell Corr. Inc., Et. Al.,
(CAPTION ACTION)

which is case number ______________________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______________ (DATE) ______________________________ (SIGNATURE)

Printed/Typed Name: ______________________________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL # 10676014
Plaintiff,

DOCKET NO.__________ ________

vs.

CORNELL CORR. INS.,

LIEUTENANT REIS

OFFICER PERRY

SEVEN UNKNOWN OFFICER
Defendants.

DATE. 10/5/05

(all the defendants are sued in both their Individual and Official Capacity.)

COMPLAINT.

JURISDICTION.

The plaintiff states that this Honorable Court has subject matter Jurisdiction over this case pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and Supplimental Jurisdiction over the plaintiff State Law Claim pursuant to 28 U.S.C. §1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1983. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight, and Fourteenth Amendment to the United States Constitution.

There is a complete diversity of citizenry between plaintiff and defendants, in that plaintiff is an individual who is incarcerated in a United States Penitentiary, and currently resides in the State of Pennsylvania. The defendants is a private corporation of the United States, located in the State of Rhode Island and operated by citizen of the United States of America.

**PARTIES.**

1.) The plaintiff David Campbell # 10676-014, is the aggrieved party herein, who at all time mentioned is a prisoner of the United States Government. He is suing the defendants for acts in violation of his Constitutional Rights while he was located at the Wyatt Detention Facility in Central Falls, Rhode Island.

2.) The defendants, Cornell Corr. Ins., is the Corporation in charge of the Wyatt Detention Facility, and the policy maker thereof, who refused to set in place a policy to ensure that the plaintiff was fed upon arrival at the Wyatt Detention Facility. They are being sued in both Individual and Official Capacity.

3.) The Defendant Lieutenant Reis, is an employee of the Wyatt Detention facility located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

4.) The defendant John Doe#1 Officer, is an employee of the Wyatt Detention Facility, in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

5.) The defendant John Doe#2 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

6.) The defendant John Doe#3 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

7.) The defendant John Doe#4 Officer, is an employee of the

Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

8.) The defendant John Doe#5 Staff Nurse, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the refusal to feed the plaintiff. She is being sued in both her Individual and Official Capacity.

9.) The defendant John Doe#6 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

10.) The defendant John Doe#7 Lieutenant, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the destruction of the plaintiff legal court materials. She is being sued in both her Individual and Official Capacity.

11.) The defendant Officer Perry, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

**STATEMENT OF CLAIM.**

On May 5th, 2005, the plaintiff was transferred to the Wyatt Detention Facility, during the plaintiff interview with the R&D Officer, the plaintiff explained to the Officer that he is a rasta-Farian who does not eat meat and wish to be placed on a non-meat diet. The Officer told the plaintiff that he should express that

desire with the Medical Personell who are in charged of prisoner's diet.

During the plaintiff interview with the Medical Personell, the plaitiff told the Staff nurse that he is a Rastafarian who does not eat meat and wishes to be placed on a non-meat diet. The Staff Nurse told the plaintiff that she is not in charge of prisoner's diet.

On May6th, 2005, two John Doe Officers came to the Medical Housing Unit which the plaintiff were being held, with a breakfast tray consisting of meat product, the plaintiff explained to the Offcers that he is a Rastafarian prisoner who does not eat meat and request that they brought him a different tray. The Officers told the plaintiff that, "this is not club med, eat what you get or do without." The plaintiff asked that they log it in the log Book that the plaintiff has not been fed. They told the plaintiff that he had a choice.

The following day the same thing happened when two other John Doe Officers brought the plaintiff food tray to the Housing Unit, consisting of meat, when the plaintiff complained about it he was told to move the meat aside and eat the rest of the food. The plaintiff saw a Staff Nurse and told her that he has not eaten since he got to the facility because the medical staff has not taken steps to ensure that his dietary needs are met, after the plaintiff told the nurse that he is a Federal prisoner and has rights, the nurse told the plaintiff that, "this is a Private Facility we can do what ever we want to." The plaintiff was not fed for a period of nine days.

On May 25th, 2005, the plaintiff was getting transferred from the Facility, at which time the plaitiff tried to take his legal court materials along with him and was told by a John Doe

Lieutenant Female that he cannot take anything along with, the plaintiff explained to the lieutenant that the Federal Marshals had told him that he could take his legal court materials with him to the Federal Institution. The Lieutenant told the plaintiff that he cannot take anything with him on transport from the facility and that he must leave a forwarding address for them to send his property to. After the plaintiff explained to the Lieutenant that he is a deportable Alien and would be needing the materials to file in court. The Lieutenant told the plaintiff that he must provide an address for them to mail his property to. The plaintiff not knowing his destination at the time, was told by the Officer who drove the transportation vehicle that took the plaintiff from the facility that he can leave the property in storage there at the facility for a period of thirty days at which time he must provide them with an address. The Officer who had first tried to confiscate the plaintiff property gave the plaintiff a form to sign so that the property could be left in storage.

