UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

C.A. No. 05-428T

v.

CORNELL CORR. INC., ET. AL.,
Defendants.

DATE: July 3rd, 2006

**MOTION TO COMPEL.**

Here comes the plaintiff David Campbell Pro-Se in the above captioned case, acting without the aide of counsel and pursuant to Fed. R. Civ. P. 37, hereby move this Honorable court for a ruling compelling the Defendants to file a response to the plaintiff's Request for Interrogatories and Production of Documents, which was filed by the plaintiff on May 5th, 2006.

On May 5th, 2006, plaintiff filed a Request for Interrogatory and Production of Documents upon the Defendants in accordance with the Rules of the Court, pursuant to Fed. R. Civ. P. 26, and Rule 33. Attached to the Request was a "Good Faith Effort" letter in accordance with the Local Rules Of the United States District Court Rule 9(d)(2). The Defendants did not file a response to the Plaintiff's Request. On June 6th, 2006, the plaintiff filed another "Good Faith Effort" letter to the Defense counsel asking that they please comply with the rules of the court and make available a response to the plaintiff request. The Defendants remain recalcitrent. The plaintiff filed another "Good Faith effort" letter to Defense counsel on June 19th, 2006, asking the Defense counsel to please provide the plaintiff with the requested materials that he seeks as a matter of law, and informed the defense counsel that the plaintiff will seek

the court assistance if the defense refuse to comply with the rules of the court. The defense counsel refuse to comply with the rules of the court and make available their response to the plaintiff.

Plaintiff now states that the materials sought from the Defendants is of importance to the case and ask that this Court Grant this Motion to Compel, and Order the Defense to file their response to the plaintiff request for Interrogatories and Production of Documents within (20) Twenty days.

Reason For Requesting the Documents In Interrogatories:

The questions asked in the Plaintiff's Interrogatories from (1-4), is stated so that the plaintiff can obtained the exact time of arrival at the Donald W. Wyatt Detention Facility, the name of the Property Officer on staff at the time of plaintiff's arrival, for them to identify the type of property that the plaintiff brought to the facility with him, and whether or not the plaintiff's property was inspected upon arrival. From question (5-10) will provide the evidence needed to evince the court of what type of material was contained in the plaintiff's property, will show what communication the plaintiff had with anyone, either by phone of written letters, or, if there was any communication or sent to the plaintiff from anyone. And will also state what Regulation there in regarding the interception of outgoing or incoming correspondence.

Reason For Requesting The Production Of Documents:

The request made for the Production of Documents from (1-13) will provide both the plaintiff and the court with duplicated pages from the Log Books from both the Medical Holding Housing Area, where the plaintiff was located was housed for the first Nine days in that facility, and from the R&D Area. Both Log Books will supply the names of the offenders and the dates of the incident complaint

of. The name of the Female Lieutenant who was present when the plaintiff was leaving the facility. Will provide a copy of tthe Inmate Property Matrix with the plaintiff's signature, and any and all communication made on behalf of the plaintiff by any Staff Counselor from the Metropolitian Detention Center, and or, U.S.P. Canaan, or from the plaintif, providing the Donald W. Wyatt Detention Facility Property Officer with an address for the plaintiff after the 25th, of May 2005.

These information that the plaintiff seeks are important to the prosecution of the plaintiff case, and the Rules of the Fed. R. Civ. P. makes a provision for them to be had under Rule 26. The plaintiff had made several attempt to obtain these materials without the aide of the court, but the Defendants makes it difficult for the plaintiff. The plaintiff has filed Three seperate "Good Faith Effort" letters to the defense counsel, as a show of good faith, asking them to please send the materials that he requested, but the defendants refuse to cooperate.

WHEREFORE, plaintiff ask this Honorable court to intervene and grant this Motion to Compel by issuing an Order to the defense to comply with the Rules of the Court and make available their response to the plaintiff request for Interrogatories and Production of Documents within (20)Twenty days.

Respectfully Submitted
David Campbell/Plaintiff

By: ______________________
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

C.A. No. 05-428T

V.

CORNELL CORR. INC., ET. AL.,
Defendants.

