CA05-428S

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. Sept 28th, 2006

MOTION TO COMPEL.

Here comes the plaintiff David Campbell Pro-Se, in the above captioned case acting without the aide of counselor and pursuant to Fed. R. Civ. P. Rule 37, hereby move this Honorable Court for a ruling compelling the Defendants Cornell Corr. Inc, Et Al., to file their response to the plaintiff request for Interrogatories and Production of Documents, which was filed by the plaintiff on August 4th, 2006.

On August 4th, 2006, the plaintiff filed a request for Interrogatories and Production of Documents upon the defendants in accordance with the rules of the Federal Court, pursuant to Fed. R. Civ. P. Rule 33, and Rule 34. When the defendants did not respond to the plaintiff request the plaintiff sent a Good Faith effort letter to the defendants informing them that the required time for filing their response was expired, and that the plaintiff is requesting in Good Faith that they please search their files and and make an effort to comply with the rules of the court. The plaintiff gave the defendants an added ten (10) days to file their response on 9/6/06. The defendants again refuse to comply. The plaintiff again filed another good Faith Effort letter to the defendants urging them to comply by filing their response on or

before 9/18/06. And also informed the defendants that the plaintiff will seek the assistance of the Court in compelling the defendants to make a response available to the plaintiff. the defendants remains recalcitrant.

Plaintiff now ask this Honorable Court to GRANT this Motion TO Compel and ORDERED the defendants to file their response to the pleintiff request for Interrogatories and Production of Documents within a timely manner deemed just and fair by this Honorable Court.

Reasons for Requesting the information in Interrogatories.

The informations requested in Interrogatories 1-8, is for the plaintiff to gathered information concerning policy concerning the handling of prisoners food, when such prisoners are located in the Medical Holding area of the Facility. If their a policy in place for Officers to sign in the Log Book thats located in the Medical Housing holding area their names, dates, and time that they feed the prisoners located in that section of the facility. And to show who conducted a tour of that area and also state whether or not the plaintiff was fed. Or whatever comments the plaintiff made concerning his diet. And the log Book will also shows the names of the individuals that were present in the R&D area of the facility on May 25th, 2005. These information is relevant to the plaintiff case to prove deliberate indefference on the part of the prison guards. These informations was requested in the plaintiff's first sets of Interrogatories. However, the defendants were not forth coming, the defendants supplied the plaintiff with specious copies and not a direct facsimile. What the defendants provided the plaintiff with were not legible. They were unambiguous. The plaintiff cannot

make out any of the information contained therein, and also the defendants did not send the plaintiff a complete copy of the page from the Officers Log Book. what the defendants sent to the plain- tiff was not what the plaintiff have requested.

The information requested in Interrogatories 9-13, will provide the plaintiff with the information concerning the property, Inmate Grievance, and the policy regarding storage at the facility. This information is relevant to the plaintiff case, because it will allows the plaintiff to evince the court that the defendants did violate their own policy concerning storage, and responding to prisoners grievances. Including the keeping of records.

WHEREFORE, the plaintiff states that this Honorable Court should grant this Motion to Compel and ORDERED the defendants to file a response to the plaintiff request for Interrogatories and Prodction of Documents.

<u>Reasons fro Requesting Production Of Documents.</u>

The request made for the request of Documents from 1-4, is for the plaintiff to gathered the information necessary to evince the court that the defendants did violates the plaintiff Constitutional Rights. On May 25th, 2005, when the plaintiff was leaving the Wyatt Detention Facility, there were a female officer acting in command on the scene, the plaintiff has requested the name of that individual officer from the defendants but the defendants refuse to supply the name. The name of that female Officer should be contained in the Officers Log Book thats located in the R&D area of the facility. Names and other informations are kept in the Officers Log Book, and these names will allow the plaintiff to sue the correct violators who are still listed as John Doe in

in the plaintiff's complaint. All these informations are relevant to the plaintiff case. the plaintiff also needs all correspondence between the plaintiff and Staff Officers at the Wyatt Detention facility, from May 6th, 2005 to May 14th, 2005.

With these informations the plaintiff will be able to prove his case, and the Rules provides for them to be release to the plaintiff for inspection and copying. The plaintiff have made every concievable effort to obtain these informations from the defendants, but the defendants has refused to cooperate.

