IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET. AL.,
Defendants.

DATE. August 9th, 2006

PLAINTIFF SECOND SET OF INTERROGATORIES

TO DEFENDANTS CORNELL CORR. INC. AND OFFICER APRIL PERRY.

Pursuant to Fed. R. Civ. P. 33, plaintiff David Campbell Pro-Se, propound the following interrogatories to the defendants Cornell Corr. Inc., and Officer April Perry, to be answered under oath within thirty (30) days after service. These Interrogatories shall be deemed to be continuing up to the time of trial so as top require supplemental answers if additional information or additional facts become available.

1. Please state, is there a Officers Log Book located in every Inmate housing areas of the facility, such as R&D area, medical housing area, visiting room area, R&D inmate housing area, kitchen food service area, Inmate housing units, Captains offices? (yes or no)

2. Please state what is the purpose of these Officers Log Books?

3. Please state, when an supervising Officer entered into an inmate housing unit, or any of these units or any of these areas where a Officer Log Book is located to do a general tour of those specific areas, is that supervising Officer required to signed the Officer Log Book to identify the date and time he entered that area to conduct a general tour? (yes or no).

4. Please state, is it required of the Housing Officer to loged in the Officers Log Book each time he makes a general tour of the housing unit, whenever he conduct a count, sends an inmate on a visit, to the Lieutenant Office, Medical Unit, or when it time to served the inmates meals.

5. Please state, when an Officer brings the inmates meals to the R&D inmates housing area, the medical housing area to feed the inmates, is there a requirement for that Officer to make an entry into the Officer Log Book located in that general area that he has served the meal in that area, and to list the time of day meal was served.

6. Please state, is there a requirement that the Officer, Medical personell, Food Service provider, or any one who brings the meal to the inmates located in the medical housing area signed the Officers Log Book stating that meal was served and at what time meal was served, and if the inmate had refused to eat their meals.

7. Please state, what steps are there in place to catalog if and how long an inmate refuses his meal, are those information listed In the Officers Log Book, in order to track the pattern of that specific inmate behavior.

8. Please state is there any communication set in place to require the Medical staffs to ensure that food service provider knows the names and locations of every inamtes and their dietary needs, to ensure that each inmates received the correct meal according to health needs, religious needs or other specific concerned.

9. Please state, is there a policy set in place to oversees inmate complaint against Staff, such as grievances, or any other complaint.

10. Please state, when an inmate request to have his personal property stored at the facility while in transport, whether that inmate is been transported to court, to another facility, or on release, what is the procedure for that inmate to have his personal property stored at the facility and for how long will the facility keep such property in storage.

11. Please state, when an inmate is leaving the facility on transport to another facility, is there a requirement for that inmate to know the location of where he is been transported to. Does the facility supervising staff informed the inmate as to where he will be taken to.

12. Please state, when an inmate is indigent and cannot afford to mail his property out of the facility, or does not have a forwarding address to have the property sent to, but request that said property be kept in storage until he is able to retrieve them, for how long will the facility hold such property.

13. Please state, does the facility keeps records of outside communication from other facility in regards to inmate intrest, such as correspondence from other facility, and for how long does the facility maintained such records when such records is identify as coming from supervisor, Administrators of another facility on behalf of an inmate.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all partied of record on this the 4th day of August, 2006. A copy was sent to the Office of the Following:

Atty. Dennis T. Greico
GIDLEY, SARLI, & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472