IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05CV-00428-T-JH

-vs-

CORNELL CORR. INC.

CAPTAIN ROBERT REIS

OFFICER PERRY

OFFICER HENRY PAUL

OFFICER DAVE DUMAS

OFFICER GEOFF WESTON

LPN MAUREEN ROCHA

FIVE UNKNOWN OFFICERS.
Defendants.

DATE. August 3rd, 2006

(all the defendants are been sued in both their individual and official capacity.)

AMENDED COMPLAINT.

JURISDICTION.

The plaintiff David Campbell Pro-Se states that this Honorable Court has subject matter Jurisdiction over this case Pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343, and Supplimental Jurisdiction over the plaintiff State Law Claim Pursuant to 28 U.S.C. § 1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1982. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight and Fourteenth Amendments Rights to the United States Constitution.

There is a complete diversity of citizenary between plaintiff

and defendants. Plaintiff' an individual who is incarcerated in a United States Penitentiary, and currently resides in the State of Pennsylvania. The defendants is a private corporation of the United States , located in the States of Rhode Island and operates by citizens of the United States of America.

**PARTIES.**

1. The plaintiff David Campbell # 10676-014, is the agggrieved party herein, who at all time mentioned is a prisoner of the United States Government. He is suing the defendants for acts in violation of his Constitutional Rights while he was located at the Wyatt Detetion Facility in Central Falls, Rhode Island.

2. The defendants, Cornell Corr. INC., is the corporation that ownes and operates the Wyatt Detention Facility, and the policy maker thereof, who refuse to set in place a policy to make sure that the plaintiff was fed upon arrival at the said facility, and to ensure that during the plaintiff stay at said facility, plaintiff would be fed on a daily basis. They are been sued in both Individual and Official Capacity.

3. The defendant Captain Robert Reis, is an employee of the Wyatt Detention Facility located in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is been sued in both his Individual and Official Capacity.

4. The defendant John Doe # 1, is an Officer who is employed at the Wyatt Detention Facility in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is been sued in both his Individual and Official Capacity.

5. The defendant John Doe # 2, is an Officer who is Employed at the Wyatt Detention Facility in Central Falls, Rhode Island.

He was directly involved in the refusal to feed the plaintiff. He is been sued in both his Individual and Official Capacity.

6. The defendant John Doe # 3 is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. He was direclty involved the refusal to feed the plaintiff. He is been sued in both his Individual and Official Capacity.

7. The defendant John Doe # 4 is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. He was directly involved in the refusal to feed the plaintiff. He is been sued in both his Individual and Official Capacity.

8. The defendant LPN Maureen Rocha in an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. She was directly involved in the refusal to feed the plaintiff when she did not ensure that the plaintiff was listed as a vegetarian after she was told so by the plaintiff at the Medical Intake. She is been sued in both her Individual and Official Capacity.

9. The defendant John Doe # 5 is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. She work in the Capacity of a Supervising Officer and was directly involved in the destruction of the plaintiff Legal Court Documents. She is been sued in both her Individual and Official Capacity.

10. The defendant Officer Perry, is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff Legal Court Documents. He is been sued in both his Individual and Official Capacity.

11. The defendant Officer Henry Paul, is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff Legal Court

Documents. He is been sued in both his Individual and Official Capacity.

12. The defendant Officer Dave Dumas, is an employee of the Wyatt Detention Facility in Central falls, Rhode Island. He is directly involved in the destruction of the plaintiff Legal Court Documents. he is been sued in both his Individual and Official Capacity.

13. The defendant Officer Geoff Weston, is an employee of the Wyatt Detention Facility in Central Falls, Rhode Island. He was directly involved in the destruction of the plaintiff Legal Court Documents. He is been sued in both his Individual and Official Capacity.

**STATEMENT OF CLAIM.**

14. On May 5th, 2005, the plaintiff was transferred to the Wyatt Detention Facility, in Central Falls, Rhode Island, from the Ellis MacDougall Corr. Inst. in the State of Connecticut. During the initial interview with the R&D officers the plaintiff stated to the Officer that he is a Rastafarian and does not eat meat, and wish to be placed on a no meat diet. The Officer told the plaintiff that he should express that desire with the Medical Personell who is in charge of Prisoner's Diet.

15. During the plaintiff interview with the Medical Personell LPN Maureen Rocha, the plaintiff told the Nurse that he ia a Rastafarian and does not eat meat and wish to be placed on a no meat Diet. The LPN. Miss Rocha told the plaintiff that she is not in charge of Prisoner's Diet.

