IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE: November 21st, 2006

MOTION FOR INJUNCTION TO FREEZE ASSETS.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aid of counsel and pursuant to Fed. R. Civ. P. Rule 64, hereby move this Honorable Court for an Injunction to Freeze the Defendants, Cornell Corr. Inc., Captain Robert reis, Officer Perry, Officer henry Paul, Officer Dave Dumas, Officer Geoff Weston, and LPN Maureen Rocha, Assets.

Plaintiff urges this Honorable Court to issue a Freeze Order upon the defendants to hold and retain within their control, and otherwise prevent any Disposition, Transfer, Pledge, Encumberance, Assignment, Dissipation, Consealment or other disposal whatsoever of any funds or other Assets in the possession of the defendant Cornell Corr. Inc., and to prevent the defendants Captain Robert Reis, Officer Perry, Officer Henry Paul, Officer Dave Dumas, Officer Geoff Weston, and LPN Maureen Rocha, from Transfering any Funds, Property, withdrawal of Funds from Bank Account(s), sales of Property, or other disposal whatsoever of any Funds or other Assets.

The reasons and presidents are set forth in the attached Memorandum of Law in support of this argument.

WHEREFORE, plaintiff prays that this Honorable Court will

make a ruling in favor of the Pro -Se plaintiff and Issue a Freeze of Assets on the defendants properties.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 21st day of November, 2006. A copy was sent to the Office of the Following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head PLace, Suite 900
Providence, RI.02903

Office Of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants

DATE: November 21st, 2006

MEMORANDUM IN SUPPORT OF

MOTION FOR INJUNCTION TO FREEZE ASSETS.

Plaintiff states, in order to satisfy the ultimate Judgment in this case, where money damages relief is sought, and to serve the public interest, the status quo should be maintained during the pendency of this action. Fed. R. Civ. P. 64,"Incorporates States procedures authorizing any meaningful interference with property to secure satisfaction of Judgment, including any State-Authorized Injunctive Relief for Freezing Assets to aid in satisfying Ultimate Judgment in Case". United State Ex Rel. Rahman v. Onocology Assocs, 198 F.3d 489 (4th Cir. 1999).

In Grupo Mexicano De Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 144 L. Ed. 2d 319, 119 S.Ct. 1961 (1999)(Holding that an Injunction Freezing Assets may not be entered in an action for damages where no lien or equitable interest in the assets is claimed.) In the instant case the plaintiff is not making a Claim for Equitable Interest. The plaintiff is seeking money damages only. In United States Ex Rel. Rahman v. Onocology Assocs, 198 F.3d 498 at 494 (4th Cir. 1999) The Court observed that Grupo De Mexicano, was limited to actions for money damages. "In which no Lien or Equitable Interest was claimed." The Freezing of the defendants Assets would prevent them from engaging in complex

reorganization and transfer of assets to insulate themself from liability. The Injunction ordered the defendants not to enter into any mergers or reorganization, not to sell, transfer, or assign assets outside of the ordinary course of business.

Plaintiff states that the defendants should be prevented from transfering funds from Bank Account(s), or other Assets in order to insulate themself from liability. This Court should enter an Injunction against the defendants and Freeze their Assets to secure the satisfaction of the Ultimate Judgment, which this Court is authorize to do under Fed. R. Civ. P. Rule 64.

"Although Assets Freeze has effect comparable to that of attachment, it is not attachment and therefore, conditions for attachment need not be met." FTC. v. H.N. Singer, Inc., 668 F.2d 1107 (9th Cir. 1982). "Order imposing temporary Freeze of Assets is not tantamount to order of attachment where it is not designated to seize defendants Assets as security for Ultimate money Judgment, but designed simply to preserve status quo...."Commodity Future Trading Com. v. Morgan Harris & Scott, LTD. (1979 SD NY) 484 F.Supp. 669.

CONCLUSION OF CASE.

WHEREFORE, plaintiff prays that this Honorable Court make a ruling in favor of the plaintiff and enter a Judgment imposing a Freeze of Assets on the defendants, that will prevent them from engaging in any transfering, selling of Assets or reorganization, withdrawal and disposal of funds or assets that will insulate them from liability. Plaintiff further states that this Honorable Court should view this petition in favor of the pro-se plaintiff, and

applied the stringent standard it would to a brief filed by an attorney learnt in the science of Law.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 21st, day of November, 2006. A copy was sent to the Office of the Following:

Atty. Dennis T Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace, Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472