UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID CAMPBELL, Pro Se | ) | |
| | ) | |
| | ) | C.A. NO.: 05-428T |
| vs. | ) | |
| | ) | |
| CORNELL CORRECTIONS INC., ET AL | ) | |

**ANSWER OF DEFENDANTS, CORNELL CORRECTIONS OF RHODE ISLAND, INC., OFFICER HENRY PAUL, OFFICER GEOFF WESTON, AND OFFICER APRIL PERRY TO PLAINTIFF, DAVID CAMPBELL'S AMENDED COMPLAINT**

Cornell Corrections of Rhode Island, Inc. (incorrectly identified as Cornell Corrections, Inc.), Officer Henry Paul, Officer Geoff Weston, and Officer April Perry, (hereinafter collectively referred to as "Defendants") hereby respond to the Plaintiff's Complaint as follows:

**JURISDICTION**

Defendants admit that Cornell Correction of Rhode Island, Inc. ("Cornell of RI") is a private corporation incorporated in the United States of America and does business in the state of Rhode Island. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in the Jurisdiction section of the Complaint and accordingly, leave Plaintiff to his proof.

**PARTIES**

1. Defendants admit that Plaintiff was housed at the Wyatt facility. Defendants deny that Cornell of RI or any of its employees violated any of Plaintiff's Constitutional rights. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and accordingly, leave Plaintiff to his proof.

2. Defendants admit that Cornell of RI is a corporation that operates the Donald W. Wyatt Detention Facility. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

3. Denied.

4. Defendants deny that any of Cornell of RI employees refused to feed the Plaintiff. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

5. Defendants deny that any of Cornell of RI employees refused to feed the Plaintiff. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

6. Defendants deny that any Cornell of RI employees refused to feed the Plaintiff. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

7. Defendants deny that any Cornell of RI employees refused to feed the Plaintiff. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

8. Denied.

9. Defendants do not have sufficient knowledge or information to admit the allegations in this paragraph and accordingly, leave Plaintiff to his proof.

10. Defendants admit that Officer Perry is an employee at the Wyatt Detention Facility. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

11. Defendants admit that Officer Paul is an employee at the Wyatt Detention Facility. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

12. Denied.

13. Defendants admit that Officer Weston is an employee at the Wyatt Detention Facility. Defendants do not have sufficient knowledge or information to admit the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

**STATEMENT OF CLAIM**

14. Defendants admit that the Plaintiff was transferred to The Donald W. Wyatt Detention Facility on May 5, 2005. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and accordingly leave Plaintiff to his proof.

15. Defendants admit that Plaintiff indicated he was a vegetarian to Maureen Rocha, L.P.N. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations of this paragraph, and accordingly leave Plaintiff to his proof.

16. Defendants deny that they or any Cornell of RI employees violated the Plaintiff's rights pursuant to the First, Eight, and Fourteenth Amendments to the United States Constitution. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

17. Defendants deny that they or any Cornell of RI employees violated the Plaintiff's rights pursuant to the First, Eight, and Fourteenth Amendments to the United

States Constitution. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

18. Defendants admit that Plaintiff was transferred out of the Wyatt facility on May 25, 2005. Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and accordingly, leave Plaintiff to his proof.

19-22. Defendants deny that they or any Cornell of RI employees violated the Plaintiff's rights pursuant to the First, Eight, and Fourteenth Amendments to the United States Constitution. Defendants do not have sufficient knowledge or information to admit or deny the remaing allegations in this section of Plaintiff's Complaint and accordingly, leave Plaintiff to his proof.

**RELIEF REQUIRED**

Defendants deny all allegations and Plaintiff's entitlement the relief he seeks in the Relief Required section of his Complaint.

**RELIEF REQUESTED**

Defendants deny the Plaintiff is entitled to the relief he seeks in the Relief Requested section of his Complaint.

**PREVIOUS LAWSUITS**

Defendants do not have sufficient knowledge or information to admit or deny the allegations contained in the so-called "Previous Lawsuits" section of his Complaint and accordingly, leave Plaintiff to his proof.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants do not have sufficient knowledge or information to admit or deny the so-called "Exhaustion of Administrative Remedies" section of his Complaint and accordingly, leave Plaintiff to his proof.

**FIRST AFFIRMATIVE DEFENSE**

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

**SECOND AFFIRMATIVE DEFENSE**

Neither Cornell of RI nor its employees were at any time a government actor against which constitutional claims may be asserted.

**THIRD AFFIRMATIVE DEFENSE**

Alternatively, Cornell of RI and its employees are immune from Plaintiff's claims.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries were caused, if at all, by the actions or conduct of other persons or entities for whom Defendants have no liability.

**FIFTH AFFIRMATIVE DEFENSE**

Cornell of RI pleads the defense of misnomer.

WHEREFORE, Defendants respectfully demand entry of Judgment in their favor, dismissing the Plaintiff's claims and awarding them their costs and fees and such further relief as this Court deems just and proper.

Defendants designate Dennis T. Grieco II as their trial counsel.

Defendants demand a trial by jury.

Defendants,
Cornell Corrections of Rhode Island, Inc., Officer Henry Paul, Officer Dave Dumas, Officer Geoff Weston, Maureen Rocha, L.P.N. and Officer April Perry,
By their attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304
DTG@GSM-law.com

## CERTIFICATE OF SERVICE

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

I hereby certify that on the 11th day of December, 2006, I mailed and/or had hand-delivered a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco