UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANTS, CORNELL CORRECTIONS OF RHODE ISLAND, INC'S MOTION TO COMPEL PLAINTIFF TO PROVIDE MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

The Defendants, Cornell Corrections of Rhode Island, Inc., pursuant to the provisions of Fed.R.Civ.P. 37, hereby move this Honorable Court for an Order compelling the Plaintiff, David Campbell, to provide more responsive answers to interrogatories within thirty (30) days of the entry of the Court's Order, as follows:

**INTERROGATORY NO. 5:** For each prison, detention facility or other place of incarceration where you have been housed or have stayed, provide in detail:

a. the name, address, and security level of the facility;
b. the dates of your incarceration there;
c. the reason for your incarceration;
d. the level(s) of custody you were in at each facility;
e. the date and description of any disciplinary charges made against you and the result of those charges;
f. a description of any claims you made against any facility or its staff, including the names and addresses of all parties, the name and address of the court, commission, board or other entity where the claim was made and the result.

**ANSWER:** Osburn Corr. Inst., Corrigan Corr. Inst., Garner Corr. Inst., Cheshire Corr. Inst., MacDougall Corr. Inst., Walker Corr. Inst., all facilities listed are in the State

of Connecticut specific address are unknown, dates are unknown, plaintiff custody were a Level 4., Disciplinary charges were made against the plaintiff discription of charges and dates are unknown, results are vary. Several Law Suits were filed on behalf of the plaintiff for Cruel and unusual punishment name of the cases are, Campbell v. Meachum Et. Al., settled. Campbell v. Strange et. al. settled. Campbell v. Dzurenda et. al. plaintiff legal possession was destroyed by the authorities at the Donald W. Wyatt Detention Facility in Rhode Island causing the court to dismiss the plaintiff case when their were no material evidence to prove his case. Campbell v. Mawhenny et. al. evidence were destroyed by the authorities at the Donald W. Wyatt detention Facility in Rhode Island causing the plaintiff case to be dismiss by the court for lack of evidence to prove case.

**SUPPLEMENTAL ANSWER:** Plaintiff object to this request, the defendants destroyed all the plaintiff documents which also included in it the address to the facilities that the plaintiff were incarcerated, all were located in the plaintiff address book. Without waiving this objection, the plaintiff states, Bridgeport Corr. Center, New Haven Corr. Center, Hartford Corr. Center, Osburn Corr. Inst., Cheshire Corr. Inst. Garner Corr. Inst., Corrigan Corr. Inst., MacDougall Corr. Inst., Walker Corr. Inst., all these Institutions are located in the State of Connecticut, the plaintiff State Correctional Registration No. is #125616. The dates that the plaintiff were incarcerated at these facility are unknown, The plaintiff was arrested for possession of a control substance, and armed robbery, convicted on both charges. The plaintiff custody level was a level 4 at all of the institutions with the exception of New Haven Corr. Center, Hartford Corr. Cntr., and Bridgeport Corr. Cntr. Objection to Sub.Para. (e),(f) these informations was destroyed by the defendant. Plaintiff can only provide the name of the cases all other relevant materials that the defendants sought were destroyed by the defendants, the name of the case is, Cambell v. Meachum, settled, Campbell v. Strange, settled. Cambell v. Dzurenda et. al., materials was destroyed by the defendants. Campbell v. Mawhenny et. al., all materials was destroyed by the defendants at the Wyatt Detention Facility. The plaintiff was also incarcerated at the Metroplitian Detention Center in Brooklyn, address in unknown. U.S.P. Canaan P.O. Box 300, Waymart, Pa. 18472.

**<u>INFORMATION SOUGHT:</u>** Defendants seek a more accurate, detailed response. Plaintiff's answer lacks sufficient detail to satisfy the interrogatory. Plaintiff cites a list of institutions in Connecticut. This disclosure is inadequate for two reasons. First, Plaintiff fails to provide the addresses and security levels of each institution. Plaintiff should provide a full documentation of each institution at which he has been incarcerated or detained. This interrogatory is designed to lead to the discovery of witnesses who can testify as to Plaintiff's religious beliefs, his adherence to these beliefs, any prejudice he may have suffered for destruction of his legal materials, if Plaintiff had made prior similar allegations and what measures were taken. Furthermore, this interrogatory is designed to lead to the discovery of documentation which would tend to support or detract from Plaintiff's claims of constitutional violations. If the information derived from this discovery tends to contradict the assertions of Plaintiff as to the sources of his alleged damages, this information would undoubtedly be vital to the defense of Plaintiff's claims. As Plaintiff is seeking damages for alleged constitutional violations, he should be compelled to provide a complete answer to subpart (a). Defendants have prepared, per Plaintiff's request, releases for records from each institution at which Plaintiff has been incarcerated or detained (<u>see</u>, Defendants' Motion to Compel Further Response to Request for Production No. 16).

Furthermore, in his First Response to Defendants' Requests for Production, Plaintiff provided documentation, prepared by Plaintiff with the address of Metropolitan Detention Center in Brooklyn provided. (See <u>EXHIBIT A</u>, Letter to Wyatt facility, dated 5/27/05). As such, Plaintiff's contention that he does not know the address of the Metropolitan Detention Center lacks credibility. Plaintiff is not without means to discover such information concerning other facilities. Without complete, accurate information, Defendants will be unable to obtain the documentation sought by these releases.

In this action, Plaintiff puts squarely into issue whether or not his prosecutions of Eighth Amendment cruel and unusual punishment claims were prejudiced by the destruction of his legal materials by the Defendants. Plaintiff's assertions that his cases were either dismissed for lack of evidence due to Defendants' actions or "settled" do not adequately answer the interrogatory. Defendants are entitled to discovery of the

identification of all parties, the name and address of each court in which the claims were made, and the result of each action in order to determine whether Plaintiff's position in these other suits was in fact prejudiced. Without such actual prejudice, Plaintiff's claims that the destruction of his legal material denied him access to the courts must fail. Winburn v. Howe, 43 Fed.Appx. 731, 733 (6th Cir. 2002). Thus, Plaintiff's objection should be stricken and Plaintiff should be compelled to provide a full and detailed response to subpart (f) of this interrogatory. This information is not privileged, is clearly relevant, and is highly likely to lead to the discovery of admissible evidence.

I hereby certify that I have in good faith conferred or attempted to confer with the Plaintiff, *pro se* in an effort to resolve this matter prior to court intervention.

**WHEREFORE,** Defendants' motion should be granted.

Defendants,
Cornell Corrections of Rhode Island, Inc.
By its attorney,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304
DTG@GSM-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

I hereby certify that on the 11th day of December, 2006, I mailed and/or had hand-delivered a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco II

David Campbell # 10676014
Metropolitan Detetion Center
P. O. Box 329002
Brooklyn, New York 11232

5/27/05

Property Officer
Donald W. Wyatt Detetion Facility
950 High Street
Central Falls R.I. 02863

Good day Property officer:

this Correspondence is in Regards to Some legal Court papers that were left behind at your Facility on may 25th, 2005. I am hereby Requesting that you please locate two legal folders Containing very important legal documents and have them deliver to inmate David Campbell # 10676014 at the location listed below:

David Campbell # 10676014
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232.

thank you for your Cooperation in this matter. Interim I await your Expeditiously delivery.

Sincerely yours,

David Campbell # 10676-014
cc: file.

EXHIBIT A