UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANTS CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S MOTION TO COMPEL PLAINTIFF'S FURTHER RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants, Cornell Corrections of Rhode Island, Inc., pursuant to Fed.R.Civ.P. 37, hereby moves this Honorable Court for entry of an Order compelling Plaintiff David Campbell to further respond to Defendants' Request for Production within thirty (30) days of the Court's Order as follows:

**REQUEST NO. 8:** Any and all of the plaintiff's psychiatric and/or psychological counseling, therapy or treatment records, bills and reports of whatever nature and kind, including office notes, from any and all physicians, hospitals or other health care providers which relate in any way to the alleged injury which is the subject of this litigation or sufficient authorizations to secure them.

**RESPONSE:** All files and documents were destroyed by the defendants.

**FURTHER RESPONSE:** Plaintiff object to this request, on the grounds that it seeks discovery of no ultimate material facts, and also because it constitutes a fishing excursion into psychotherapist-patient privilege and confidential matters.

**RESPONSE SOUGHT:** This request is designed to provide the Defendants with documentation concerning the Plaintiff's mental health history and damages allegedly resulting from the occurrence at issue. Those records were not in the possession of or

were destroyed by Defendants. They are in the possession of Plaintiff's medical providers from whom he can obtain them. Discovery may be had of documents and things that are in the "possession, custody or control" of a party. (Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2210). Inspection may be had if the party from whom discovery is sought has the legal right to obtain the document, even if that party does not have a copy. Id. Clearly, Plaintiff has a legal right to obtain his medical records from his providers, and therefore should do so.

Furthermore, Plaintiff's mental health records are relevant. Plaintiff alleges that he was deprived of a diet mandated by his faith. In his Answers to Interrogatories, Plaintiff states that as a result he suffered "[t]ightness of throat, sore throat, diziness, weakness, loss of weight." (Ex. A., Plaintiff's Answer to Defendants Interrogatory No. 14). Defendant is entitled to discover to what extent these conditions were attributable to the alleged acts of the Defendants, and any documents that would tend to support Plaintiff's claims that he in fact did suffer these symptoms. Furthermore, Plaintiff squarely puts his mental condition into issue in his Complaint where he alleges damages for his mental and emotional stress due to the destruction of his legal materials. (Ex. B., Plaintiff's Amended Complaint, Page 9, ¶A). As Plaintiff will no doubt seek damages for these alleged injuries, he should be compelled to produce the requested documentation.

In addition, such records may demonstrate the seriousness with which the Plaintiff in fact adhered to the Rastafarian religion or not. Obviously, if the records reveal conduct of the Plaintiff contrary to the tenets of that religion that information would be vitally relevant to the defense of his claims that he was injured by the alleged denial of his religion's diet. Thus, he should be compelled to provide a full response.

Plaintiff's objection should be stricken as untimely and improper. In his initial response, Plaintiff claims that all the documents sought by the Defendants in this matter were destroyed. Now, Plaintiff seems to indicate that while these records may exist, they are subject to some privilege. As plaintiff is making a claim based in part on emotional damages, this information is clearly relevant, and any such privilege asserted by the Plaintiff is clearly and substantially outweighed by the need of the Defendants for these documents to attempt to rebut Plaintiff's claims. Plaintiff's

contention that this request "seeks discovery of no ultimate material facts", is patently and on its face, unsustainable in light of Plaintiff's pleadings to this point. Even if Plaintiff has not waived any objection by his first response, Defendants' need of the documents clearly outweighs any privilege Plaintiff might claim.

**REQUEST NO. 9:** Any and all of the plaintiffs psychiatric and/or psychological counseling, therapy or treatment records, bills and reports of whatever nature and kind, including office notes, from any and all physicians, hospitals or other health care providers for a period of five (5) years before the time of the occurrence alleged in the Complaint to the present date or sufficient authorizations to secure them.

**RESPONSE:** Send the proper form for medical release and material seeks.

**FURTHER RESPONSE:** Plaintiff object to this request, on the grounds that it seeks discovery of no ultimate material facts, and also because it constitutes a fishing excursion into psychotherapist-patient privilege and confidential matters.

**RESPONSE SOUGHT:** This request is designed to provide the Defendants with documentation concerning the Plaintiff's mental health history and damages allegedly resulting from the occurrence at issue. Those records were not in the possession of or were destroyed by Defendants. They are in the possession of Plaintiff's medical providers from whom he can obtain them. Discovery may be had of documents and things that are in the "possession, custody or control" of a party. (Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2210). Inspection may be had if the party from whom discovery is sought has the legal right to obtain the document, even if that party does not have a copy. Id. Clearly, Plaintiff has a legal right to obtain his medical records from his providers, and therefore should do so.

