UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-VS-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE: December 11th, 2006

MOTION FOR ENTRY OF DEFAULT.

Here comes the plaintiff David Campbell Pro-Se in the aboved captioned case, acting without the aide of counsel and pursuant to Fed. R. Civ. P. 37(b)(2)(c), hereby move this Honorable Court for an Entry Of Default against the defendants for their failure to comply with the Court's Lawful Orders. And to include other Sanctions, such as Compensation to the plaintiffs' to cover the costs incurred as a result of the defendants recalcitrent behavior, and a Grant of Attorney's fees pursuant to 28 U.S.C. § 1927.

On 8/4/06, plaintiffs' filed a request for Interrogatories and Production of Documents upon the defendants, Pursuant to Fed. R. Civ. P. Rule 33, and Rule 34, along with two separate sets of Good Faith efforts correspondence in accordance with the United States District Court Local Rule 9(d)(2). On 9/18/06, plaintiffs' filed a Motion to Compel Pursuant to Fed. R. Civ. P. 37(a). On 11/15/06, the United States District Court Granted the plaintiffs' Motion to Compel and Ordered the defendants to file their response to the plaintiffs' Request for Interrogatories and Production of Documents, on, or before 12/6/06. the defendants have not complied with the Court's Lawful Order.

CONCLUSION OF CASE.

WHEREFORE, plaintiffs' prays that this Honorable Court will

Grant an Entry of Default against the defendants, and to includes other sanctions as compensation to the plaintiff to cover the costs incurred. See the attached Memorandum of Law hereto.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATE OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 11th day of December, 2006. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of The Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-VS-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE: December 11th, 2006

MEMORANDUM IN SUPPORT OF MOTION FOR

ENTRY OF DEFAULT.

Plaintiffs' seeks an Entry Of Default against the defendants as a Sanctions because of their failure to comply with the Court's Lawful Orders, compelling the defendants to provide the plaintiff with the Requested Interrogatories and Production of Documents.

"Civil contempt is an appropriate remedy only 'where there is clear and convincing proof of violation of Court decree.'" Erhardt V. Prudential Group, Inc., 629 F.2d 843, 846 (2nd Cir. 1980) To be enforcable in contempt an Injunctive decree must satisfy the specicicity requirement of Fed. R. Civ. P. 65(d)2. See also Matter of Baum, 606 F.2d 292 (5th Cir. 1979); H.K. Porter Co. v. National Friction Product Corp., 568 F.2d 24, 27,(7th Cir. 1977)(Court's Order "must set forth in specific detail an unequivocal command.")

In the instant case, the Court did specify in its Decree and Order issued on 11/15/06 to the defendants an unequivocal command that they must file an response to the plaintiff Request For Interrogatories and Production of Documents within Twenty days from the issuance of the Order. The defendants failed to file their response to the plaintiff as ORDERED by the Court. This defiance by the defendants should be deemed by the Court, "A clear and convincing proof of violation of Court decree."

Fed. R. Civ. P. 37(b)(2)(c) specifically recognizes that the Entry of Judgment by Default is among the Sanctions available to the Court. Utilization of this Sanction for failure to comply with a Discovery Order is within the sound discretion of the District Court. See Nat'L Hochey League v. Metro. Hockey Club, Inc., 472 U.S. 639,643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d. 747(1976). In Goya Foods, Inc. v. Wallack Mgmt. Co., 209 F.3d 63,78 (1st Cir. 2002) the Court stated: Federal Courts are impowered to issue civil contempt sanctions to "protect [] the due and orderly administration of Justice and .... maintain [] the authority and dignity of the court." In United State v. Kattar, 191 F.R.D. 33, 35(1991)The First Circuit has stated that the "Rüles language clearly requires two things as conditions precedent to engaging the gears of the Rule's sanction machinery: A Court Order must be in effect, and then must be violated, before the enumerated sanctions [of Rule 37(b)] can be imposed." R.W. Int'l Corp. v. Welch Foods, Inc., 937 F.2d 11, 15 (1st Cir. 1991)

Plaintiffs' states that the defendants have acted in bad faith, and has shown willful disregards for the rules of the Court, and a Court's Decree. This is not the first time that the defendants have acted in this manner. On 5/5/06, plaintiffs' filed the first sets of Interrogatories and Production of Documents upon the defendants along with Three separates sets of Good Faith Efforts correspondence on Three separate occasions, urging the defendants to please comply with the rules of the Court and file a response. The defendants remains recalcitrent, until the plaintiffs' filed a Motion to Compel with the Court. Defendants did not respond to the plaintiffs' Request until the Motion to Compel was filed. Again the defendants is showing bad faith, this time is the face of a Court's Lawful Order.

