UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. December 11th, 2006

MOTION TO IMPOSE SANCTIONS.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case, acting without the aide of counsel and pursuant to Fed. R. Civ. P. Rule 37(b)(2), hereby move this Honorable Court to Impose Sanctions upon the defendants for their failure to comply with the Courts Lawful Order to provide the Discovery materials to the plaintiffs', and to include the sanctions of Attorney's fees pursuant to 28 U.S.C. § 1927.

Plaintiffs' states that this Honorable Court should impose the sanctions upon the defendants Jointly and severelly for failing to provide the Discovery materials to the plaintiffs' which they were Ordered to do by the Court on 11/15/06. Plaintiffs' also states that this Court should double the penalty imposed upon the defendants atorney's for their vexatious and contemptuous behavior, in defiance of a court order to provide the plaintiffs' with the discovery materials.

On 11/15/06, This Honorable Court granted the plaintiffs' Motion to Compel, and Ordered the defendants to provide the Plaintiff with the Requested Interrogatories and Production Of Documents. The defendants refuse to comply with the Courts Order. Plaintiffs' now move this Honorable Court to grant sanctions in favor of the plaintiffs' including an Entry of Default, and to

award compensation to the plaintiffs' to cover the costs incurred as a result of the defendants defiant behavior. And to also include the award of Attorney's fees to the plaintiff.

CONCLUSION OF CASE.

WHEREFORE, plaintiffs' pray that this Honorable Court will enter a favorable Judgment to the plaintiffs' as a matter of law and Justice. Plaintiff prays that this Court view this litigation in the light most favorable to the pro-Se petitioner and not under the stringent standard it would applied to an attorney of the Bar.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATIONOF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 11th day of December, 2006. A copy was sent to the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respcetfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE: December 11th, 2006

MEMORANDUM IN SUPPORT OF

MOTION TO IMPOSE SANCTIONS.

Plaintiffs' now move this Honorable Court to Impose Sanctions upon the defendants for their failure to comply with the Court's Lawful Order, that Ordered the defendants to provide a response to the plaintiffs' Request for Interrogatories and Production of Documents, Pursuant to Fed. R. Civ. P. 37(b), and to apply the sanctions to cover fees and costs incurred as a result of the defendants recalcitrent behavior. And to include Attorney's fees to the plaintiffs' Pursuant to 28 U.S.C. § 1927.

In Goya Foods, Inc. v. Wallack Mgmt. Co., 209 F.3d 63, 78 (1st Cir. 2002) the Court states: " In a civil contempt proceeding, a monetary sanction, assessed for the purpose of compensating the complainant for losses sustained by reason of the contemptor's acts, is within the universe of premissible Sanctions. See United States v. United Mine Workers, 330 U.S. 258, 303-04, 91 L. ED. 2d 884, 67 S.Ct. 677(1947) Thus, make-whole relief is a commonplace Sanction for civil contempt. So too are normal embellishments such as Attorney's fees and costs.

Plaintiffs' states that the action of counsel for the defense is annoying and vexatious. Defense counsel had ample oppertunity to provide the plaintiffs' with the requested Interrogatories and

Production of Documents , before the Court ordered them to do so. And even after the Court's lawful order to provide the plaintiffs' with the requested materials the defendants still remains defiant. This is evident in the defendants willful and deliberate refusal to comply with the Court's decree. In Cruz v. Savage, 896 F.2d 626, 632, (1st Cir.1990) the court states: Behavior is " vexatious" when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an Attorney's conduct in multiplying proceedings in unreasonable and harassing or annoying, Sanctions may be imposed under Section 1927. The Attorney need not intend to harass or annoy by his conduct nor be guilty of conscious impropriety to be Sanctioned.

In the instant case, defense counsel must be sanctioned along with their clients, for their combined actions of harassing and annoying the proceedings, which is evident by their failure to response, and provide the plaintiffs' with the requested materials that the Court had ordered them to provide. Defendants actions are unreasonable, and there is no just cause for the delay, but to harass the proceedings.

In this Circuit the Court have never explicity construed the the language "unreasonably and vexatious" contained in Section 1927. The Court's prior decision reveal however, that while an Attorney's bad faith will always justify Sanctions under Section 1927, this Court does not requires a finding of subjective bad faith as a predicate to the imposition of Sanctions. See Cruz v. Savage, 896 F.2d 626, 632, (1st Cir. 1990), see also Action Mfg. Inc. v. Fairhaven Textile Corp., 709 F.2d 164, 166, (1st Cir.)(Sanctions imposed on appeal), Cert. Denied. 479 U.S. 854, 107 S.Ct. 186, 93 L.Ed.2d. 122(1986);

United States v. Nesglo, Inc., 744 F.2d 887, 891-892,(1st Cir. 1984); Lisa v. Fournier Marine Corp., 866 F.2d 530, 532 (1st Cir.)(Sanction imposed on appeal). Cert. denied. 493 U.S. 819, 107 L.Ed. 2d.41, 110 S.Ct. 75(1989).

CONCLUSION OF CASE.

WHEREFORE, plaintiffs' prays that this Honorable Court will grant this Motion to Impose Sanctions against the defendants and ordered them to pay Jointly and severelly double the costs incurred as a result of their defiance in the face of a Court's lawful decree. Plaintiff also urge this Honorable Court to follow the ruling of the First Circuit which states: "There is nothing in the rule that states or suggests that the Sanctions of dismissal can be used only after all the others Sanctions have been considered or tried." Damiani v. Rhode Island Hospital, 704 F.2d 12, 15(1st Cir. 1983); or that a Court is required to provide a adversary hearing before imposing this Sanction. Farm Const. Services, Inc. v. Fudge, 831 F.2d 18, 20 (1st Cir. 1987). "The application of even so stringent a Sanction is fully justified and should not be disturbed". See Nasser v. Isthmian Lines, 331 F.2d 124 (2nd Cir. 1964).

The record in this case shown an equal amount of bad faith on the part of the defendants, and a willful disregards for the Court's lawful order. therefore, this Court must Enter a Judgment in favour Of the plaintiffs' and grant the plaintiff the award seeks. Plaintiffs' move this court to view this litigation in the light most favorable to the pro-se petitioner and not under the stringent standards applied to practicing Attorneys.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 11<sup></sup>Th day of December, 2006. A copy was sent to the Following:

Atty. Dennis T. Greico
GIDELY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472