UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

C.A. No. 05-428T

v.

CORNELL CORR. INC., ET. AL.,
Defendants.

DATE July 3rd, 2006

MOTION TO COMPEL.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case, acting without the aide of counsel and pursuant to Fed. R. Civ. P. 37, hereby move this Honorable court for a ruling compelling the Defendants to file a response to the plaintiff's Request for Interrogatories and Production of Documents, which was filed by the plaintiff on May 5th, 2006.

On May 5th, 2006, plaintiff filed a Request for Interrogatory and Production of Documents upon the Defendants in accordance with the Rules of the Court, pursuant to Fed. R. Civ. P. 26, and Rule 33. Attached to the Request was a "Good Faith Effort" letter in accordance with the Local Rules Of the United States District Court Rule 9(d)(2). The Defendants did not file a response to the Plaintiff's Request. On June 6th, 2006, the plaintiff filed another "Good Faith Effort" letter to the Defense counsel asking that they please comply with the rules of the court and make available a response to the plaintiff request. The Defendants remain recalcitrent. The plaintiff filed another "Good Faith effort" letter to Defense counsel on June 19th, 2006, asking the Defense counsel to please provide the plaintiff with the requested materials that he seeks as a matter of law, and informed the defense counsel that the plaintiff will seek

the court assistance if the defense refuse to comply with the rules of the court. The defense counsel refuse to comply with the rules of the court and make available their response to the plaintiff.

Plaintiff now states that the materials sought from the Defendants is of importance to the case and ask that this Court Grant this Motion to Compel, and Order the Defense to file their response to the plaintiff request for Interrogatories and Production of Documents within (20) Twenty days.

Reason For Requesting the Documents In Interrogatories:

The questions asked in the Plaintiff's Interrogatories from (1-4), is stated so that the plaintiff can obtained the exact time of arrival at the Donald W. Wyatt Detention Facility, the name of the Property Officer on staff at the time of plaintiff's arrival, for them to identify the type of property that the plaintiff brought to the facility with him, and whether or not the plaintiff's property was inspected upon arrival. From question (5-10) will provide the evidence needed to evince the court of what type of material was contained in the plaintiff's property, will show what communication the plaintiff had with anyone, either by phone of written letters, or, if there was any communication or sent to the plaintiff from anyone. And will also state what Regulation there in regarding the interception of outgoing or incoming correspondence.

Reason For Requesting The Production Of Documents:

The request made for the Production of Documents from (1-13) will provide both the plaintiff and the court with duplicated pages from the Log Books from both the Medical Holding Housing Area, where the plaintiff was located was housed for the first Nine days in that facility, and from the R&D Area. Both Log Books will supply the names of the offenders and the dates of the incident complaint

of. The name of the Female Lieutenant who was present when the plaintiff was leaving the facility. Will provide a copy of tthe Inmate Property Matrix with the plaintiff's signature, and any and all communication made on behalf of the plaintiff by any Staff Counselor from the Metropolitian Detention Center, and or, U.S.P. Canaan, or from the plaintif, providing the Donald W. Wyatt Detention Facility Property Officer with an address for the plaintiff after the 25th, of May 2005.

These information that the plaintiff seeks are important to the prosecution of the plaintiff case, and the Rules of the Fed. R. Civ. P. makes a provision for them to be had under Rule 26. The plaintiff had made several attempt to obtain these materials without the aide of the court, but the Defendants makes it difficult for the plaintiff. The plaintiff has filed Three seperate "Good Faith Effort" letters to the defense counsel, as a show of good faith, asking them to please send the materials that he requested, but the defendants refuse to cooperate.

WHEREFORE, plaintiff ask this Honorable court to intervene and grant this Motion to Compel by issuing an Order to the defense to comply with the Rules of the Court and make available their response to the plaintiff request for Interrogatories and Production of Documents within (20)Twenty days.

Respectfully Submitted

David Campbell/Plaintiff

By: ______________________

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 3rd day of July, 2006. A copy was sent to the Office of the Following:

Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472