UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE: 12/22/06

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL A MORE RESPONSIVE ANSWER TO INTERROGATORIES AND FURTHER RESPONSE FOR PRODUCTION.

Here comes the plaintiffs' David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. 37, hereby move this Honorable Court to deny the defendants Motion to Compel a More Responsive Answer to Interrogatories and Further Response For Production.

Plaintiffs' states that the Defendants Request for A More Responsive Answer to Interrogatories and Further Response For Production, is burdensome and oppressive. In that the plaintiffs' have responded to the defendants request to the best of his ability. The defendants are asking the plaintiffs' to produce documents that the plaintiffs' does not possess, and which they the defendants are in a better position to acquire. Most of the documents that they are requesting from the plaintiffs' are the very documents that they have not released to the plaitiffs' even though they have been requested by the plaintiffs'.

WHEREFORE, plaintiffs' pray that this Honorable Court will deny the defendants Motion to Compel in full as a matter of Law and Justice.

Respectfully Submitted

By: David Campbell

CERTIFICATE OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 22nd day of December, 2006. A copy was sent to the Office of the Following:

Atty. Dennis T. Greico
GIDLEY SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiffs'

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE: December 22nd, 2006

PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN OPPOSITION TO DEFENDANTS MOTION TO COMPEL A MORE RESPONSIVE ANSWER TO INTERROGATORIES AND FURTHER RESPONSE FOR PRODUCTION.

Plaintiffs' states that this Honorable Court must deny the defendants motion to Compel a More Responsive Answer to Interrogatories and Further Response For Production, on the grounds the plaintiffs' have responded to the defendants request and have provided them with answers to the Interrogatories as best as he could.

**DEFENDANTS INTERROGATORIES NO. 5.:**

For each prison, detention facility or other place of incarceration where you have been housed or have stayed, provide in detail:

a. the name, address, and security level of the facility;

b. the date of your incarceration there;

c. the reason for your incarceration;

d. the level(s) of custody you were in at each facility

e. the date and description of any disciplinary charges made against you and the result of those charges;

f. a description of any claims you made against any facility or its staff, including the names and address of all parties, the name and address of the court, commission, board or

other entity where the claim was made and the result.

The plaintiffs' provided the defendants with an answer to Interrogatories 5. Sec. (a) the name of the facilities were provided, security level of the facilities was provided, the address of the facilities is unknown to the plaintiffs', because the documents that contained the addresses of the Institutions was contained in the plaintiffs' Legal property. However the plaintiffs' provided the defendants with the name of the State that each of the facilities are located in. Sec. (b) The dates of incarceration in these facilities are unknown to the plaintiffs' beacuse the defendants have destroyed the plaintiffs' legal property containing all information and address. Sec. (c) the reasons for the plaintiffs' incarceration was for sales of narcotic and robbery. Sec. (d) the levels of the facilities was provided. Sec. (e) plaintiffs' is not in possession of the documents necessary to answer that question. The defendants have destroyed the plaintiffs' documents that would enable him to provide an accurate response. Sec. (f) the plaintiffs' provide the defendants with an answer to the question.

Plaintiffs' now states that the defendants have destroyed the very record that they are asking the plaintiffs' to provide them with. When the plaintiff was transferred from the Donald Wyatt Detention Facility, plaintiffs' was not allowed to take anything along with him in transport. All of the plaintiffs' property was left at the Wyatt facility, and was later maliciously destroyed by the defendants. Not by the plaintiffs'. <u>In Re Hyder, 38 B.R. 467 (D. Mass. 1984) the Court states: "The court shall grant the debtor a discharge unless.... the debtor has concealed, destroyed, mutilated,</u>

falsified, or failed to keep or preserve any recorded information, regarding books, documents, records and papers from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

Here in the instant case the plaintiff failure to provide the exact information requested by the defendants is justified. Because the destruction of the documents was not an act of the plaintiffs' but was done by the defendants maliciously. The defendants should not be allowed to destroyed pertinents records of the plaintiffs' and them ask the Court to Compel the plaintiffs' to provide them with copies or notes taken from those records knowing quite well that the plaintiffs' is not in possession of theose records, because they the defendants have destroyed them. Thus the defendants Motion to Compel must fail.

