UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID CAMPBELL, Pro Se | ) | |
| | ) | |
| | ) | C.A. NO.: 05-428T |
| vs. | ) | |
| | ) | |
| CORNELL CORRECTIONS INC., ET AL | ) | |

**DEFENDANTS CORNELL CORRECTIONS OF RHODE ISLAND, INC., AND OFFICER APRIL PERRY'S OBJECTION TO PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND TO IMPOSE SANCTIONS**

Defendants Cornell Corrections of Rhode Island, Inc. and Officer April Perry hereby object to Plaintiff's Motion for Entry of Default and Motion to Impose Sanctions. As the two motions are substantially similar in content and requested relief, Defendants will submit one objection to both motions. In support of their objections, Defendants rely upon incorporate the accompanying memorandum of law.

Cornell Corrections of Rhode Island, and
Officer April Perry,
By their Attorneys,

*/s/ Dennis T. Grieco II*

Dennis T. Grieco II # 5057
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 – FAX 331-9304

**CERTIFICATE OF SERVICE**

I hereby certify that on the _______ day of ______________ 2007, a true and accurate copy of the within was served upon:

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

*/s/ Dennis T. Grieco II*
______________________________
Dennis T. Grieco II

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANTS, CORNELL CORRECTIONS OF RHODE ISLAND, INC'S MEMORANDUM IN REPLY TO PLAINTIFF, DAVID CAMPBELL'S OBJECTION TO ITS MOTION TO COMPEL PLAINTIFF TO PROVIDE FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

The Defendants, Cornell Corrections of Rhode Island, Inc., pursuant to the provisions of U.S. Dist. Crt. Rule 7(b)(2), hereby submit this memorandum in reply to Plaintiff, *pro se*, David Campbell's objection to its motion to compel further responses to requests for production of documents. In response to said objection and without repeating or waiving the assertions made in their Motion to Compel Plaintiff's Further Response to Requests for Production of Documents, Defendants aver the following:

1. Contrary to Plaintiff's initial suggestions in his objection that he has made only a "garden variety claim of emotional distress" so that the records requested in Requests Nos. 8 and 9 are protected, his Amended Complaint and Answers to Interrogatories clearly illustrate that Plaintiff has put his mental health at issue in this case. (See Defendant's Motion to Compel Plaintiff's Further Response to Requests for Production of Documents, p. 2). Because Plaintiff put his mental health at issue, he has waived the psychotherapist-patient privilege. See Schoffstall v. Henderson, 223 F.3d 818, 822 (8th Cir. 2000) ("Numerous courts…have concluded that…a plaintiff waives the psychotherapist-patient privilege by placing his or her medical condition at issue."); John Doe Co. v. United States, 350 F.3d 299, 302 (2d Cir. 2003) ("It is well established doctrine that in certain circumstances a party's assertion of factual claims can, out of

considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted···· The loss of the privilege in these circumstances is sometimes described as…*'at issue' waiver* because it results from the party having placed a contention at issue…." (emphasis in original)). Plaintiff's suggestion that Sabree v. United Brotherhood of Carpenters & Joiners of America, Local No. 33 is controlling here is wholly unpersuasive. 126 F.R.D. 422 (D.Mass. 1989). In that case, not only did the district court specifically find that the sought psychotherapist records were irrelevant to plaintiff's claims, but also that they were of such a sensitive nature that any benefit in disclosing them would be overwhelmingly outweighed by Plaintiff's privacy concerns. Id. at 426. Plaintiff here has made neither showing. Accordingly, Plaintiff should be compelled to respond to Requests Nos. 8 and 9 in full.

2. Plaintiff's suggestions that Request No. 12 is burdensome because he doesn't have possession of the materials and that he can't afford to pay the costs of copying are also unpersuasive. In his initial response to this Request, Plaintiff stated that he would be able to provide Defendants with the records as soon as Defendants complied with his discovery request. (See Defendant's Motion to Compel Plaintiff's Further Response to Requests for Production of Documents, p. 5). Defendants have done that. Thus, despite Plaintiff's statement to the contrary, he is *in possession* of the materials needed to respond to this request. In response to Plaintiff's blanket suggestion that he can't afford copying costs, Defendants merely state that as the party resisting discovery, he required to "show specifically how…each [request]…is…burdensome or oppressive." Josephs v. Harris Corp., 677 F.2d 985, 991-992 (3rd Cir. 1982). His blanket statement that his inability to pay the costs and fees of filing a complaint should protect him from producing discovery does not satisfy that burden. Plaintiff has clearly demonstrated since the commencement of this action that he has access to copying machines and the ability to use them. Accordingly, Plaintiff should be compelled to respond to Request No. 12 in full.

3. Plaintiff's final statement, in which he suggests that he doesn't have to produce his prison records because "defendants [have] other means of getting" the information, is simply untrue. As indicated in Defendants' original motion, the only institution that Defendant is aware of is the Metropolitan Detention Center in New York. The only reason Defendants are aware of that is because Plaintiff provided that information in his First Response to Defendants' Request for Production. Thus, Plaintiff has the ability to produce the names and addresses of each institution at which he has been confined or detained. Accordingly, Plaintiff should be compelled to do that and also sign the releases authorizing Defendants to obtain the information sought in Request 16.

Defendants,
Cornell Corrections of Rhode Island, Inc.
By its attorney,

*/s/ Dennis T. Grieco II*

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644; (Fax) 331-9304
DTG@GSM-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

I hereby certify that on the ______ day of __________________, 2007, I mailed and/or had hand delivered a true copy of the within to counsel of record, as above.

*/s/ Dennis T. Grieco II*

Dennis T. Grieco II