UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DAVID CAMPBELL, Pro Se | ) | |
| | ) | |
| | ) | C.A. NO.: 05-428T |
| vs. | ) | |
| | ) | |
| CORNELL CORRECTIONS INC., ET AL | ) | |

**DEFENDANTS CORNELL CORRECTIONS OF RHODE ISLAND, INC., AND OFFICER APRIL PERRY'S MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTION TO PLAINTIFF'S MOTIONS FOR ENTRY OF DEFAULT AND TO IMPOSE SANCTIONS**

Plaintiff has filed the instant motions seeking to default the Defendants and to impose sanctions upon the Defendants for not having timely responded to Plaintiff's second set of interrogatories and requests for production of documents. Defendants concede that their responses to Plaintiff's second set of discovery requests are overdue in derogation of the Court's Order of November 15, 2006. Defendants represent that the responses sought by the Plaintiff are forthcoming, and efforts are being made to obtain information responsive to Plaintiff's requests. Notwithstanding Defendants' untimely responses to Plaintiff's second discovery requests, which in part replicate requests made in Plaintiff's first set of discovery requests, Defendants nonetheless deny that Plaintiff is entitled to the relief he seeks.

**DEFAULT IS NOT APPROPRIATE IN THIS CASE**

In support of his motion to default the Defendants, Plaintiff cites multiple cases in which default or dismissal was entered for failure to comply with a District Court's discovery orders. While recognizing the discretion of the Court to impose such a remedy, the factors present in the cases cited by the Plaintiff simply are not present.

In upholding the District Court's dismissal of the Plaintiff's cause of action in Damiani v. Rhode Island Hospital, 704 F. 2d 12 (1st Cir. 1983), the First Circuit set forth the criteria which justified dismissal for failure to comply with discovery. "The [District] court found that the behavior of plaintiff's counsel amounted to willful misconduct. It found that the failure of plaintiff's counsel to comply with the court's discovery order

was 'intentional and not reasonably justified' and constituted a 'willful dereliction of counsel's responsibility both to this court and to defendants'." Id., at 14-15.

The factors giving rise to the Court's holding included the fact that "there was no effort by plaintiff's counsel to move this case along. He initiated no discovery and his only motions were to ask for extensions in which to reply to motions of the defendants." Id., at 16. In Damiani, not only did the offending party not respond to defendants' discovery requests, he also sought multiple extensions of the time in which he was required to respond. After each deadline passed, plaintiff's counsel would then seek another extension. Finally, upon defendants' motion to dismiss, plaintiff filed an objection. Plaintiff then produced responses which were "woefully inadequate". Id., at 14. Upon motion, and without further compliance with discovery, the District Court dismissed plaintiff's claim, stating that the plaintiff's actions evidenced "an arrogant attitude that even his self-imposed deadlines were made to be broken, that discovery could proceed at the pace that he desired, and that the Court's order could be ignored within impunity." Id., at 15.

Simply put, these factors are not present here. Defendants have propounded discovery on the Plaintiff, and have filed an Answer to Defendant's Amended Complaint, which Motion to Amend was filed the day before the discovery requests in issue. Furthermore, Defendants were served with a recent "Motion For Injunction to Freeze Assets", which was denied by this Court on December 12, 2006. Defendants' failure to comply with the Court's discovery order is not willful, nor are Defendants seeking to alter the dates for compliance to suit their own convenience. Rather, Defendants are actively seeking out responsive information to Plaintiff's requests while at the same time seeking to address other filings of the Plaintiff and attempting to advance the instant litigation.

Finally, in this matter Plaintiff is asserting that he is entitled to damages of $3.0 million against the Defendants jointly and severally for injuries allegedly suffered from the loss of his legal materials and alleged denial of a diet conforming to his faith. Default against the Defendants allowing the Plaintiff to recover in this circumstance would be premature, and wholly disproportionate to any alleged injury plaintiff may claim arises from Defendants' untimely discovery compliance.

