UNITED STATES DISTRICT COURT

DISTRICT OF RHODE INLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE. Jan. 15th, 2007

MOTION FOR JUDGMENT BY DEFAULT.

Here comes the plaintiffs' David Campbell Pro-Se in the aboved captioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. 37(b)(2)(c), hereby move this Honorable Court for grant of Judgment By Default against the Defendants for their non-compliance, bad faith and willful disregards for a Court's Lawful Order.

On Nov. 15th, 2006, the Honorable Judge Jacob Hopkins, ordered the defendants to file a response to the plaintiffs'request for Interrogatories and Production Of Documents within Twenty (20)days of the Court's Order. The defendants failed to comply with the Court's Lawful Order. On Dec. 11th, 2006, plaintiffs' filed a Motion for Entry of Default against the defendants, which requires response from the defendants, the plaintiff also filed a Motion to Imposed Sanctions upon the defendants. The defendants have not objected to either of those Motions filed by the plaintiffs'.

WHEREFORE, plaintiffs' states that absent an objection from the defendants in regards to the plaintiffs' motion to Impose Sanction and the Motion For Entry of Default, the Court must treat the failure to response as a waiver of rights. Thus Default must be Entered against the defendants and Sanctions must be imposed in full. Plaintiffs' further states that the defendants failure to comply with Court's

Lawful Order, is an act of bad faith and willful disregards of the Court's Order. Thus this Honorable Court must grant this Motion for Judgment By Default against the defendants in favor of the plaintiffs' and ORDER default judgment in the amount of $ 1,500.000.00.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P.Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on this the 15th day of January, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE. JAN. 15TH, 2007

MEMORANDUM IN SUPPORT OF PLAINTIFFS'

MOTION FOR JUDGMENT BY DEFAULT.

Plaintiffs' states that an Order from the Court compelling a response to an discovery request pursuant to Fed. R. Civ. P. 37, is a clear Notification to a defendant. The Court Order states: "Defendants Cornell Corrections and Officer Perry shall provide responses to the plaintiff's 'Second request for production of documents' and plaintiff's 'second set of Interrogatories' within twenty days of the date of this Order." That is clear Notification to the defendants. In Federal Deposit Corp. v. Francisco Inv. Corp., 873 F.2d 474 (1st Cir. 1989) the court states: "Upon proper Notification of pending action parties must respond diligently, or face the concededly harsh consequences of a judgment resulting not from consideration of the merits. but from the parties owns inactions." In the Court's Order the court made an observation that states: "Upon consideration of the motion, and of Fed. R. Civ. P. 37, plaintiff's motion is hereby GRANTED." In Accord Local Union No. 251 v. Town Line Sand & Gravel, Inc., 511 F.2d 1198,1199 (1st Cir. 1975) the Court states: Pursuant to the terms of Rule 37, a trial Court may enter such orders "as are just," Fed. R. Civ. P. 37(b)(2), including a Judgment by Default, and we may reverse only upon a showing of abuse of discretion.

In the instant case a Grant of Judgment by Default is not an abused of discretion when the parties has been warned to comply with a discovery Order under Fed. R. Civ. P. Rule 37. "It's in the District Court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by Local Rules. At least when the response does not clearly offend equity." Nathan P. v. W. Springfield Pub. Sch., 362 F.3d 143 (1st Cir. 2004)at 144. D.R.I. Local Rule 32, "failure to file specific objection in a timely manner constitutes waiver of rights....United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980). The law of this Court is clear, a Judgment By Default can be granted based on the adverse party's failure to respond. See Carmona v. Toledo, 215 F.3d 124 n.9 (1st Cir. 2000).

In the instant case, the defendants was served with a Request for Interrogatories and Production of Documents on August 4th, 2006, along with a Good Faith Effort correspondence seeking Good faith cooperation from the defendants. They the defendants have failed to comply with the rules of the Court governing Discovery procedures. The Court intervened and Ordered the defendants to comply with the Rules and provide the plaintiffs' with the responses to the request of the plaintiffs' Interrogatories and Production of Documents within twenty days of the Order, the defendants also failed to comply with that Court lawful Order. Plaintiffs' then filed a Motion for an Entry of Default and a Motion for Sanctions and served the defendants with a certified copy of the Motions, which requires a response within thirty days after service. the defendants have failed to respond within a timely manner. The defendants are acting in Bad

Faith and showing willful disregards and contempt for a Court's lawful Order. The only way to force compliance of the rules upon the defendants is to Grant the plaintiffs' Judgment By Default. This does not requires an advesary hearing. In Link v. Wabash, Railroad Co., 370 U.S. 626, 632, 8 L.Ed.2d 734, 82 S.Ct.1386(1962) the court states: "A court is not necessarily required to attempt less severe sanctions before turning to the sanction of dismissal. Nor is a Court required to provide an advesary hearing before imposing this sanction." Although the United Stated Supreme Court have previously restated its established position that Rule 37 does not authorized dismissal for failure to comply with discovery orders. when such failure is due to inability. it made clear in National Hochey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640, 49 L.Ed.2d 747, 96 S.Ct. 2778 (1976) the court states "When it has been established that failure to comply has been due to inability, and not willfulness, bad faith, or any fault of the petitioner."

