UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE. January 22nd, 2007

PLAINTIFF'S OBJECTION TO DEFENDANTS OBJECTION TO PLAINTIFF'S

MOTION FOR ENTRY OF DEFAULT AND TO IMPOSE SANCTIONS.

Here comes the plaintiff David Campbell Pro-Se in the aboved captioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. Rule 37(b)(2)(c), plaintiff hereby object to the defendants' Motion in Objection to Plaintiff's Motion for Entry of Default and Motion to Impose Sanction.

Plaintiff states that the Rules requires that a party upon whom a request for discovery is served, provide a response within thirty days. Fed. R. Civ. P. Rule 34(b). Rule 37(b)(2)(c) provide for the Imposition of Sanctions, including the Entry of Default against a party not responding to a lawful Order of the Court.

WHEREFORE, plaintiff's states that his Motion For Entry of Default and Motion to Impose Sanction should be Granted in full. See attached memorandum of law in support of motion.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

ORAL ARGUMENT NOT REQUESTED.

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on record on this the 22nd day of January, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI, 02903

Office Of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell, Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE. January 22nd, 2007

MEMORANDUM OF LAW IN SUPPORT OF MOTION.

Plaintiff's have filed the instant Motion seeking to default the defendants for not complying with the Rules of the Court Which requires a response to the plaintiff's Request for Interrogatories and Production of Documents. And also seeking default and Sanctions upon the defendants' for not complying with the lawful Order of the Court Ordering the defendants to provide the plaintiff's with a response to the Interrogatories and Production of Documents. The plaintiff's is seeking Sanctions upon the defendants because the defendants failure to comply with the rules and for multiplying the proceedings. The rules of the Court requires that a Request for Interrogatories and Production be responded to within thirty days, when the defendants failed to respond the plaintiff filed with the Court a Motion to Compel, The Court then Ordered the defendants to provide the plaintiff's with the requested Interrogatories and Production. The defendants refused to comply with the lawful Order of the Court. Plaintiff filed a Motion for Entry of Default and a Motion to Impose Sanction upon the defendants for their non-compliance. Thus defense counsel action multiplied the proceedings, and should be made to pay the costs incurred as a result of their non-compliance.

Plaintiff states that the defendants contention to the Motion to Enter Default and to Impose Sanction is, 'so what?', yes we have

refused to respond to the Request for Interrogatories and Production, "so what?", yes we refused to comply with the lawful Order of the U.S. District Court, 'so what?", our action does not warrant an Entry of Default or the Imposition of Sanctions. Yes the plaintiff's did sufer the excessive costs for copying, mailing, and Attorney's fees as a result of our conduct, "but so what?", plaintiff's should'nt be compensated. "Default against the defendants allowing the plaintiff to recover in this circumstance would be premature."

Your Honour, the rules set forth the guidelines for litigants to follow, both the defendants and the plaintiff's must comply with the Rules of the Court. The Local Rules of the U.S. District Court Rule 32 and Fed. R. Civ. P. Rule 34(b) requires a response. The lawful ORDER of the Court compelling discovery requires a response. "All litigants, including pro-ses, have an obligation to comply with Court orders." Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2nd Cir. 1994). The actions of the defendants in this case is no different from the actions of the plaintiff's counsel in the Damiani case. In Damiani v. Rhode Island Hospital, 704 F.2d 12(1st Cir. 1983), the First Circuit set forth the criteria which justified dismisal for failure to comply with discovery Orders. " the [District] Court found that the behavior of plaintiff's counsel amounted to willful misconduct. It found that the failure of plaintiff's counsel to comply with the Court's discovery order was 'Intentional and not reasonably justified' and constituted a 'willful dereliction of counsel's responsibility both to this Court and to defendants'," Id., at 14-15.

