UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
defendants.

DATE. Feb. 15th, 2007

PLAINTIFF'S OBJECTION TO DEFENDANTS MOTION

OPPOSING PLAINTIFF'S REQUEST FOR JUDGEMENT BY DEFAULT.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and prusuant to Fed. R. Civ. P. Rule 37(b)(2)(c), plaintiff's hereby object to the defendants Motion in Opposition to Plaintiff's Motion for Judgment By Default.

Plaintiff states, contrary to the defendants assertion that they have provided the plaintiff with the Interrogatories and Production of Documents that the Court has compelled. The defendants have not provided any such documents. See letter from the defendants counsel to the Hon. Magistrate Justice Jacob Hagopian, dated Jan. 30th, 2007. In which the defendants stated that they have provided the plaintiff with the discovery that the Court have compelled. See defendants response to the plaintiff Request for Production of Documents which the Court have compel the defendants to provide, dated Jan. 16th, 2007. And the defendants response to the plaintiff's request for Interrogatories which the court have Compelled, dated Jan. 30th, 2007.

Plaintiff states that the defendants have provided false and misleading statement to the court concerning the production of Documents . Thus the Court should Grant the plaintiff a judgment By Default, or at the very least award sanction to the plaintiff to

recover the costs incurred as a result of the defendants actions. See plaintiff memorandum in support of motion attached hereto.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell/Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on this the 15th day of Feb., 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell/Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
defendants.

DATE. Feb. 15-Th, 2007

MEMORANDUM OF LAW IN SUPPORT OF MOTION.

A party who fails to provide documents that has been compelled by the Court must be held in contempt of Court's lawful order. The defendants assertion that they have provided the plaintiff with the documents that the Court have compelled them to provide stretches the concept of production. When a Court compels a party to produce documents, the party whom have been compelled must provide the documents to satisfy the order compelling discovery. Even if the party object to the order compelling discovery, that party must, however comply with the Court Order, and provide the documents. The defendants objection was waived by the defendants when they fails to respond to the motion to Compel ot to file an timely objection to the Court's Order Compelling a response. "D.R.I. Local Rule 32, failure to file specific objection in a timely manner constitutes waiver of rights...." United States v. Valencia-Copete, 792 F.2d 4,6, (1st Cir. 1986).

The Court has heard the Plaintiff motion to Compel the defendants to file a response, a Motion which the defendants fails to mount a challenge to. The Court granted the plaintiff motion and compelled the defendants to file a response to the plaintiff, because the deemed that the plaintiff needed those discovery inorder to serve the right defendants and in order, for plaintiff and this Court to

ascertain whether the court can excerise personal jurisdiction over defendants. See Hershey Foods Corp. v Hershey Creamery Co., 945 F.2d 1272, 1277, in which the Court states: Orders that are directed to a party, enforcable by conempt, and designed to accord or protect "some or all of the substantive relief sought by a claimant "is more than a [temporary] fasion. In Rose v. Franchetti, 979 F.2d 81, 86, the Court states: If a party defies a Judicial Order compelling a response, sanctions follow, default is one authorize sanction. Fed. R. Civ. P. 37(b)(2)(c).

In the instant case the defendants has defies the Court Order by not providing the documents to the plaintiff. Documents that the court has compelled them to provide. The defendants have compounded their abusive attitude towards this proceedings by providing false and misleading statements to the court, that they have complied with the Court's Order. The plaintiff is not seeking Medical Health Care Information, or information of the Prison Security, the plaintiff is seeking the names of the defendants who have violated the plaintiff Constitutional Rights. These informations are not protected privilege informations under any statutory regulation or code. Therefore, the defendants must provide them, because they are in the defendants possession. See defendants response to plaintiff request for Interrogatories, from 1 to 8, in which the defendants states that these information are loged in the Officers Logbooks but yet they fails to provide them to the plaintiff for inspection. The Court has compelled these documents from the defendants, thus the plaintiff must have them. In Steen v. First Nat'L Bank, 298 F.2d 36, 41(8th Cir. 1928) the Court states: The owner of the privilege of preventing the disclosure of confidential communications cannot, after testifying to or about them ... invoke that privilege to

prevent other parties to the communications from testifying to them. He cannot by his silence lay down the shield of his privilege, and assail another with the sword of his own testimony ... he has waived his privilege and "such waiver is in no sence contrary to public policy; indeed it is in the interest of justice." In Standard Chartered Bank v. Ayala Int'L Holdings, Inc., 111 F.R.D. 76, 80, (S.D.N.Y. 1986) the Court states: The plaintiff have put their heretofore arguably protected communication at issue in this law suit by making thier knowledge and understanding of the event of 1987-1990 relevant to the case. To deny the defendant access to information which is vital to a defense against plaintiff claims would be potently unfair.

In the instant case the defendants have stated that the information that the plaintiff seeks to support his case is contained in the Officers Logbook, this Logbook contained the knowledge of the events as occured, therefore, to deny the plaintiff this information would be potently unfair. This Honorable Court understand that this was the case and that the plaintiff needed this information from the defendants, and granted the plaintiff's motion to compel. The defendants have repeatedly fails to provide the documents, and has cause the plaintiff to constantly filing motions after motion to get these very documents that has been compelled by the Court. The defendants is aggrevating and multiplying the process, thus causing excessive costs to the plaintiff. Plaintiff's states that since the party fails to produce the documents that the court has compelled, they must be held in contemp of the Court's lawful Order, and sanctions must be leveled upon the defendants in order for the plaintiff to recover the costs incurred as a result of the defendants actions."Civil contempt

is an appropriate remedy only where there is a clear and convincing proof of violation of Court decree." Erhardt v. Prudential Group, Inc., 629 F.2d 843, 846 ( 2nd Cir. 1980).

Plaintiff states that the defendants have knowingly provide the court with false and misleading statements concerning the production of discovery. The defendants have not produce any of the documents that the plaintiff have requested and which the Court have compelled. The defendants should not be allowed to raised an objection now. The defendants have waived their objections and must produce the discovery as they were compelled to do by this Honorable Court.

CONCLUSION OF CASE.

WHEREFORE, Plaintiff prays that this Honorable Court enforce its Order upon the defendants and instruct them to provide the plaintiff with the discovery that was compelled. Grant Judgment By Default in favor of the plaintiff, or order sanctions upon the defendants in order for the plaintiff to recover the costs that has incurred as a result of the defendants recalcitrent behavior.

Respectfully Submitted

David Campbell/Plaintiff

By David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on this the 15th day of Feb., 2007. A copy was sent to the

Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Clerk's Office
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

BY David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472