UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANT, CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S ANSWERS TO PLAINTIFF DAVID CAMPBELL'S SECOND SET OF INTERROGATORIES**

**INTERROGATORY No. 1:** Please state, is there a Officers Log Book located in every Inmate housing areas of the facility, such as R&D area, medical housing area, visiting room area, R&D inmate housing area, kitchen food service area, Inmate housing units, Captains offices? (yes or no)

**ANSWER:** Yes, with the exception of the Kitchen and Captains Office.

**INTERROGATORY No. 2:** Please state what is the purpose of these Officers Log Books?

**ANSWER:** The purpose of the logbooks is to document detainee activity throughout the day.

**INTERROGATORY No. 3:** Please state, when an [sic] supervising Officer entered into an inmate housing unit, or any of these units or any of these areas where a Officer Log Book is located to do a general tour of those specific areas, is that supervising Officer required to signed [sic] the Officer Log Book to identify the date and time he entered that area to conduct a general tour? (yes or no).

**ANSWER:** Yes.

**INTERROGATORY No. 4:** Please state, is it required of the Housing Officer to loged [sic] in the Officers Log Book each time he makes a general tour of the housing unit, whenever he conduct [sic] a count, sends an inmate on a visit, to the Lieutenant [sic] Office, Medical Unit, or when it [sic] time to served the inmates meals.

**ANSWER:** As for tours of the unit, counts and meals, yes. As for inmates being sent out of the unit, no.

**INTERROGATORY No. 5:** Please state, when an Officer brings the inmates meals to the R&D inmates housing area, the medical housing area to feed the inmates, is there a requirement for that Officer to make an entry into the Officer Log Book located in that general area that he has served the meal in that area, and to list the time of day meal was served.

**ANSWER:** Yes.

**INTERROGATORY No. 6:** Please state, is there a requirement that the Officer, Medical personnel, Food Service provider, or any one who brings the meal to the inmates located in the medical housing area signed the Officers Log Book stating that meal was served and at what time meal was served, and if the inmate had refused to eat their meals.

**ANSWER:** Yes.

**INTERROGATORY No. 7:** Please state, what steps are there in place to catalog if and how long an inmate refuses his meal, are [sic] those information listed In the Officers Log Book, in order to track the pattern of that specific inmate behavior.

**ANSWER:** Refused meals are documented for special housing detainees. Refused meals are not documented for the general population.

**INTERROGATORY No. 8:** Please state is there any communication set in place to require the Medical staffs to ensure that food service provider knows the names and locations of every inmates and their dietary needs, to ensure that each inmates [sic] received the correct meal according to health needs, religious needs or other specific concerned.

**ANSWER:** Kitchen staff are made aware of approved dietary meals per protocol

**INTERROGATORY No. 9:** Please state, is there a policy set in place to oversees inmate complaint against Staff, such as grievances, or any other complaint.

**ANSWER:** Yes.

**INTERROGATORY No. 10:** Please state, when an inmate request to have his personal property stored at the facility while in transport, whether that inmate is been transported to court, to another facility, or on release, what is the procedure for that inmate to have his personal property stored at the facility and for how long will the facility keep such property in storage.

**ANSWER:** Yes. An inmate's personal property remains for 30 days after departure if an appropriate forwarding address is not given.

**INTERROGATORY No. 11:** Please state, when an inmate is leaving the facility on transport to another facility, is there a rquirement [sic] for that inmate to know the location

of where he is been transported to. Does the facility supervising staff informed the inmate as to where he will be taken to.

**ANSWER:** No.

**INTERROGATORY No. 12:** Please state, when an inmate is indigent and cannot afford to mail his property out of the facility, or does not have a forwarding address to have the property sent to, but request that said property be kept in storage until he is able to retrieve them, for how long will the facility hold such property.

**ANSWER:** See Answer to Interrogatory Number 10.

**INTERROGATORY No. 13:** Please state, does the facility keeps records of outside communication from other facility in regards to inmate intrest [sic], such as correspondence from other facility, and for how long does the facility maintained [sic] such records when such record is identify [sic] as coming from supervisor, Adminstrators of another facility on behalf of an inmate

**ANSWER:** The facility keeps correspondence received from outside facilities regarding inmates in the inmate's file. These files are kept for three years.

Cornell Corrections of Rhode Island, Inc.

By: [signature]

Name: Wayne T. Salisbury Jr.

Subscribed and sworn to before me this 22nd day of January, 2007.

[signature] #31007 David S. Schnell
Notary Public

My Commission Expires: Oct. 12, 2008

As To Objections:

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

## CERTIFICATE OF SERVICE

David Campbell, Pro Se #10676.014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
"This letter is to be opened I the presence of the prisoner whose name is printed on the envelope."

I hereby certify that on the 30th day of January 2007, ~~2007,~~ I mailed a true copy of the within to counsel of record, as above.

As To Objections:

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se #10676.014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
"This letter is to be opened I the presence of the prisoner whose name is printed on the envelope."

I hereby certify that on the 30th day of January, 2007, I mailed a true copy of the within to counsel of record, as above.