UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANTS, CORNELL CORRECTIONS OF RHODE ISLAND, INC'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO PLAINTIFF, DAVID CAMPBELL'S OBJECTION TO ITS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

Defendant Cornell Corrections of Rhode Island, Inc. (hereinafter "Cornell of RI" or "Defendant") hereby objects to Plaintiff's "Objection to Defendants (sic) Motion Opposing Plaintiff's Request for Judgement (sic) by Default", dated February 15, 2007.

In his most recent pleading, entitled "Objection to Defendants (sic) Motion Opposing Plaintiff's Request for Judgement (sic) by Default", Plaintiff accuses the Defendant of making misrepresentations to the Court. Plaintiff claims that Defendants have not produced the documents which the Court has compelled Cornell of RI to produce by its Order of December 11, 2006. Yet, Plaintiff attaches to his pleading Defendant's discovery responses.

Plaintiff's contention appears to be that Defendant should be required to divulge documents of which it is not aware and/or does not have in its possession, custody or control. Plaintiff's Second Request for Production of Documents sought, and Defendant directed Plaintiff to, information which was previously provided to the Plaintiff. Furthermore, Plaintiff appears to be upset by the fact that other documentation he seeks simply does not exist. For example, Plaintiff seeks in Request No. 2, "a (sic) accurate

and legible copy of the plaintiff (sic) dietary needs that has been delivered to the food service provider by the medical staff, that ensured the plaintiff David Campbell would be given the correct meal with regards to his religious needs." Plaintiff's Second Request for Production No. 2. The simple fact is that the Defendant does not have, nor is aware of any such document responsive to this request. Plaintiff is similarly convinced that entries were made in a logbook documenting his alleged refusal to eat. Notwithstanding his belief in this regard, there is no such documentation to that effect.

Plaintiff further appears to believe that redactions and objections made regarding documents previously produced were made with the intent to conceal identities of potential defendants. Redactions were made, and objections properly interposed, not because of any identifying information of any employee at the Wyatt facility, but rather to properly protect security procedures, confidential health care information, and identification of other inmates.

Plaintiff seems to claim that even where a party properly objects to a discovery request, that party must still provide documents. However, Plaintiff cites no authority for this proposition, which on its face is unsupportable.

Plaintiff claims that Defendant's Answers to his Second Set of Interrogatories Nos. 1 through 8 must necessarily yield document production. However, nothing in Defendant's Answers to Interrogatories Nos. 1 through 8 mandates such a result. These Answers are basic statements of policy. Defendants have produced documents which speak to these procedures if, and as, applied to the Plaintiff. Plaintiff would have the Defendants turn over full volumes of logbooks reflecting activities that have absolutely nothing whatsoever to do with the Plaintiff.

Plaintiff appears to argue that since Defendant has set forth the policies regarding log books in its Answers to Plaintiff's Second Set of Interrogatories, and that these logs contain contemporaneous reporting of events as they happen, he is entitled to discovery of the entirety of the contents of these log books. As stated before, the Defendants have already produced to Plaintiff those portions of any logbooks that have anything to do with him. All non-relevant or otherwise sensitive information was properly objected to and/or redacted. Furthermore, certain materials requested by the Plaintiff simply are not in the possession, custody or control of the Defendant, and Defendant is not aware of such materials even existing. The fact that Plaintiff has asked for essentially the same materials twice in his Requests for Production of Documents, yielding the same response, does not make the Defendant's response misleading. (See, Defendant's Response to Plaintiff's First Request for Production of Documents, attached hereto as Exhibit A, Nos. 5, 6, 7, and 8,). (Compare, Plaintiff's Second Request for Production of Documents No. 1 and 3). (See also, Defendant's Response to Plaintiff's First Request for Production of Documents attached hereto as Exhibit A, Nos. 11). (Compare, Plaintiff's Second Request for Production No. 2).

Furthermore, Plaintiff's reliance on Steen v. First National Bank, 298 F. 36 (8th Cir. 1928) (incorrectly cited by Plaintiff as 298 F.2d 36), is misplaced. Steen is concerned with waiver of the attorney client privilege by testifying to or about the contents of such otherwise privileged material at trial. Id., at 41. There is no claim of attorney-client privilege being asserted here, and no testimony being offered which would waive it.

Finally, Plaintiff claims that the Defendant is guilty of aggravating and multiplying the proceedings, thus imposing excessive costs on the Plaintiff. A brief view of the recent history of this matter would lead the observer to the exact opposite conclusion. Plaintiff has filed four pleadings apart from, and related to, his motions to compel Defendant's Answers to Plaintiff's Second Set of Interrogatories, and Second Request for Production of Documents. (see, PACER docket entries nos. 30, 32, 42, and the instant pleading to which Defendant now responds). Defendant is obligated to respond to each of these pleadings. As such, any excessive costs to the Plaintiff are incurred by his own filing of repetitive and often redundant pleadings, and are far outweighed by any costs being incurred by this Defendant.

## CONCLUSION

Plaintiff's contentions that Cornell of RI is making misrepresentations to the Court regarding its discovery obligations to the Plaintiff are entirely without merit. Defendant has provided the Plaintiff with the information he requested, and any objections or redactions have been made in a good faith to protect the confidentiality and sensitivity of certain institutional and health care information. The Defendant affirmatively states that no redactions have been made to conceal the identity of any employee of the Wyatt facility for the purpose of avoiding discovery.

Accordingly, and for the reasons set forth above, Plaintiff's Motion for Default should be denied, and Plaintiff's instant objection should be stricken.

Defendants,
Cornell Corrections of Rhode Island, Inc.
By its attorneys,

/s/ Dennis T. Grieco II
Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644; (Fax) 331-9304
DTG@GSM-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se
U.S.P. P.O. Box 300
Waymart, PA 18472

I hereby certify that on the 16th day of March, 2007, I mailed and/or had hand-delivered a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco II