IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE Plaintiff, DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL., Defendants. DATE. 3/12/07

MOTION TO COMPEL PRODUCTION

OF DOCUMENTS.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to the Rules of Fed. R. Civ. P., Rule 37, plaintiff hereby move this Honorable Court for a Grant of this Motion Compelling the defendants Cornell Corr. Inc. et al., to comply with the Rules of the Court and make available the Documents Requested by the plaintiff for Inspection.

On Aug. 4th, 2006, the plaintiff filed a Request for Production of Documents upon the defendants, in accordance with the Rule of the Federal Courts, pursuant to Fed. R. CIv. P. Rule 34, the plaintiff also filed a Good Faith effort letter to the defendants in accordance with the Local Rules of the United States District Court, Rule 9(d)(2). The defendants failed to respond to the plaintiff Request for Discovery. Plaintiff now move this Honorable Court for a Grant of this Motion to Compel the defendants to provide the plaintiff with the Documents requested in the request for discovery.

**DISCOVERY REQUEST NO. 1:** Plaintiff request that the defendants provide legible copies of the enteries made in the Log Book located in the Medical Housing Area, showing the names of the Officers who brought feeding trays to the plaintiff while plaintiff was located in the

Medical Housing Area, from May 6th, 2005 up until May 14th, 2005, the time the feeding trays were brought to the plaintiff and what comments were made by the plaintiff concerning the feeding trays. Enteries made in the Log Book located in the R&D area of t he facility for the day of May 25th, 2005, listing the time the plaintiff was transferred from the facility, the name of the female commanding Supervising Officer who were present during the plaintiff transfer from the Wyatt Facility.

**REASON FOR DISCOVERY NO. 1:** The defendants states in their response to the plaintiff request for Interrogatories 1, through 6, that enteries are made in the Log Book concerning detainees activities, and also list the time meals are brought to the inmates, including other activities concerning detainees, and that these Log Books are located in areas of the prison that the plaintiff complaint about. If the defendants logged these informations in the Log Book as they are required to, then they must produce these documents to the plaintiff for inspection and or copying. These documents could reasonable lead to other matters, and could be use for impeaching testimony provided by the defendants, and to name other defendants.

**DISCOVERY NO. 2,3, and 4:** Upon intake at the Wyatt Detention Facility the plaintiff states to the intake Officers and Medical Personell that the plaintiff is a vegetarian and would like to be placed on a no-meat diet.

**REASON FOR DISCOVERY NO. 2-4:**

In the defendants response to the plaintiff request for Interrogatory No. 8 and 9, the defendnts states that the Kitchen supervisors are made aware of the detainees dietary needs. The plaintiff Medical Intake file has an entery that states "Medical

Alert, Vegetarian." The plaintiff states to the Medical Intake personel that the plaintiff does not eat meat, has never eaten meat before and would like to be placed on a vegetarian diet. This information should have been passed to the Kitchen Supervisoy, as the defendants states that they communicate these informations between these departments. Plaintiff needs these records to impeach the testimony of the defendants. The defendants states that these informations are logged and passes between each departments therefore, they must provide the documents that shows that the medical department did communicate the plaintiff medical dietary needs to the Kitchen Supervisors.

WHEREFORE, plaintiff states that this Honorable Court must compel the defendants to produce the Documents to the plaintiff, for inspection and or copying. The defendants must produce a full legiable copy of the Log Book located in the Medical Housing Unit, that shows the ent eries made by the Officers who brought the feeding trays to the plaintiff, and the comments made by the plaintiff concerning the feeding trays for the date of May 6th, 2005 up until May 14th, 2005. The defendants must also produce a copy of the Log Book located in the R&D area showing the names of the Officers who were there on the morning of May 25th, 2005, when the plaintiff were being transfer from the Wyatt Detention Facility, this must also include the name of the Female Commanding Officer who was also there. This information is need so that the plaintriff can sue the individuals who violated his Constitutional Rights and so that the This Court can excercise Jurisdiction over the proceedings.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on record on this the 12th day of March, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
plaintiff

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
defendants.

DATE. March 12th, 2007

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL.

The Federal Rules of Civil Procedures authorize "Extremely broad" discovery, and unless the documents are either irrelevant or privileged, they must be produce for inspection and copying pursuant to Fed. R. Civ. P. Rule 34. See United States v. Leggett & Platt, Inc., 542 F.2d 655, 657 (6th Cir. 1976).

Plaintiff now move this Honorable Court to intervene and compel the defendants to provide the discovery materials that the plaintiff requested. Plaintiff motion to compel must be granted, to the extent it seeks an order compelling the defendants to comply with their discovery obligations. The defendants violates their duty to provide the discovery. as provided in Fed. R. Civ. P. Rule 37(a)(2)(A). The rules requires that a party who files a Motion to Compel diccovery certify that it has "in Good Faith conferred or attempted to confer with the party not making the disclosure, in an effort to secure the disclosure without Court Action."

In the instant case the plaintiff has comply with the Rules Of the Local District Court of the United States, Rule 9(d)(2), by making attempt to confer with the defendants about the disclosure without Court intervention, to No Avail.

Here, the defendants defiance flies in the face of the purpose of the mandatory disclosure requirement delineated in Rule 26(a)(2),

which Rule 37(c) is intended to uphold and facilitate. See Fed. R. Civ. P. 26 Advisory Commitee's Report(stating that the treath of 'revised Rule 37(c)(1) is to provide an incentive for full disclosure."

The purpose of the detailed and complete disclosure report as contemplated by the advisory commitee's note, is, in part, to prevent an ambush at trial. See Thibeault v. Square D Co., 960 f.2d 239, 244 (1st Cir. 1992) stating that "This sort of disclosure is consonant the Federal Court desire to make a trial less a game of blindman's bluff and more a fair contest with the basis issues and facts disclosed to the fullest pratical exttent." The defendants failure to comply with the discovery process, frustrate the "Good Faith Effort requirement."

Plaintiff states that without the materials requested in the Production of document request, the plaintiff will not be able to prosecute the individuals that violated his Constitutional Rights, and will not have the documents to impeach testimony of the defendants when required.

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action . Fed. R. Civ. P. 26(b)(1). Furthermore, the information sought need not be admissable at trial as long as it appears reasonably calculated to lead to the discovery of admissable evidence. Id. A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bears on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed. 2d. 253(1978)In Atlantic Greyhound v. Lauritzen , 182 F.2d 540

(6th Cir. 1940) the Court states: "In accordance with the explicit language of Fed. R. Civ. P. 26(b)(1) party may obtain discovery of identity and location of person having knowledge of relevant facts or any discoverable matter.

WHEREFORE, plaintiff move this Honorable Court to grant this motion to compel and Order the defendants to provide the plaintiff with the requested documents as a matter of law and justice.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on this the 12th day of March, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472