UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANT CORNELL CORRECTIONS OF RHODE ISLAND, INC. AND OFFICER APRIL PERRY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants, Cornell Corrections of Rhode Island, Inc., and Officer April Perry, hereby object to Plaintiff's Motion to Compel Production of Documents. In support of their objection, Defendants rely upon and incorporate the accompanying memorandum.

Defendants,
Cornell Corrections of Rhode Island, Inc. and
Officer April Perry,
By their attorneys,

*/s/ Dennis T. Grieco II*

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304
dtg@gsm-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se #10676014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
This letter is to be opened in the presence
of the prisoner whose name is printed on the envelope.

The document has been filed electronically and it is available for viewing and downloading from the ECF system. I hereby certify that on the 30th day of March, 2007 a true and correct copy of the within was mailed first class, postage pre-paid to the above addresses.

*/s/ Dennis T. Grieco II*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CORNELL CORRECTIONS OF RHODE ISLAND, INC., AND OFFICER APRIL PERRY'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

## BACKGROUND

Defendants, Cornell Corrections of Rhode Island, Inc., and Officer April Perry hereby object to Plaintiff's motion to compel production of documents. Plaintiff propounded the requests in issue, his second set of requests for production, in August of 2006. Plaintiff moved to compel a response to his request for production of the documents requested in September of 2006. Defendants did not object and Plaintiff's motion was granted by Order of November 14, 2006. Defendants provided responses to Plaintiff's requests on January 16, 2007.

## ARGUMENT

### I. Defendants Have Responded to Plaintiff's Requests For Production.

As an initial matter, Plaintiff's contention that Defendants have failed to respond to his requests is patently untrue. (see, Plaintiff's Motion, p. 1, ¶ 2). Defendants did provide responses to Plaintiffs requests, as set forth below, and interposed objections appropriately. Accordingly, Plaintiff's allegations in this regard are completely groundless.

**II. Plaintiff's Motion to Compel a Response to Request No. 1 Should be Denied Because Plaintiff's Request is Duplicative, and Defendants Properly Redacted Irrelevant and Security-Related Information**

Plaintiff moves to compel a response to request no. 1 of his second request for production. Request no. 1, and Defendants' response is as follows;

**REQUEST No. 1:** Please provide a accurate and legible copy of the Officers Log Book located in the R&D area, and the Medical Housing area, a complete copy of the pages for the date of May 6, 2005 up until May 14th, 2005, from the medical housing area and a complete and accurate copy of the entire page for the date of May 25th, 2005 from the R&D area, showing the names of each Officers that brought food trays to the plaintiff while he was located in the medical housing area, and the names of each supervising Officers who made general tours of the medical housing area, from May 5th , 2005 up until May 14th, 2005, And a legible copy of the Officers Log Book located in the R&D area showing the names of all the Staff Officers who were located in the R&D area on the morning of May 25, 2005, including the names of all the Supervising Officers who were located in the R&D area on the morning of May 25th, 2005.

**RESPONSE:** Defendants object to Further Request No. 1 to the extent it seeks information already provided in Responses to Plaintiff's First Requests for Production No.'s 5, 6, 7 and 8. Without waiving said objection, no entries were made in the HSU Logbook from May 5, 2005 to May 14, 2005. Defendant further objects on the grounds that documents sought in this request are not reasonably calculated to lead to the discovery of admissible evidence and contain confidential health care information.

**ARGUMENT:** Plaintiff's motion to compel, as concerns Request No. 1 appears to be based upon the policies and procedures set forth in response to Defendants' Answers to

Plaintiff's Second Set of Interrogatories, attached to Plaintiff's instant motion. While admittedly, Plaintiff is correct that the log books of which he seeks full, unredacted discovery document detainees activities, meals, and rounds, the point that Plaintiff appears to have missed is that while the above may be true, it does not mean that any entries related specifically to him were ever made.

