UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
plaintiff,

DOCKET NO. 1:05-cv-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
defendants.

DATE. April 8th, 2007

PLAINTIFF'S MOTION IN OPPOSITION TO DEFENDANTS OBJECTION TO PLAINTIFF'S MOTION TO COMPEL.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. Rule 37, plaintiff hereby move this Honorable Court to deny the defendants Motion in Objection to Plaintiff's Motion to Compel Discovery.

Plaintiff states that the defendants mere assertion that the documents in question is privilege is not enough to satisfy the plaintiff and should not be enough to satisfy this Honorable Court. Thus plaintiff move this Honorable Court to conduct an In Camera Review of the documents in question to varify that these documents does not contain relevant information, material to the plaintiff claim, and if the documents in question is privilege. Plaintiff further states that the defendants has not met the burden of proof necessary to show that the documents is privilege documents. Thus the defendants Motion should be deny by this Honorable Court.

WHEREFORE, plaintiff prays that this Honorable Court deny the defendants Motion in Objection and Grant the plaintiff Motion to Compel Discovery. See plaintiff memorandum of law in support attached hereto.

Respectfully Submitted
David Campbell/Plaintiff
By: David Campbell

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 8th day of April, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
defendants.

DATE. April 2th, 2007

MEMORANDUM OF LAW.

The defendants contends that the information the plaintiff seeks are privilege informations relating to both prison Security and Medical Informational Records.

Plaintiff states that the records that he seeks does not contain Medical Information nor Prison security procedures, as stated by the defendants. The plaintiff request the names of the Officers who brought the feeding trays to the plaintiff while the plaintiff was located in the Medical Housing Unit, and any relevant statement that were lodge in the Officers Log Book located in the Medical Housing Unit pertaining the the plaintiff diet. Plaintiff also seeks the name of the female Commanding Officer who were in the R&D area of the facility on the morning of the plaintiff departure from the Wyatt Detention Facility. Who on the morning of May 25th, 2005, told the plaintiff that the plaintiff cannot take any of his legal Court documents with him in transport and that the plaintiff either give them a forwarding address or leave them in storage until an address is provided, which must be done within thirty days.

The defendants has stated that they have provided the plaintiff with the documents is not an accurate statement. the defendants has only reiterated their previously held position, which is Objections, The defendants have not provided an accurate copy of the Log Book

page for the day of May 25th, 2005. The copy that the plaintiff received is not an accurate depiction of the page. The should also list the names of the Officers who were located in the area and the name of the commanding Officer, who were there also.

The defendants states that it is departmental policy for the Officers to Log the activities of the prisoners in the Officers Log Books during rotation, feeding, recreation and so forth. It is now very suspicious that the only event that's not lodge is that which the plaintiff has complained of.

Plaintiff now states, in the Interest of Justice, this Honorable Court should conduct an In Camera Review of the documents the plaintiff requested to varify the defendants contention that the information the plaintiff seeks are not listed therein. Plaintiff states that in the absence of an In Camera Review, plaintiff will not get the information that is relevant and material to his claim. "In Camera Review is a highly appropriate and useful means of dealing with claims of [the deliberative process] privileged." Redland Soccer Club v. Department of Army of the United States, 55 F.3d 827, 853 (3rd Cir. 1995).

The Third Circuit has Counselled the District Courts that the initial burden of showing [the deliberative process] privilege applies is on the defendants. To meet this burden the defendants must present more than a bare conclusion that the documents sought are privileged. To assert the privilege three requirements must be satisfied. (1) First, there must be a formal claim by the Official with control over the matter after personal consideration; (2) the responsible Official must demonstrate by Affidavit precise and certain reason for presenting the confidentiality of the documents;

and (3) the documents at issue must be specifically identified and described. See e.g. Resident Advisory Bd. v. Rizzo, 97 F.R.D. 749, 753 (E.D. pa. 1983). See also Manna v. United States Department of Justice, 815 F. Supp. 798, 815 (D.N.J. 1993).

The defendants has not met this burden of proof necessary for the privilege to applies.

WHEREFORE, plaintiff prays that this Honorable Court conduct an In Camera Review and redaction of the documents in question to satisfy the Court that the information the plaintiff requested is not contained therein and to satisfy the Courts obligation that privilege does applies. If the documents are not privilege then the Court must issue an Order compeling discovery in favor of the pro-se plaintiff. And if the information the plaintiff seeks, even a scintilla, that could be use for the purpose of impeachment and identifying other defendants, this Court must consider the relevancy of the information and if found to be of material to the plaintiff claim, then the Court must Order them turned over to the plaintiff in full.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 8th day of April, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472