On May 27th, 2005, the plaintiff wrote the Property Offiers a request asking that they please send his legal court materials to the Metropolitan Detention Center (MDC) in Brooklyn and provided them with an address to the location of the MDC Facility. On June 2nd, 2005, the plaintiff got transferred to the U.S.P. Canaan, and on June 13th, 2005, after contacting his Unit Team and asking them to track down his Legal Court Materials that should be at the MDC coming from Wyatt Detention Facility, the plaintiff was told that the property was never sent from Wyatt Detention Facility. The plaintiff Immediately wrote an Official Notarized Request to the Property Officer of the Wyatt detention Facility asking that he please send the plaintiff legal court property to the U.S.P. Canaan.

And also had the Unit Team contacted the Wyatt Detention Facility on his behalf, concerning his legal court materials.

On July 7th, 2005, the plaintiff got his first response from the Wyatt Detention Facility, via his Unit Team stating: "Contacted Officer Perry @ Wyatt 7/5/05, 8:30 am. will send legal mail." On July 22nd, 2005, Unit Team made contact with Wyatt Tyring to get my legal materials, and was told by the Administrative Staff that, "the matter would be reviewed and their staff would advise them of the status of my legal materials." On August 4th, 2005, my Unit Team contacted the Wyatt Detention Facility to check on the status of my legal materials and was told by the Program Administrator that my legal materials was destroyed by their staff because I had failed to leave a forwarding address at the time of departure from the facility.

Before the destruction of my legal property the Wyatt Detention Facility was contacted on four separate occasions concerning my legal materials and each time was given an address to mail my legal property. The defendants at the Wyatt Detention Facility had deliberately violated my First, Eight, and Fourteenth Amendment Rights to the United States Constitution.

**RELIEF REQUESTED.**

A. $1,500,000, jointly and severaly against the defendant Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in punitive damages and mental and emotional stress for the defendants actions in destroying my legal court materials.

B. $1,500,000, jointly and severaly against the defendants Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in compensatory damages for the destruction of my legal

materials.

C. Any and all other awards that this Honorable Court deem just and fair as a matter of law and justice.

**PREVIOUR LAWSUITS.**

A. The plaintiff have filed three other lawsuits in Federal Court, two of which is known to the plaintiff only by name and not the citing of the docket numbers, (1) Campbell v. Meachum et. al.,: (2) Campbell v. Strange et. al., both of those have been disposed of by way of settlement agreement between the plaintiff and the defendants. The third is still pending in the United States District Court for the District of Connecticut, on the docket as Campbell V. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

A. The plaintiff have used the grievance system thats been provided by the U.S.P. Canaan, where the plaintiff is now located, and have exhausted it. The plaintiff have also filed several complaint including grievances protesting is ill treatment while at the Wyatt Detention Facility.

Signed this 5th day of October, 2005.

By: David Campbell

I declare under penalty of perjury that the forgoing is true and correct.

Date. 10/5/05

David Campbell
(signature of plaintiff)

**CERTIFICATION OF SERVICE.**

I hereby certify that a true copy of the foregoings was mailed to the Office of the Clerk, United Stwtes District Court, U.S. Courthouse, 119 Federal Building and Courthouse, One Exchange Terrace, Providence, RI. 02903-1779.

Date: 10/5/05

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Reis is being Sued in his official Capacity

as (B) Lieutenant Reis of (C) Wyatt Detention Facility 950 High St, Central Falls, RI. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______ District of Rhode Island and has been assigned docket number (E) ______.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ______ day of ______, ______.

Official Capacity

David Campbell Pro-SE

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-Se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Lieutenant Reis, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Cornell Corr. Inc., Et. Al.
(CAPTION ACTION)

which is case number ______________ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting)

if an answer or motion under Rule 12 is not served upon you within 60 days after ______________
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______________ (DATE)

______________ (SIGNATURE)

Printed/Typed Name: ______________

As ______________ (TITLE) of ______________ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) Mr. Reis is being Sued in his Individual Capacity

as (B) Lieutenant Reis of (C) Wyatt Detention facility 950 High St, Central falls, RI. 02863

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) ______ District of Rhode Island and has been assigned docket number (E) ______.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) 30 days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this ______ day of ______, ______.