DATE July 3rd, 2006

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL.**

On May 5th, 2006, the plaintiff filed a request for Interrogatories and Production of Documents upon the defense counsel pursuant to Fed. R. Civ. P. Rule 26, and Rule 33, along with a Good Faith Effort letter in accordance with the Local Rules of the United States District Court, Rule 9 (d)(2), certified and signed by the plaintiff. In order to confer in good faith with the defendants and obtained the information through the Interrogatories and Discovery process, the plaintiff sent Three seperate sets of "Good Faith Effort" letters to the defense counsel, to obtained the materials that is in their possession. But the defense refuse to comply with the rules of the court and the Federal Rules of Civil Procedures.

Plaintiff now asks this Honorable to intervene, and make a Ruling Ordering the defendants to comply with the rules, and file a response to the plaintiff Request for Interrogatories and Production of Documents within (20) Twenty days. Plaintiff's Motion to Compel must be granted, to the extent that it seeks an Order compelling the defendants to comply with their discovery obligations. The defendants violates their duty to meet and confer about discovery dispute as provided in Fed. R. Civ. P. 37(a)(2)(A).

The rules requires that a party who files a Motion to Compel Discovery certify that it has "In good faith conferred or attempted to confer with the party not making the disclosure, in an effort to secure the disclosure without court action."

In the instant case the plaintiff has comply with the Rule 37(a)(2)(A), by submitting three seperate sets of letters to the defendants in "Good faith effort" in order to secure the disclosure without court action. The Federal Rules of Civil Procedures gives the district Court ample tools to deal with a recalcitrent litigant. The rules enable the court to impose sanctions when a party fails to appear or appears unprepared at a scheduling or pretrial confrence, and permit the court to strike pleadings where a party fails to obey an order to provide or permit discovery.

Here, defendants defiance flies in the face of the purpose of the mandatory disclosure requirement delineated in Rule 26(a)(2), which Rule 37(c) is intended to uphold and facilitate. See Fed. R. Civ. P. 26 Advisory Committee's (stating that the threat of "revised Rule 37(c)(1) is to provide an incentive for full disclosure.") The purpose of the detailed and complete disclosure report as contemplated by the advisory committee's note, is, in part, to prevent an ambush at trial. See Thibeault v. Square D Co. 960 F.2d 239, 244 (1st Cir. 1992) stating that "This sort of disclosure is consonant with the federal Court's desire to make a trial less a game of blindman's bluff and more a fair contest with the basis issues and facts disclosed to the fullest practical extent." Failure to comply with the Discovery and Interrogatories process frustrate the "Good Faith Effort Requirement."

Plaintiff states taht without the requested materials as stated in the interrogatories [illegible]

## CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 3rd, day of July, 2006. A copy was sent to the Office of teh following::

Atty. Dennis T. Greico
Gidely, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

Atty. Dennis T. Greico
Gidley, Sarli & Marusak. LLP
One Turks Head PLace, Suite 900
Providence, RI. 02903

Date: June 6th, 2006

RE: Campbell v. Cornell Corr. Ins., Et. Al.,
C.A. No. 05-428T.

Good day Atty. Greico:

This correspondence is in regards to a request for Interrogatories and Production of Documents that I sent to your Office on May 5th, 2006.

Sir , I am trying to conduct the process of discovery without the intervention of the court as required by the rules of the court, and I am asking that you please abide by the rules of the court and ask your clients to prepare and furnish the plaintiff with the requested materials as presented in the request. I did request them in Good Faith Effort. Your request for Interrogatories and Production of documents which were filed on May 26th, 2006, has been answered and delivered to your Office for inspection, I would request you do the samd by furnishing me with a response to the Requested Interrogatories and Production of Documents, that was filed for on May 5th, 2006.

I am asking that you please make your response available for inspection to within (10) ten business days, with respect to the Rules of the Court, and the Governing Rules of the Fed. Rules Of Civil Procedures.

Thank you for your time and effort in this matter. In the Interim I await your response.

Sincerely Yours,

David Campbell

David Campbell Pro-Se # 10676.014

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 6th day of June, 2006. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head PLace, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Date. June 19th, 2006

RE: Campbell v. Cornell Corr. Inc., Et Al.,
C.A. No. 05-428T: Request for Interrogatories
and Production of Documents: Good Faith Effort.