WHEREFORE, the plaintiff now move this Honorable Court to Issue an ORDER to the defendants to comply with the plaintiff request for the Interrogatories and Production of Documents within a timely manner deemed just by this Honorable Court.

Respectfully Submitted

David Campbell/Plaintiff

By: ______________________

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of teh foregoings was mailed postage prepaid and delivered to all parties on record on this the 28th day of Sept., 2006. A copy was sent to the Office of the following:

Atty.Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO.1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. Sept. 28th, 2006

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL.

On August 4th, 2006, the plaintiff filed a request for Interrogatories and Production Of Documents upon the defendants in accordance with the Rules of the Fed. R. Civ. P. Rule 33 and Rule 34, the plaintiff later sent two sets of good Faith Effort letter to the defendants counsel in accordance with the Local Rules of the United States District Court Rule 9(d)(2), certified and signed by the plaintiff in order to confer in good faith with the defendants and conduct the discovery process. But the defendants refused to comply with the Rules of the Fed. R. Civ. P. .

Plaintiff now ask this Honorable Court to intervene and, make a ruling Ordering the defendants to comply with the Rules of the Court and file their response to the plaintiff request for Interrogatories and Production Documents within a timely manner. Plaintiff's Motion to Compel must be granted, to the extent that it seeks an Order compelling the defendants to comply with their discovery obligations. The defendants violates their duty to meet and confer about discovery disputes as provided in Fed. R. Civ. P. 37 (a)(2)(A). The rules requires that a party who files a Motion to Compel Discovery certify taht it has "in good faith conferred or attempted to confer with the party not making the disclosure, in

an effort to secure the disclosure without curt action."

In the instant case, the plaintiff has comply with the Rule 37(a)(2)(A), by submitting two seperate sets of "good faith letters" to the defendants certified and signed by the plaintiff in order to secure the disclosure without court action. The Federal Rules of Civil Procedures gives the District Court ample tools to deal with a recalcitrent litigant. The rules enable the court to impose sanctions when a party fails to appear or appears unprepared at a scheduling or pretrial confrence,and permit the court to strike pleadings where a party fails to obey an order to provide or permit discovery.

Here, defendants defiance flies in the face of the purpose of the mandatory disclosure requirement delineated in Rule 26(a)(2), which rule 37(c) is intended to uphold and facilitate. See Fed. R. Civ. P. 26 Advisory Commitee's (stating that the threat of "revised Rule 37(c)(1) is to provide an incentive for full disclosure." The purpose of the detailed and complete disclosure report as contemplated by the advisory committee's note, is, in part, to prevent an ambush at trial. SeeThibeault v. Square D Co. 960 F.2d 239, 244 (1st Cir. 1992) stating that " This sort of disclosure is consonant with the Federal Court desire to make a trial less a game of blindman's bluff and more a fair contest with the basis issues and facts disclosed to the fullest practical extent." Failure to comply with the discovery and Interrogatories process frustrate the "Food Faith Effort Requirement."

Plaintiff states that without the requested materials as requested in the request for Interrogatories and Production of Documents, the plaintiff will not be able to prosecute the

right defendants as to how the correct names and spelling are still in the possession of the defendants, and are unknown to the plaintiff. These defendants are directly involved in the violation complained of by the plaintiff. There are also other Documents that's in the possession of the defendants that are relevant to the plaintiff's case, which the plaintiff have requested and the defendants are not releasing.

WHEREFORE, plaintiff move this Honorable Court to Grant this Motion to Compel, and Order the defendants to comply with the Rules of teh Court. The defendants failure to comply with the disclosure process of Rule 26(a) was both without substantial justification and not harmless, for this, this Honorable Court must send a harsh signal to the offending party not responding to the discovery, that this court will prohibit the offending party from introducing designated matter in evidence, and will use other sanctions that is in the court's discretion. Plaintiff further prays that this Honorable Court view is Pro-Se complaint under less stringent constraint than it would a brief drafted by an attorney skilled in the science of law.

Respectfully Submitted

David Campbell/Plaintiff

By: ______________________

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 28th day of Sept., 2006. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472