16. On May 6th, 2005, Two John Doe Officers came to the Medical Housing Unit where the plaintiff was housed with a Breakfast tray

consisting of meat products, the plaintiff explained to the Officers that he is a Rastafarian and does not eat meat, and request that they brought him a different tray. The Officer told the plaintiff that, " this is not Club Med, eat what you get or do without." The plaintiff asked that it be loged in the Officers Log Book that the plaintiff was not fed. the Officers told the plaintiff that he had a choice.

17. The following day Two different Officers brought the food tray to the plaintiff in the same Medical Housing Unit. The tray also consist of Meat products. When the plaintiff complained about the meat on his tray, the Officer told the plaintiff to move the meat aside and eat the rest of the food. The plaintiff saw a Staff Nurse and told her that he has not eaten since he got to the facility because the Medical Staff has not ensure that his dietary needs are met. The plaintiff also stated to the Nurse that he is a Federal Prisoner and has Rights. The Nurse told the plaintiff that, " This is a private Facility we can do what ever we want to." The plaintiff was not fed for a period of Nine consecutive days, even though it was listed in the plaintiff Medical File that the plaintiff is a Vegitarian and does not eat meat. This has been listed in the Plaintiff Medical File since 5/6/05, at Approximately 9:00.

18. On May 25th, 2005, the plaintiff was getting transferred from the Facility, at which time the Plaintiff tried to take his Legal Court Documents along with him, the plaintiff was told by a Female Supervising Officer, Name listed as John Doe, that he cannot take anything with him. The plaintiff explained to the Officer that the Federal marshals had told him that he could take his Legal Court

Materials with him to the Federal Prison. The Officer told the plaintiff that he cannot take anything with him on transportation from the Facility, and that he must leave a forwarding address for them to send his property to. After the plaintiff told the Officer that he's a deportable Alien and that he would need the Materials to file in court, and does not have an address to send the Materials to. The Supervising Officer insist that the plaintiff provide them with an address to send the Legal Property to. The plaintiff not knowing his destination at the time, was told by an Officer who drove the transportation Vehicle that took the plaintiff from the Facility that he can leave the property in storage there at the Facility for a period of Thirty days, at which time he must provide them with an address to send the Materials to. The Officer who at first tried to confiscate the plaintiff property gave the plaintiff a Property form to signed for the materials to be held in storage there at the Wyatt Detention Facility. The plaintiff was told to just signed the form and give it to them.

19. On May 27th, 2005, **the** plaintiff wrote the property Officer at the Wyatt Detention Facility In Central Falls, Rhode Island, an official request, asking that they please send the plaintiff property to the Metropolitan Detention Center (MDC), in Brooklyn, and provide them with an address to the location of the facility. The plaintiff also asked the Unit Counselor Miss Cutting to please contact the Wyatt Detention Facility and let them know that I am now located at the MDC and have them send my Legal Court Documents there. A phone call was placed in my presence, and I was told by Miss Cutting that, "the property Officer said they will send them there."

20. On June 2nd, 2005, the plaintiff was transferred to the U.S.P. Canaan, On June 13th, 2005, the plaintiff contacted his Unit Team and asked to track down his Legal Court Documents which should have been sent from the Wyatt Detention Facility to the MDC in Brooklyn. The plaintiff was told that the property was never sent from the Wyatt Detention Facility. The plaintiff immediately wrote an Official Notorized Request to the Property Officer at the Wyatt Detention Facility asking that he please send the Plaintiff Legal Court Documents to the U.S.P. Canaan, providing them with an address to the location of the Facility. The plaintiff also asked his Unit Team to contact the Wyatt Detention Facility on his behalf concerning his Legal Court Materials.

21. On July 7th, 2005, the plaintiff get the first contact from the Wyatt Detention Facility, via his Unit Team stating: "Contacted Officer Perry @ Wyatt 7/5/05, 8:30 am. will send Legal Mail." On July 22nd, 2005, Unit Team made contact with Wyatt Detention Facility trying to get my Legal Material and was told by the Administrative staff that, "the matter would be reviewed and their staff would advise them of the status of my legal materials." On August 4th, 2005, my Unit Team contacted the Wyatt Detention Facility to check on the status of my legal materials, and was told by the Program Administrator that my Legal Materials was destroyed by their staff because I had failed to leave a forwarding address at the time of departure from the facility.