Furthermore, Plaintiff's mental health records are relevant. Plaintiff alleges that he was deprived of a diet mandated by his faith. In his Answers to Interrogatories, Plaintiff states that as a result he suffered "[t]ightness of throat, sore throat, diziness, weakness, loss of weight." (Ex. A., Plaintiff's Answer to Defendants Interrogatory No.

14). Defendant is entitled to discover to what extent these conditions were attributable to the alleged acts of the Defendants, and any documents that would tend to support Plaintiff's claims that he in fact did suffer these symptoms. Furthermore, Plaintiff squarely puts his mental condition into issue in his Complaint where he alleges damages for his mental and emotional stress due to the destruction of his legal materials. (Ex. B., Plaintiff's Amended Complaint, Page 9, ¶A). As Plaintiff will no doubt seek damages for these alleged injuries, he should be compelled to produce the requested documentation.

In addition, such records may demonstrate the seriousness with which the Plaintiff in fact adhered to the Rastafarian religion or not. Obviously, if the records reveal conduct of the Plaintiff contrary to the tenets of that religion that information would be vitally relevant to the defense of his claims that he was injured by the alleged denial of his religion's diet. Thus, he should be compelled to provide a full response.

Plaintiff has indicated that he would be willing to sign releases for the information sought, and Defendants have sent releases to the Plaintiff per his request. However, without any indication of who has treated the Plaintiff in the past five years, Defendants are unable to determine to whom these releases should be sent.

Plaintiff's objection should be stricken as untimely and improper. In his initial response, Plaintiff indicated he would sign releases for the materials sought. Now, after Defendants sent the releases to the Plaintiff, Plaintiff raises an objection. As plaintiff is making a claim based in part on emotional damages, this information is clearly relevant, and any such privilege asserted by the Plaintiff is clearly and substantially outweighed by the need of the Defendants for these documents to attempt to rebut Plaintiff's claims. Plaintiff's contention that this request "seeks discovery of no ultimate material facts", is patently and on its face, unsustainable in light of Plaintiff's pleadings to this point. Even if Plaintiff has not waived any objection by his first response, Defendants' need of the documents clearly outweighs any privilege Plaintiff might claim.

**REQUEST NO. 12:** All writings or other documents regarding or embodying any policies, procedures, rules, practices or protocols in any way relating to the incidents

described in the Complaint or which plaintiff contends the breach of or adherence to caused or contributed to the incident.

**RESPONSE:** Will be available when defendants response to plaintiff.

**FURTHER RESPONSE:** Plaintiff object to this request, on the grounds that the defendants had failed to turn over these very documents to the plaintiff. when the plaintiff was leaving the facility.

**RESPONSE SOUGHT:** Defendants have responded to Plaintiff's discovery and thus Plaintiff should be compelled to respond to this request. Plaintiff's objection should be stricken as untimely and improper.

**REQUEST NO. 16:** All plaintiff's incarceration files and records from all institutions where he has been incarcerated or detained.

**RESPONSE:** Send proper release form for such information.

**FURTHER RESPONSE:** Plaintiff object to this request, plaintiff is an incarcerated prisoner and does not have possession of his incarcerated file. Without waiving this objection, plaintiff states, the defendants should sent the appropriate documents for the release of such file and the plaintiff will sign the document for the release of such file.

**RESPONSE SOUGHT:** This request is designed to provide the Defendants with documentation concerning Plaintiff's incarceration history. Plaintiff claims violations of his constitutional rights based on the destruction of his legal materials and the alleged failure to accommodate his religious beliefs. The documents sought are relevant in that they might show whether Plaintiff had asserted his religious beliefs in previous institutions and, if so, to what extent they were accommodated, if at all. Furthermore, if these beliefs were not accommodated, Defendant should be entitled to discover what actions were taken by the Plaintiff or the institution in question. Plaintiff

seeks damages for alleged violations of his constitutional rights. Defendant is entitled to discover to what extent Plaintiff has adhered to the principles which he now claims have been violated. Furthermore, records from these institutions would likely reflect any litigation or administrative grievances filed by the Plaintiff. This documentation is relevant in that it may show what prejudice, if any, Plaintiff suffered from the loss of his legal materials. Since the cases Plaintiff claims were dismissed due to the destruction of his legal materials were filed against prison officials, any documentation held by these institutions would likely reflect whether or not Plaintiff incurred any concrete detriment as a result.