District Court has inherent power to enforce compliance with their lawful orders, or to provide remedies to plaintiff for losses sustained as a result of violation of Court orders through civil contempt. Morales Feliciano v. Hernandez Colon, 697 F. Supp. 26,34, D. Pureto Rico 1987); A District Court also has the inherent authority to Enter Sanction for Discovery abuse. Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68, 72(S.D.N.Y. 1991), if such abuse is eggregious, Entry of Default is appropriate. Reebok Intern. LTD. v. Sebelen, 959 F. Supp. 553, 556-57(D.P.R. 1997)

Plaintiffs' move that this Honorable Court will prohibit the defendants from opposing the plaintiffs' claims and supporting any defense pursuant to Fed. R. Civ. P. 37(b)(2)(a), and to Enter Default in favor of the plaintiffs. Plaintiffs' seeks compensation as sanctions, and Attorney's fees pursuant to 28 U.S.C. §1927, and Pursuant to Fed. R. Civ. P. 37(b)(2). The defendants have refuted any of the plaintiffs' statements nor are they able to present any contrary version of the relevant facts. Therefore, this Court must adodp and incorporate herein by reference the plaintiffs' written argument in its entirety.

"If a party .... fails to obey an order to provide or permit discovery including an order made under subdivision (a) of this Rule or Rule 35, or if a party fails to obey an order enter under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:(1) An order striking out pleadings or parts thereof, or staying further proceeding until the order is obyed. Or dismissing the action or proceedings or any parts thereof, or rendering a Judgment by Default against the disobedient party." This provision

has been approved by the First Circuit on a number of occasions. See Spiller v. U.S.V. Labroatories, Inc., 842 F.2d 575(1st Cir. 1988); See also Farm Const. Services, Inc. v, Fudge, 831 F.2d 18(1st Cir. 1987); Damiani v. Rhode Island Hospital, 704 F.2d 12(1st Cir. 1983). Courts have rendered Judgment by Default in circumstances with less evidence of bad faith and willful misconduct. See e.g., Adkins v. United States, 816 F.2d 1580(Fed. Cir. 1987)(Failure to answer Interrogatories); Quality Prefrabication v. Daniel J. Keating Co., 675 F.2d 77(3rd Cir. 1982)(Failure to produce requested documents), and also in cases where the defendants have claimed a Fifth Amendent privilege. See e.g., Hodgson v. Mahoney, 460 F.2d 326(1st Cir. 1972)(Partial Default Judgment), David v. Fendler, 650 F.2d 1154(9th Cir. 1981).

In the instant case, there is an equal amount of bad faith and willful misconduct and disregard for a Court's lawful order to provide Discovery to the plaintiff. In Knzlowsik v. Sears Roebuck & Co., 73 F.R.D. 73, 77(D. Mass 1976), the court states: While a Judgment by Default is the " most severe in the spectrum of sanctions," National Hockey League v. Metropolitan Hockey Club, Inc., (Per Curiam) 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed. 2d. 747( 1976), provided in Rule 37, Fed. R. Civ. P., it is appropriate where " one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the eficient administration of Justice." Trans World Airline, Inc.v. Hughes, 332 F.2d 602,614(2dn Cir. 1964). The application of even so stringent a sanction is fully justified and should no be disturbed. See Nasser v. Isthmain Lines, 331 F.2d 124, (2nd Cir. 1964); Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962): Gill v. Stolow,240 F.2d 669 (2nd Cir. 1957).

Plaintiffs' now urges this Honorable Court to follow the ruling the Damiani Court, in which the court stated: " There is nothing in the Rule that states or suggests that the sanctions of dismisal can be used only after the other sanctions have been considered or tried. Damiani v. Rhode Island Hospital, 704 F.2d 12, 15(1st Cir. 1983), or that a Court is required to provide a adversary hearing before imposing this sanction. Farm Const. Services, Inc. v. Fudge, 831 F.2d 18, 20(1st Cir. 1981)(Citing Link v. Wabash Ralroad Co., 370 U.S. 632, 82 S.Ct. 1386,1389, 8 L.Ed. 2d 734(1962)) The court went further to state in Damiani v. Rhode Island Hospital, 704 F.2d 12(1st Cir. 1983)," Although in each of the above-cited cases the sanction imposed was to dismiss the pending complaint, we see no reason , based on the defendants contemptuous behavior throughout this adversary proceeding, why the Entry of Default Judgment against them should be treated differently especially when it is authorized under Fed. R. Civ. P. 37(b)(2)(c).

CONCLUSION OF CASE.

WHEREFORE, plaintiffs' pray that this Honorable Court will Grant this Motion for an entry of Default against the defendants and Order sanctions against them to compensate the plaintiffs' for the losses incurred as a result of the defendants misconduct in the face of a Court's lawful order. And to also issue a grant of Attorney's fees pursuant to 28 U.S.C. § 1927. And to also prohibit the defendants from opposing plaintiffs' claims and supporting any defense pursuant to Fed. R. Civ. P. 37(b)(2)(a), and to render a Judgment in favor of plaintiffs'.

Respectfully Submitted

David Campbell/plaintiff

By: David Campbell

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on this the 11th day of December, 2006. A copy was sent to the Office of the following:

Atty. Dennis T. Greico

GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472