**OBJECTION TO COMPELLING FURTHER RESPONSE FOR PRODUCTION OF DOCUMENTS NO. 8, 9, 12, and 16.:**

Plaintiffs' states that the defendants are seeking discovery of no ultimate facts, and is conducting a fishing excursion into private confidential medical records that are covered undet the doctrine of Doctor-Patient Privilege. Under Fed. R. Civ. P. 26(b)(1) parties may obtain discovery regarding any matter "not privilege" which is relevant to the subject matter involved in the pending action. See Sabree v. United Brotherhood of Carpenters & Joiners of America Local No. 33, 126 F.R.D. 422 (D. Mass. 1989). In the instant case the discovery that the defendants are seeking is privilege matter between Doctor and Patient, and should not be turned over to the defendants. Plaintiffs' asserts that his psychotherapist and psychological records are is extensive and include treatments for a varity of illness.

Plaintiffs' Mental Health, Psychological and Psychotherapist record are private and the privacy interest overwhelmingly outweight any benefit that would inure to the defendants if disclosure was compelled, plaintiffs' psychological records are not relevant to this case. If plaintiffs' had known that the matters that he had discuss with his psychotherapist would be open for discussion in Court the plaintiff would never seek psychological help for his Mental Health problems. The court went on to state in Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33, 126 F.R.D. 422 at 426(D. Mass. 1989)" The records contain communications between Sabree and his psychotherapist relating to his private sexual problems.... it is highly probable that had Sabree known the psychotherapist would be required to disclose his confidence, his trust in the psychotherapist would have been diminished and he may not have sought treatment at all." In addition the Court finds that no exception to the psychotherapist patient privilege applies.

In the instant case the plaintiffs' has not placed his mental condition at issue. The plaintiff only made a garden variety claim of emotional distress, not a claim of psychic injury or psychiatric disorder resulting from his loss of property or of Religious Violation as a result of not been fed a diet consistent with his Religious belief. The Sabree Court states: Given the nature and importance of the interests involved ...it is readily apperent that the psychotherapist-patient privilege is "Intrinsically meritorious" and should be "sedulously fostered."

The plaintiffs' states that the defendants are seeking materials that are not in the possession of the plaintiffs, and which the plaintiffs' has no control over to obtain these materials will be unduly burdensome, oppressive and expensive upon the plaintiffs'. The plaintiffs' has been granted informa pauperis status under 28 U.S.C. §1915, because of his inability to pay the costs and fees for service and filing of the complaint. Thus the plaintiffs is not in a position to pay for the copying of all those documents that the defendants are seeking should the Court grant the motion to Compel. The materials that the defendants are seeking is of no ultimate facts but of a fishing expedition, which is both time consuming to the court and expensive to the plaintiffs. In Wolcott v. Nat. Elec. Co. (D.C.) 235 F. 224, 228, Judge Dodge uses the following language: "The disclosure intended by Rule 58 is to be, in my opinion, of the ultimate facts only, material to the support or defense of the cause *** and not for mare evidence, or of facts tending to prove the nature of the case or the facts upon which it is based."

Plaintiffs' further states that he had provided the defendants with documents containing the address of the Metropolitan Detention Center, in Brooklyn, New York. Thus the defendants had other means of getting the address is sought. In Re Sunrise Securities Litigation, 130 F.R.D. 560, 580 (E.D.Pa. 1989) the Court states: There exist a strong public policy against disclosure of personal files, disclosure of such files is permisable "if the material sought is 'clearly relevant,' and the need for discovery is compelling because the information sought is not otherwise readily obtainable."

In the instant case the defendants was given documents with

the address to the Metropolitan Detention Center. Thus the discovery of the address was not compelling because it was already provided. The plaintiff failure to state the address otherwise to the defendants was not done in bad faith, it was not omitted from the record willfully or vexatiously, it was an error.

WHEREFORE, plaintiffs' pray that this Honorable Court will deny the defendants Motion to Compel a More responsive Answer to Interrogatories and For Further Response For production Of Documents, because the plaintiffs' had complied with the defendants request for the Interrogatories. As for the Production of Documents concerning psychotherapist-patient privilege, this Court must uphold that privilege. The Court must also find that the defendants has no grounds to compel further response to production for documents thats not in the control of the plaintiffs', but is a matter of public records.

Plaintiffs' further state that his pro-se complaint should be viewed under less stringent standard than a formal pleading drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 30 L. Ed. 2d. 652, 92 S.Ct. 954(1972).

Respectfully Submitted
David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 22nd day of December, 2006. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSKA, LLP.
One Turks Head PLace, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One E"change Terrace
Providence, RI. 02903 1779

Respectfully Submitted

David Campbell/Plaintiff

BY: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472