**SANCTIONS ARE NOT APPROPRIATE IN THIS CASE**

Plaintiff contends he is entitled to sanctions pursuant to 28 U.S.C. § 1927, including attorney's fees. Plaintiff further asks this Court to "double the penalty imposed upon the defendants atorney's" (sic). 28 U.S.C. § 1927, ("Counsel's liability for excessive costs"), provides as follows;

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."
> 28 U.S.C. § 1927.

In the first place, even if sanctions were appropriate, there is no authority cited by Plaintiff which would support his claim for an award of double costs. As such, Plaintiff's claim to entitlement for such should be stricken. Furthermore, because of its penal nature, § 1927 must be strictly construed. Knorr Brake Co. v. Harbil, Inc., 738 F.2d 223, 226 (7th Cir.1984); "[B]efore a court may assess fees under section 1927, the attorney must intentionally file or prosecute a claim that lacks a plausible legal or factual basis." Knorr, at 227.

In this case, Defendants are not filing or prosecuting any claims, but rather are defending claims brought against them, and Plaintiff's reliance on § 1927 to justify an award of attorneys' fees is legally and factually unsupportable. Therefore, Plaintiff's Motion should be denied as to his claim for entitlement to attorneys' fees.

Plaintiff contends that Defendants' untimely discovery responses are "annoying and vexatious." In support of his contention, Plaintiff cites Cruz v. Savage, 896 F.2d 626 (1st Cir. 1990). The standard for imposition of sanctions under § 1927 in Cruz is that, "an attorney's conduct must multiply the proceedings and be 'unreasonable and vexatious' to warrant the imposition of sanctions." Id., at 631. "[W]hile an attorney's bad faith will always justify sanctions under section 1927, we do not require a finding of subjective bad faith as a predicate to the imposition of sanctions." Id., at 631-632. "Behavior is 'vexatious' when it is harassing or annoying, regardless of whether it is intended to be so. Thus, if an attorney's conduct in multiplying proceedings is unreasonable and harassing

or annoying, sanctions may be imposed under section 1927." Id., at 632. "[S]ection 1927's requirement that the multiplication of the proceedings be 'vexatious' necessarily demands that the conduct sanctioned be more severe than mere negligence, inadvertence, or incompetence." Id., at 632.

In Cruz, the Court upheld the imposition of sanctions based on counsel's "continually [engaging] in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased." Id., at 634. Counsel also refused to produce evidence which she admitted was in her possession. Id., at 634.

None of the conditions which existed in Cruz meriting the imposition of sanctions under § 1927 are applicable here. Defendants have not engaged in obfuscation of the issues, hyperbolism or groundless presumptions. Rather, the defense has been attempting to respond to Plaintiff's discovery while addressing other pleadings filed by the Plaintiff in this matter. Any failure to timely respond can hardly be construed as "harassing". Furthermore, even if Defendants' failure to timely respond to discovery requests may vex or annoy the Plaintiff, the costs incurred to him by such failure are not excessive. Plaintiff's Affidavit in support of his Motion purports to demonstrate his entitlement to ten (10) dollars per hour for one hundred sixty two hours in the law library. Even if this may be accurate, Plaintiff fails to substantiate these costs. Finally, even if the Defendants' untimeliness in meeting the mandates of this Court's Order may amount to inadvertence or even negligence, this is not a sufficient basis upon which to impose sanctions. Cruz, at 632. Therefore, Plaintiff's Motion should be denied as to his claim of entitlement to sanctions under § 1927.

## CONCLUSION

For the reasons given and authorities cited above, the Defendants hereby respectfully request that Plaintiff's Motions be denied.

Cornell Corrections of Rhode Island, Inc.,
and Officer April Perry
By their attorneys

/s/ Dennis T. Grieco II

___________________________________

Dennis T. Grieco, II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place
Suite 900
Providence, RI 02903
Tel: (401) 274-6644/Fax: 331-9304

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January 2007, a true and accurate copy of the within was mailed by U. S. Postal service upon:

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

*/s/ Dennis T. Grieco II*