In this case the failure to comply on the part of the defendants is due to willfulness, bad faith and disregards for a Court's lawful orders. The information that the plaintiff's seeks are kept in the possession of the defendants. The defendants keeps recorded logs of every events that transpired in the Institutions, the date and time of their occurance are loged. Their are also video tape recording of the events that transpires at the facility. so these information are readily available to the defendants. The defense attorney workes in a Large Law Firm with a vast resource of legal information, clerks, secretaries, and could have filed a timely response to the plaintiffs', or could have responded to the Court Order. Fed. R. Civ. P 34(b) requires that a party upon whom a

request for discovery is served respond within thirty days,. Either stating its willingness to comply or registering its objection . If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections.See 4 A Moore's Federal Practice Para. 34.05[2] (citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 and Krewson v. City of Quincy, 120 F. R.D. 6(D. Mass. 1988)).

Plaintiffs' states that the failure of the defendants to respond to the Court's Lawful Order is based solely upon bad faith and willful disregards, and not because of an inability by the defendants. Thus Judgment by Default should be granted. Fed. R. Civ. P. 37(b)(2)(c) permits as a sanction for disobeying a discovery Order, "rendering a Judgment By Default against the disobeying party." There is no express limitation of such Judgment to defendans. United States v. Palmer, 956 F. 2d 3,7, (1st.Cir. 1992)

In the present case, plaintiffs' states that the District Court has a duty to ensure that both plaintiffs' and defendants adhere to the rules of the Court. The Court is obligated to enforce its Orders upon a litigant, when a litigant refuses to comply with a Court's lawful Order, the Court must impose the very sanction it would imposed upon the plaintiff, because the rules provides for the imposition of such sanctions to be imposed upon the defendants. In this case the sanction of Judgment By Default must be imposed upon the defendants see United Stats v. Kilmavicius, 117 F.R. D. 12,14, (D.Me. 1987) the court stated that decisive action was necessary both as a punitive measure and to deter other defendants from similar misconduct. It therefore concluded: " The Imposition of the sanction of Judgment By Default should not be made lightly. Given

the circumstances of this case, however, it is both a proper and necessary exercise of this court's discretionary power under Rule 37(b)(2)."

CONCLUSION OF CASE.

WHEREFORE, plaintiffs' states that this Honorable Court must GRANT this Motion in Favor of the Pro-Se plaintiff who have demonstrated that the defendants failure to comply with the Lawful Order of the court was not due to some inability on the part of the defense. But due to bad faith and willful disregards for the Court's Lawful ORDER. The defendants have the resources and information needed. They could have filed the response or, filed an objection stating their position. But refuses to do either. Fed. R. Civ. P. 34 (b) requires that a party upon whom a request for discovery is served respond within thirty days, either stating its willingness to comply or registering its objection. If the responding party fails to state the reason for his objection he may be held to have waived any or all of his objections. See 4 A Moore's Federal Practice Para 34.05[2](citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540 and Krewson v. City of Quincy, 120 F.R.D. 6 (D.Mass. 1988)). Atlantic Cape Fisheries v. Hartford Fire Insurance Co., 509 F.2d 577(1st. Cir. 1975) the court stated: The Entry of Default on the issue of discovery was a reasonable sanction under the circumstances especially since defendants not only failed, but willfully refused, to comply. Defendants obstinacy stretched over a period of months, and the court has demonstrated job-like patience in extending the order, not acted upon by the defense. See. Pages v. Feingold, 928 F.Supp. 148 (D.P.R. 1996)(in which the District Court granted a Judgment by Default against defendants for defendants repeated

failure to comply with discovery orders.) For all the foregoing reasons stated above, this Honorable Court must grant this Motion for Judgment By Default against the defendants, and in favor of the plaintiffs' and ORDERED a Default Judgment in the amount of $1,500.000. Plaintiffs' further states that this Honorable Court must Grant the plaintiffs' Motion for Entry of Default and Motion to Impose Sanctions in full against the defendants absent a response. The defendants failure to respond must be treated as a waiver of rights. The Local Rules of the United States District Court's Rule 32 requires a response within thirty days. The defendants failure to response is not due to inability, but is done in bad faith and willfullness. Thus the plaintiffs' Motion For Entry of Default Must be Granted. The Motion to Impose Sanctions Must be Granted. The Motion for Judgment By Default must be Granted.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 15Th day of JAnuary, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, R.I. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, R.I. 02903-1779

Respectfully Submitted

David Campbell/Plaintiffs'

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472