The fact ors giving rise to the court's holding included the fact that "there was no effort by plaintiff's counsel to move this case along.... Upon defendants's motion to dismiss, plaintiff filed

an objection.... Upon motion, and without further compliance with discovery, the District Court dismissed plaintiff's claim, stating that plaintiff's action evidenced "an arrogant attitude that even his self-imposed deadline were made to be broken, that discovery could proceed at the pace t hat he desired, and that the Court's Order could be ignored within impunity." Id., at 15.

In the instant case the behavior of the defendants' counsel are identical to that of the plaintiff's counsel in the Damiani case. There is no effort made by defense counsel to move this case along. Defense counsel failed to respond to the plaintiff's request for Interrogatories and production. Defense counsel failed to respond to a motion to compel discovery. Defense counsel failed to comply with the Order of the District Court compelling discovery. Finally, upon plaintiff's motion For Entry of Default and Motion to Impose Sanctions, the defendants objected. The defendants objection is "woefully inadequate." The defendants state that, " defendants are actively seeking out responsive information to plaintiff's request while at the same time seeking to address other filings of the plaintiff and attempting to advance the instant litigation."

Plaintiff's now states that at the very least the defendants could have filed for an extention of time with the court setting forth this very reason, if so was the case. This would have prevented the plaintiff's from filing for Entry of Default and Sanctions. Even the filing of a Motion for Extention of Time would have been an act of Good Faith. But the defendants acted in bad faith and willful disregard when defense counsel directly flouted the authority of this court, by refusing to adhere to a lawful Court order compelling discovery.

"Fed. R. Civ. P. 34(b) requires that a party upon whom a request for discovery is served respond within thirty days. Either stating its willingness to comply or registering its objection. If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections. see 4A Moore's Federal Practice Para. 34.05[2] (citing Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, and Krewson v. City of Quincy, 120 F.R.D. 6 (D.Mass. 1988)). Plaintiff further states that an Order compelling discovery under Rule 37, gives clear notification of the Court's intent.

In the instant case the defendants are quite familiar with the Rules of the Federal Court's, they are skilled in the science of law, and has the means and oppertunity to comply with an Order of the district Court. But refuses to do so. "A party may not circumvent the limitation of Rule 26 without first filing an objection." Fed. R. Civ. P. 26. The defendants are familar with the and are unlike a Pro-Se litigant whose motion should be construed liberally and given fair and meaningful consideration, however inartfully pleaded. See Haines v. Kerner, 404 U.S. 515, 520 (1972).

CONCLUSION OF CASE.

WHEREFORE, plaintiff's states that the Motion for Entry of Default should be Granted. " An Entry of Default can be granted based on the adverse party's failure to respond." Carmona v. Toledo, 215 F.3d 124, n.9(1st Cir. 2000). The plaintiff's Motion to Impose Sanction should be granted. "In a civil contempt proceedings, a monetary sanction assessed for the purpose of compensating the complainant for losses sustained by reason of the contemptor's acts, is within the universe of premissible sanction." Goya Foods, Inc. v. Wallack Mgmt.,

Co., 209 F.3d 63, 78 (1st Cir. 2002). The defendants have not acted with diligence, but with willful disregards and bad faith. Defense counsel have shown utter contempt for the lawful Orders of the Court. The Defense Attorney's at the GIDLEY, SARLI & MARUSAK, LLP, have the resources necessary to provide the court with a response. But defense attorney choose to do nothing to further advance the case proceedings. At the very least the defense counsel could have filed for an Extention of Time and state their willingness to comply with the Rules of the District Court, and the Lawful Order of the Court. Or they could have registered their objection and state the reason for their objection. This would have constituted an act of good faith, and would have prevented the plaintiff's from filing for an entry of Default and to Impose Sanction. The defendants choose to act in bad faith and willful disregard for the lawful Order of the Court, and the Rules of the District Court when they directly flouted the authority of this court, in refusing to comply with the court's lawful Order. Therefore, an Entry of Default and Sanctions is appropriate, and this Honorable Court should send a stern message to the defendants to deter them from further acts of non-compliance.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on record on this the 22 day of January, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of the Clerks
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472