The information Plaintiff seeks by way of this Request had previously been provided in response to his first request for production, nos. 5, 6, 7, and 8. (attached hereto as Exhibit A[1]). In relevant part, Plaintiff's Request No. 5 of his first request for production asks the Defendants to "provide an accurate copy of the Log Book located in the R&D area for Morning of May 25, 2005, showing when the plaintiff left the facility." Plaintiff's First Request for Production, Request No. 5. Plaintiff's Request No. 6, phrased in the form of an interrogatory, sought discovery of the "full names and correct spelling of the Officers and Supervising Officers who were present in the R&D area on the Morning of May 25, 2005." Plaintiff's First Request for Production, Request No. 6. In Request No. 7, Plaintiff sought "the full name and correct spelling of the two Transportation Officers who were at the Facility on the Morning of May 25th, 2005, and who transported the plaintiff to the Transportation Depot from the Donald W. Wyatt Detention Facility." Plaintiff's First Request for Production, Request No. 7. In Request No. 8, Plaintiff sought discovery of "the Log Book located in the Hospital Housing area of the Facility where the plaintiff was located at (sic) from the time of May 6th, until May 14th, 2005."

Copies of the R & D log book that Plaintiff has requested have been provided in response to Plaintiff's first request for production, with unrelated entries redacted for

[1] Incorrectly bearing docket no. 00-011-T.

irrelevancy and security reasons. These redactions were proper since Plaintiff's claims do not involve any acts alleged to have been committed by any other inmate, and any activity pertaining to any other inmates is not otherwise in issue. Plaintiff has failed to demonstrate how information relative to other inmates is relevant to his claims. Therefore, this information is wholly irrelevant.

Plaintiff claims that full, unredacted disclosure of the log books could "reasonable (sic) lead to other matters, and could be used for impeaching the testimony provided by the defendants, and to name other defendants." Plaintiff's Motion, p.2 ¶ 2. Plaintiff ignores the fact that the redactions were not made to withhold the identification of any other potential defendants, but rather to protect the identities of other inmates. The other inmates have legitimate interest in the privacy of identifying information (See, Linn v. U.S. Dep't of Justice, 1995 WL 631847 (D.D.C. 1995). (privacy interests of third person non-parties must be balanced with the public interest in disclosure of identifying information). Even if this material is not privileged, Defendants properly redacted information in the interests of institutional security. (See, Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (evidence given by other inmates properly admitted under seal for prison security concerns where even redaction of identifying information was not sufficient). Finally, all information concerning any employee of the Wyatt facility who may have been present in the R&D area at the time of Plaintiff's transfer from the Wyatt facility, was provided to the Plaintiff in response to his First Request for Production, Requests Nos. 6 and 7.

Finally, Plaintiff seeks discovery of the Health Services Unit logbook for the period of time he claims to have been in that unit. Defendants have examined the

logbook, and there are no entries in that logbook for that period of time, much less any entries related to the Plaintiff.

Since Defendants have previously provided Plaintiff with the information sought by this Request, and any information redacted was done so properly, Plaintiff's motion to compel Defendants' response to Request No. 1 should be denied.

## III. Plaintiff's Motion to Compel a Response to Request No. 2 Should Be Denied Because There Are No Responsive Documents in the Possession, Custody or Control of the Defendants

Plaintiff moves to compel a response to request no. 2 of his second request for production. Request no. 2, and Defendants' response is as follows;

**REQUEST No. 2:** Please provide a accurate and legible copy of the plaintiff dietary needs that has been delivered to the food service provider by the medical staff, that ensured the plaintiff David Campbell would be given the correct meal with regards to his religious needs.

**RESPONSE:** Objection. This request is vague as it is unclear what document the Plaintiff is seeking. Without waiving said objection, Defendant does not have any written communications between the Health Services Unit and the Dietary Service regarding any restriction on the Plaintiff's diet.

**ARGUMENT:** Plaintiff's motion to compel appears also to be based on Defendant's answers to Plaintiff's second set of interrogatories (attached to Plaintiff's instant motion), interrogatory no. 8, and the policies and procedures set forth therein. In answering this interrogatory, Defendants stated that kitchen staff are made aware of approved dietary meals per protocol. In response to Plaintiff's third request for production of documents, Defendant Cornell Corrections of Rhode Island, Inc. provided those policies, as set forth

in the detainee handbook which is provided to detainees upon arrival at the Wyatt facility. Nothing in those policies indicates a requirement that the medical staff relay dietary preferences to food services. Rather, in the context of requests for religious diets, that request is made through the Program Administrator, who will consult with the appropriate religious chaplain who, upon approval, will relay that information to the dietary services staff. No such protocol was followed here, and no such approval given.