Individual Capacity

David Campbell Pro-SE
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A — Name of individual defendant (or name of officer or agent of corporate defendant)
B — Title, or other relationship of individual to corporate defendant
C — Name of corporate defendant, if any
D — District
E — Docket number of action
F — Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

# WAIVER OF SERVICE OF SUMMONS

TO: David Campbell Pro-se
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Lieutenant Reis, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of Campbell v. Garnett Corr. Inc., et. al,
(CAPTION ACTION)

which is case number ______ in the United States District Court
(DOCKET NUMBER)

for the District of Rhode Island

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after ______
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

______ (DATE) ______ (SIGNATURE)

Printed/Typed Name: ______

As ______ (TITLE) of ______ (CORPORATE DEFENDANT)

## Duty to Avoid unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

This form was electronically produced by John Etchells and Richard Jones using Omniform Internet Publisher

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL # 10676014 DOCKET NO.________ ________
Plaintiff,

vs.

CORNELL CORR. INS.,

LIEUTENANT REIS

OFFICER PERRY

SEVEN UNKNOWN OFFICER
Defendants. DATE. 10/5/05
(all the defendants are sued in both
their Individual and Official Capacity.)

COMPLAINT.

JURISDICTION.

The plaintiff states that this Honorable Court has subject matter Jurisdiction over this case pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343, and Supplimental Jurisdiction over the plaintiff State Law Claim pursuant to 28 U.S.C. §1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1983. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight, and Fourteenth Amendment to the United States Constitution.

There is a complete diversity of citizenry between plaintiff and defendants, in that plaintiff is an individual who is incarcerated in a United States Penitentiary, and currently resides in the State of Pennsylvania. The defendants is a private corporation of the United States, located in the State of Rhode Island and operated by citizen of the United States of America.

**PARTIES.**

1.) The plaintiff David Campbell # 10676-014, is the aggrieved party herein, who at all time mentioned is a prisoner of the United States Government. He is suing the defendants for acts in violation of his Constitutional Rights while he was located at the Wyatt Detention Facility in Central Falls, Rhode Island.

2.) The defendants, Cornell Corr. Ins., is the Corporation in charge of the Wyatt Detention Facility, and the policy maker thereof, who refused to set in place a policy to ensure that the plaintiff was fed upon arrival at the Wyatt Detention Facility. They are being sued in both Individual and Official Capacity.

3.) The Defendant Lieutenant Reis, is an employee of the Wyatt Detention facility located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

4.) The defendant John Doe#1 Officer, is an employee of the Wyatt Detention Facility, in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

5.) The defendant John Doe#2 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

6.) The defendant John Doe#3 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

7.) The defendant John Doe#4 Officer, is an employee of the

Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is being sued in both his Individual and Official Capacity.

8.) The defendant John Doe#5 Staff Nurse, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the refusal to feed the plaintiff. She is being sued in both her Individual and Official Capacity.

9.) The defendant John Doe#6 Officer, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

10.) The defendant John Doe#7 Lieutenant, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. She was directly involved in the destruction of the plaintiff legal court materials. She is being sued in both her Individual and Official Capacity.

11.) The defendant Officer Perry, is an employee of the Wyatt Detention Facility, located in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff legal court materials. He is being sued in both his Individual and Official Capacity.

STATEMENT OF CLAIM.

On May 5th, 2005, the plaintiff was transferred to the Wyatt Detention Facility, during the plaintiff interview with the R&D Officer, the plaintiff explained to the Officer that he is a rasta-Farian who does not eat meat and wish to be placed on a non-meat diet. The Officer told the plaintiff that he should express that

desire with the Medical Personell who are in charged of prisoner's diet.

During the plaintiff interview with the Medical Personell, the plaitiff told the Staff nurse that he is a Rastafarian who does not eat meat and wishes to be placed on a non-meat diet. The Staff Nurse told the plaintiff that she is not in charge of prisoner's diet.

On May6th, 2005, two John Doe Officers came to the Medical Housing Unit which the plaintiff were being held, with a breakfast tray consisting of meat product, the plaintiff explained to the Offcers that he is a Rastafarian prisoner who does not eat meat and request that they brought him a different tray. The Officers told the plaintiff that, "this is not club med, eat what you get or do without." The plaintiff asked that they log it in the log Book that the plaintiff has not been fed. They told the plaintiff that he had a choice.