Dear Mr. Greico:

This correspondence is a follow up of my June 6th, 2006, Good Faith Effort letter that was sent to your Office in regards to my request for Interrogatories and Production of Documents that was mailed to your Office on May 5th, 2006.

Sir, in regards to the aforementioned request, I am still awaiting your response, which is pertinent to the continuation of this case, and your kind effort and response will generate good communication between opposing counsels. However, because of your lack of response, I am forced to send this follow up communication in hopes that you will send the requested materials that I have kindly asked for. Please bear in mind that you sent your request to me for Interrogatories and Production of Documents several days after I sent mine to you, and that I did response to your request in full. Now I am asking that you please extend that same courtesy to me, by sending the requested materials.

Again, I am asking that you please make your response available to me, with the requested materials included, within (10) Ten business days, from the date this correspondence was sent. Or, I will ask the court to intervene so that we can resolve this matter. I am asking that you please instruct your clients to cooperate in "Good Faith," an d search their files and locate any materials coming within the scope of this request and make them available to the plaintiff for inspection and copying. With respect to Fed. R. Civ. P. Rule 26.

Thank you for your assistance in this matter. In the interim I await your response, I hope it will be handled expeditiously.

Sincerly Yours,

David Campbell

David Campbell Pro-Se, # 10676.014

## CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 19th day of June, 2006. A copy was sent to the Office Of Attorney Dennis T. Greico, of Gidley, Sarli & Marusak, LLP, located at One Turks Head Place, Suite 900, In the State of Rhode Island, City of Providence.

TO: Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

Atty. Dennis T. Greico
Gidley, Saril & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Date. May 5th, 2006

RE: Campbell v. Cornell Corr. Inc., ET. AL: C.A. No.:05-428T:
Request for Interrogatories and Production
Of Documents.:Good Faith Effort.

Good day Atty. Greico:

This correspondence is in Good Faith Effort, in accordance with the Local Rule Of the District Court, Rule 9(d)(2).

Enclosed, herewith is a copy of a request for Interrogatories and Production of Documents, which I am hoping that you will instruct your clients to fully comply with the rules of Law and make Good Faith effort in a conscientious search of their files to locate and promptly forward to the plaintiff any materials coming within the scope of this request.

Pursuant to 9(d)(2) Local Rules of the United States District Court, the plaintiff is making Good Faith Effort in contacting the defendants without the intervention of the Court, hoping that we can conduct the Discovery process of this case and hope that the defendants will make a showing of Good Faith Effort and provide the materials requested herein this request within the time allowed by the Law.

Thanks for your time and effort in this matter. In the interim I await your response, I hope it will be expeditiously. Please state On envelope "Open in Presence of Prisoner."

Sincerely Yours,

David Campbell

David Campbell Pro-Se
Inmate No. 10676-014

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoing was mailed postage prepaid and delivered to all parties on record on this the 5th day of may, 2006. A copy was sent to the office of the Following:

Atty. Dennis T. Greico
Gidley, Saril & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 05-428 T

-vs-

CORNELL CORR. INC., ET. AL,
Defendants.

DATE. May 5th, 2006

REQUEST FOR INTERROGATORIES

AND PRODUCTION OF DOCUMENTS.

Here comes the plaintiff David Campbell Pro-Se, in the above captioned case acting without the aide of counselor and pursuant to the rules of the Fed. R. Civ. P. Rule 26 and Ruls 33, and in accordance with the United State District Court Local Rule 9(d)(2), the plaintiff hereby move the defendants to provide true and accurate responses to the questions presented herein this request for Interrogatories, and to produce the requested documents herein this request.

INTERROGATORIES.

1.) Please state, the date and time the plaintiff entered the Donald W. Wyatt Detention Facility?

Answer.______________________________

2.) Please state, who were the Property Officers working on shift at the time of the plaintiff entry of the facility?

(Answer)______________________________

3.) Please state, at the time of the plaintiff entry, did the plaintiff brought along with him any property?

( Answer)______________________________

4.) Please state, were the plaintiff property inspected at the time of entry into the facility? (yes/no)