22. Before the destruction of my legal Court Documents, the Wyatt Detention Facility was was contacted on several seperate occasions concerning my Legal Materials, and each time was given an address to mail my Legal Property to. On the form thats marked

Detainee Personal Property Record For Intake, Issue, Court Clothes, Release, & Transfer. also provides for property to be held in storage, in the section of the form that is marked Disposition.

**Relief Required.**

Plaintiff request that this Honorable Court make a finding that the Defendants Cornell Corr. Inc., and its actors did acted with malice in destroying the plaintiff Legal Court Documents, with the intent to cause the plaintiff harm. And that the negligent acts of the defendants did cause the plaintiff irreparable harm. The Defendants actions causes the plaintiff other Legal Court Cases to be dismissed, because the defendants destroyed all the Evidence and Affidavits that was located in the plaintiff Two folders containing Legal Court Documents.

Plaintiff request that this Honorable Court make a finding that the defendants did violate the plaintiff's Eight Amendment Rights to the United States Constitution, and the Plaintiff First Amendment Rights to the United States Constitution when the defendants refused to feed the plaintiff a diet consistent with his Religious belief, and did cause the plaintiff to suffer Cruel and Unusual Punishment, which is prohibited by the United States Constitution. Under the Eight Amendment.

Plaintiff request that this Honorable Court make a finding that the defendants did violate the plaintiff First Amendment Right to the United States Constitution that Guarantee Access to the Court. By destroying the plaintiff Legal Court Documents, prohibited the plaintiff from adequately pursuing is claim for redress in a Court of law.

Plaintiff request that this Honorable Court make a finding that the defendants acts of Malice, negligence, and recklessness did cause harm to the plaintiff. Irreparable harm that violated the plaintiff First, Eight, and Fourteenth Amendment Rights to the Unitd States Constitution.

**Relief Requested.**

A. $ 1,500,000, jointly and severely against the defendant Cornell Corr. Inc., Captain Robert Reis, Officer Perry, Officer Henry Paul, Officer Dave Dumas , Officer Geoff Weston, LPN Maureen Rocha, and Five Unknown Officers, for the defendants actions that causes the plaintiff Mental and Emotional Stress, when the defendants destroyed the plaintiff Legal Court Documents. In punative Damages and Mental and Emotional Stress.

B. $ 1,500,000, Jointly and Severely against the defendants Cornell Corr. Inc., Captain Robert Reis, Officer Perry, Officer Henry Paul, Officer Dave Dumas, Officer Geoff Weston, and LPN Maureen Rocha, and Five Unknown Officer, in Compensatory Damages for the destruction of the plaintiff Legal Court Documents and refusal to feed the plaintiff the plaintiff.

C. Any and all other relief that this Honorable Court deem Just and Fair as a matter of Law and Justice.

**Previous Law Suits.**

The plaintiff have filed Three other Law Suits in Federal Court, and One in State Court. Two of the cases that were filed in Federal Court the plaintiff can only List them by name , all the documents pertaining to those cases were destroyed by the defendants actions. Those cases are known to the plaintiff as, Campbell V. Meachum et.Al., and Campbell v. Strange, et al., both of those

cases was disposed of by way of settlement. The Third was dismissed because the plaintiff was not able to present materials that would have affected the outcome of the case in his favour. All of the plaintiff Evidential materials was destroyed by the defendants in this case, The case was on the Docket as Campbell v. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM). The State Court case was also dismissed because the plaintiff could not adequately argued the case because the Evidentiary materials was destroyed by the defendants in this case. That case was known to the plaintiff as Campbell v. Mawhenny et. al.,

**Exhaution of Administrative remedies.**

The plaintiff have used the grievance procedure system thats been provided by the U.S.P. Canaan, where the plaintiff is now located, and have exhausted it. The plaintiff have filed several complaint including grievances protesting the ill treatment that he was receivein while he was located at the Wyatt Detention Facility, all those files were destroyed by the defendants.

Signed this 3rd day Of August, 2006

By: David Campbell

I declare under penalty of perjury that the foregoing is true and correct.

Date. 8/3/06

Signature. D Campbell

**CERTIFICATION OF SERVICE.**

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to the Office of the Clerk and all parties of interes, on this the 3rd day of Aug., 2006. A copy was sent to the Office of teh following:

TO: Dennis T. Greico
GIDLEY SARLI & MARUSKA, LLP
One Turks Head Place, Suite 900
Providence, Rhode Island 02903.

TO: Office Of The Clerk
United States District Court
U.S. Courthouse
119 Federal Building and Courthouse,
One Exchange terrace,
Providence, RI. 02903-1779.

Respectfully Submitted

David Campbell/plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472