Plaintiff has indicated his willingness to sign a release for this information, and Defendants have sent releases to the Plaintiff per his request. However, Defendants require the names and addresses of all of the institutions at which Plaintiff has been confined or detained so that the releases may be sent. Defendants have sought discovery of this information in Interrogatory No. 5 of their first set of interrogatories. Plaintiff has stated that he does not know the addresses of the facilities at which he has been housed. However, in his Responses to Requests for Production, Plaintiff produced a copy of a letter drafted and sent by him to the Wyatt Center which sets forth his full address at the Metropolitan Detention Center in Brooklyn; a facility of which Plaintiff claims to not know the address. (Ex. C, Letter of Plaintiff dated 5/27/05.) If Plaintiff is to execute the releases, he should similarly be compelled to provide the information sought in Interrogatory No. 5.

Finally, Plaintiff's objection should be stricken as untimely and improper. These documents are discoverable as they are relevant, and any privilege that may be construed to apply to these documents has been waived by Plaintiff's reliance on acts allegedly committed in other facilities to support his claims. Even if Plaintiff has not waived any objection by his first response, Defendants' need of the documents clearly outweighs any privilege Plaintiff might claim.

I hereby certify that I have in good faith conferred or attempted to confer with the Plaintiff, *pro se* in an effort to resolve this matter prior to court intervention.

**WHEREFORE,** Defendants' motion should be granted.

Defendants,
Cornell Corrections of Rhode Island, Inc.
By its attorney,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304
DTG@GSM-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

I hereby certify that on the 11th day of December, 2006, I mailed and/or had hand-delivered a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco II

RECEIVED JUN 8 2006

EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL RPO-SE
Plaintiff,

C.A. NO.05-428T

vs.

CORNELL CORR. INC., ET. AL.

DATE. June 6th, 2006

**PLAINTIFF'S RESPONSE TO DEFENDANTS REQUEST FOR INTERROGATORIES.**

1.) David E. Campbell, (D.O.B. 8/28/1962), Martial Status, single. Present Address,U.S.P. Canaan, P.O. Box 300, Waymart, Pa.18472. Social Security Number and home address is irrevelant to the present case.

2.) See detail described in Plaintiff's complaint.

3.) See answer to question (2) two.

4.) The plaintiff is a Federal Prisonerwho was housed at the Donald W. Wyatt Detention Facility in Rhode Island, at the behest of the United States Government. The defendants assumed the responsibility of the Federal Government pursuant to 18 U.S.C. § 1486. See also 28 C.F.R. § 0.111 (k), 551.101 (2001), The defendants know or should have known that their action was in violation of some Constitutional Law in denying the plaintiff food and destroying the plaintiff legal court documents.

5.) Osburn Corr. Inst., Corrigan Corr. Inst., Garner Corr. Inst., Cheshire Corr. Inst., MacDougall Corr. Inst., Walker Corr. Inst., all facilities listed are in the State of Connecticut specific address are unknown, dates are unknown, plaintiff

A Rastafarian food must be prepared in Kosher manner. There are no special dishware or utensils for eating.

10.) I requested a no-meat diet, no- eggs.

11.) I was served a diet consist of port, eggs, hamburgers, beef products, chicken, and other meat products. These foods are forbiden to eat in the Rastafarian Culture and the Nazarite Diet.

12.) I was fed Chicken, Pork, Hamburger, Eggs, Beef Products, and other meat source, for nine consecutive days, all the Officers who brought the food tray were told by the plaintiff that he does not eat meat, and request something else to eat. Including Lieutenant Reis. The names of the other Officers who served the plaintiff will be known when the defendants response to the plaintiff request for Interrogatories and Production of Documents.

13.) I was given a Peanut Butter Sandwich and a Apples by a Captain name unknown, Soy milk, Red beans, and Rice, Orange Juice and breakfast Cereal, from the Fifteenth day of May until I left the facility, these food were supplied by the kitchen staff, after the Unit counselor from B-Unit spoke to them on my behalf.

14.) Tightness of throat, sore throat, diziness, weakness, loss of weight.

15.) On May 25th, 2005, I spoke with the Lieutenant that were present in the property room area/R&D, after been informed that I cannot take my legal Court Documents with on the trip I was told that I can leave them in storage for thirty days I then requested a property storage form signed it and gave

RECEIVED AUG 0 3 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05CV-00428-T-JH

-vs-

CORNELL CORR. INC.