Defendants searched their files, and no communications between the health services unit and dietary services were found. Plaintiff is correct in pointing out that there is a statement in his inmate file that he is a vegetarian. There is also a note in his medical intake forms, also produced to the Plaintiff, to the same effect. Defendants have produced all documentation concerning Plaintiff's diet that they have. Therefore, since Defendants have adequately addressed the information sought, and notwithstanding Plaintiff's belief that some other document should exist, Plaintiff's motion should be denied.

## IV. Plaintiff's Motion to Compel a Response to Request No. 3 Should Be Denied Because Defendants Have Already Responded and No Documentation Responsive to This Request Exists

Plaintiff moves to compel a response to request no. 3 of his second request for production. Request no. 3, and Defendants' response is as follows;

**REQUEST No. 3:** Please provide a accurate and legible copy of the plaintiff refusal to eat, listed in the Officers Log Book located in the Medical Housing unit, from May 5th, 2005 up until May 14th, 2005.

**RESPONSE:** As this request replicates part of Further Request No. 1, please refer to defendants' Response No. 1.

**ARGUMENT:** Defendants properly directed Plaintiff to their response to request no. 1, as this request did in fact replicate the prior request. As set forth above, in response to Request No. 1, which sought, in relevant part "a complete copy of the pages for the date of May 6, 2005 up until May 14th, 2005, from the medical housing area", Defendants stated that there were no entries made in the HSU log book for that period of time. Defendants have examined the log book from the Health Services Unit, and notwithstanding Plaintiff's belief to the contrary, there are no entries whatsoever in the HSU logbook for the period of time that Plaintiff claims he was in the HSU. There is no documentation that Plaintiff was ever in the HSU to begin with. Simply put, since there are no entries in the HSU logbook for the period of time which Plaintiff claims he was confined therein, it necessarily follows that there is no entry concerning his claimed refusal to eat while allegedly confined therein. Since Defendants provided the only response they could to Plaintiff's request, Plaintiff's motion should be denied.

**V. Plaintiff's Motion to Compel a Response to Request No. 4 Should Be Denied Because There Are No Responsive Documents in the Possession, Custody or Control of the Defendants**

Plaintiff moves to compel a response to request no. 4 of his second request for production. Request no. 4, and Defendants' response is as follows;

**REQUEST No. 4:** Please provide any and all correspondence between the plaintiff David Campbell and any Medical Staff, Correctional Officers, Supervising Officers from the plaintiff regarding his Meal while the plaintiff was located in the medical housing unit from May 6th, May 14th, 2005.

**RESPONSE:** None.

**ARGUMENT:** Without objection, Defendants affirmatively stated that there were no such correspondences. Defendants have searched their files for any documentation responsive to this request, and have found none. Furthermore, as stated above, there is no evidence to suggest that Plaintiff was ever in the HSU to begin with. Defendants have been unable to locate any correspondence from anyone to anyone in food services regarding Plaintiff's dietary concerns, irrespective of Plaintiff's housing. Despite Plaintiff's assertions to the contrary, these documents, even if they do exist, are not in the possession, custody, or control of the Defendants.

## CONCLUSION

All the materials which Plaintiff seeks, to the extent they can be determined to exist, have been provided to him. No attempt is being made to conceal identities of potential defendants or relevant information and Defendants have complied with Plaintiff's discovery requests and Orders of this Court to date. For these reasons, and for those reasons set forth above, Plaintiff's motion should be denied.

Defendants,
Cornell Corrections of Rhode Island, Inc. and
Officer April Perry,
By their attorneys,

*/s/ Dennis T. Grieco II*

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304
dtg@gsm-law.com

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se #10676014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
This letter is to be opened in the presence
of the prisoner whose name is printed on the envelope.

The document has been filed electronically and it is available for viewing and downloading from the ECF system. I hereby certify that on the 30th day of March, 2007 a true and correct copy of the within was mailed first class, postage pre-paid to the above addresses.

*/s/ Dennis T. Grieco II*