The following day the same thing happened when two other John Doe Officers brought the plaintiff food tray to the Housing Unit, consisting of meat, when the plaintiff complained about it he was told to move the meat aside and eat the rest of the food. The plaintiff saw a Staff Nurse and told her that he has not eaten since he got to the facility because the medical staff has not taken steps to ensure that his dietary needs are met, after the plaintiff told the nurse that he is a Federal prisoner and has rights, the nurse told the plaintiff that, "this is a Private Facility we can do what ever we want to." The plaintiff was not fed for a period of nine days.

On May 25th, 2005, the plaintiff was getting transferred from the Facility, at which time the plaitiff tried to take his legal court materials along with him and was told by a John Doe

Lieutenant Female that he cannot take anything along with, the plaintiff explained to the lieutenant that the Federal Marshals had told him that he could take his legal court materials with him to the Federal Institution. The Lieutenant told the plaintiff that he cannot take anything with him on transport from the facility and that he must leave a forwarding address for them to send his property to. After the plaintiff explained to the Lieutenant that he is a deportable Alien and would be needing the materials to file in court. The Lieutenant told the plaintiff that he must provide an address for them to mail his property to. The plaintiff not knowing his destination at the time, was told by the Officer who drove the transportation vehicle that took the plaintiff from the facility that he can leave the property in storage there at the facility for a period of thirty days at which time he must provide them with an address. The Officer who had first tried to confiscate the plaintiff property gave the plaintiff a form to sign so that the property could be left in storage.

On May 27th, 2005, the plaintiff wrote the Property Offiers a request asking that they please send his legal court materials to the Metropolitan Detention Center (MDC) in Brooklyn and provided them with an address to the location of the MDC Facility. On June 2nd, 2005, the plaintiff got transferred to the U.S.P. Canaan, and on June 13th, 2005, after contacting his Unit Team and asking them to track down his Legal Court Materials that should be at the MDC coming from Wyatt Detention Facility, the plaintiff was told that the property was never sent from Wyatt Detention Facility. The plaintiff Immediately wrote an Official Notarized Request to the Property Officer of the Wyatt detention Facility asking that he please send the plaintiff legal court property to the U.S.P. Canaan.

And also had the Unit Team contacted the Wyatt Detention Facility on his behalf, concerning his legal court materials.

On July 7th, 2005, the plaintiff got his first response from the Wyatt Detention Facility, via his Unit Team stating: "Contacted Officer Perry @ Wyatt 7/5/05, 8:30 am. will send legal mail." On July 22nd, 2005, Unit Team made contact with Wyatt Tyring to get my legal materials, and was told by the Administrative Staff that, "the matter would be reviewed and their staff would advise them of the status of my legal materials." On August 4th, 2005, my Unit Team contacted the Wyatt Detention Facility to check on the status of my legal materials and was told by the Program Administrator that my legal materials was destroyed by their staff because I had failed to leave a forwarding address at the time of departure from the facility.

Before the destruction of my legal property the Wyatt Detention Facility was contacted on four separate occasions concerning my legal materials and each time was given an address to mail my legal property. The defendants at the Wyatt Detention Facility had deliberately violated my First, Eight, and Fourteenth Amendment Rights to the United States Constitution.

**RELIEF REQUESTED.**

A. $1,500,000, jointly and severaly against the defendant Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in punitive damages and mental and emotional stress for the defendants actions in destroying my legal court materials.

B. $1,500,000, jointly and severaly against the defendants Cornell Corr. Ins., Lieutenant Reis, Officer Perry, and Seven unknown Officers, in compensatory damages for the destruction of my legal

materials.

C. Any and all other awards that this Honorable Court deem just and fair as a matter of law and justice.

**PREVIOUR LAWSUITS.**

A. The plaintiff have filed three other lawsuits in Federal Court, two of which is known to the plaintiff only by name and not the citing of the docket numbers, (1) Campbell v. Meachum et. al.,: (2) Campbell v. Strange et. al., both of those have been disposed of by way of settlement agreement between the plaintiff and the defendants. The third is still pending in the United States District Court for the District of Connecticut, on the docket as Campbell V. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES.**

A. The plaintiff have used the grievance system thats been provided by the U.S.P. Canaan, where the plaintiff is now located, and have exhausted it. The plaintiff have also filed several complaint including grievances protesting is ill treatment while at the Wyatt Detention Facility.

Signed this 5th day of October, 2005.

By: David Campbell

I declare under penalty of perjury that the forgoing is true and correct.

Date. 10/5/05

David Campbell
(signature of plaintiff)

**CERTIFICATION OF SERVICE.**

I hereby certify that a true copy of the foregoings was mailed to the Office of the Clerk, United States District Court, U.S. Courthouse, 119 Federal Building and Courthouse, One Exchange Terrace, Providence, RI. 02903-1779.

Date. 10/15/05

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472