CAPTAIN ROBERT REIS

OFFICER PERRY

OFFICER HENRY PAUL

OFFICER DAVE DUMAS

OFFICER GEOFF WESTON

LPN MAUREEN ROCHA

FIVE UNKNOWN OFFICERS.
Defendants.

DATE. August 3rd, 2006

(all the defendants are been sued in both their individual and official capacity.)

AMENDED COMPLAINT.

JURISDICTION.

The plaintiff David Campbell Pro-Se states that this Honorable Court has subject matter Jurisdiction over this case Pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343, and Supplimental Jurisdiction over the plaintiff State Law Claim Pursuant to 28 U.S.C. § 1367, plaintiff seeks redress for violation of its members Federal Rights under 42 U.S.C. § 1982. Plaintiff also seeks redress for its members State Law Rights via Supplimental Jurisdiction. This Honorable Court has subject matter Jurisdiction over the plaintiff claim of a Constitutional violation of the plaintiff First, Eight and Fourteenth Amendments Rights to the United States Constitution.

There is a complete diversity of citizenary between plaintiff

EXHIBIT B

Plaintiff request that this Honorable Court make a finding that the defendants acts of Malice, negligence, and recklessness did cause harm to the plaintiff. Irreparable harm that violated the plaintiff First, Eight, and Fourteenth Amendment Rights to the Unitd States Constitution.

**Relief Requested.**

A. $ 1,500,000, jointly and severely against the defendant Cornell Corr. Inc., Captain Robert Reis, Officer Perry, Officer Henry Paul, Officer Dave Dumas , Officer Geoff Weston, LPN Maureen Rocha, and Five Unknown Officers, for the defendants actions that causes the plaintiff Mental and Emotional Stress, when the defendants destroyed the plaintiff Legal Court Documents. In punative Damages and Mental and Emotional Stress.

B. $1,500,000, Jointly and Severely against the defendants Cornell Corr. Inc., Captain Robert Reis, Officer Perry, Officer Henry Paul, Officer Dave Dumas, Officer Geoff Weston, and LPN Maureen Rocha, and Five Unknown Officer, in Compensatory Damages for the destruction of the plaintiff Legal Court Documents and refusal to feed the plaintiff the plaintiff.

C. Any and all other relief that this Honorable Court deem Just and Fair as a matter of Law and Justice.

**Previous Law Suits.**

The plaintiff have filed Three other Law Suits in Federal Court, and One in State Court. Two of the cases that were filed in Federal Court the plaintiff can only List them by name , all the documents pertaining to those cases were destroyed by the defendants actions. Those cases are known to the plaintiff as, Campbell V. Meachum et.Al., and Campbell v. Strange, et al., both of those

cases was disposed of by way of settlement. The Third was dismissed because the plaintiff was not able to present materials that would have affected the outcome of the case in his favour. All of the pla plaintiff Evidential materials was destroyed by the defendants in this case, The case was on the Docket as Campbell v. Dzurenda et. al., Case No. 3:04CV1111(RNC)(DFM). The State Court case was also dismissed because the plaintiff could not adequately argued the case because the Evidentiary materials was destroyed by the defendants in this case. That case was known to the plaintiff as Campbell v. Mawhenny, et. al.,

**Exhaution of Administrative remedies.**

The plaintiff have used the grievance procedure system thats been provided by the U.S.P. Canaan, where the plaintiff is now lo... located, and have exhausted it. The plaintiff have filed several complaint including grievances protesting the ill treatment that he was receivein while he was located at the Wyatt Detention Facility, all those files were destroyed by the defendants.

Signed this 3rd day Of August, 2006

By: David Campbell

I declare under penalty of perjury that the foregoing is true and correct.

Date. 8/3/06

Signature. D Campbell

David Campbell # 10676014
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232

5/27/05

Property Officer
Donald W. Wyatt Detention facility
950 High Street
Central Falls R.I. 02863

Good day Property officer:

this Correspondence is in Regards to some legal Court papers that were left behind at your facility on May 25th, 2005. I am hereby requesting that you please locate two legal folders containing very important legal documents and have them deliver to inmate David Campbell #10676014 at the location listed below:

David Campbell #10676014
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, New York 11232

thank you for your cooperation in this matter. Interim I await your expeditiously delivery.

Sincerely yours,

David Campbell # 10676-014
cc: file

EXHIBIT
C