**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID CAMPBELL**

**v.** **C.A. No. 05 - 428 T**

**CORNELL CORRECTIONS INC.**, et al.

**ORDER**

David Campbell, an inmate who at one time was confined at the Wyatt Detention Center in Central Falls, Rhode Island, filed an action against Cornell Corrections, Inc., and various personnel at the Wyatt facility, challenging the conditions of his confinement. This matter is currently before the Court on the motion of the plaintiff to compel the production of documents pursuant to Fed. R. Civ. P. 37. In his motion, plaintiff seeks to compel the production of Document Requests 1, 2, 3 and 4. Defendants have objected. I will address each Request separately.

**a. Document Request 1.**

In his first document request, plaintiff seeks entries made in a logbook in the Medical Housing Area at the Wyatt facility from May 6, 2005 through May 14, 2005 and entries made in the logbook in the "R&D" area on May 25, 2005.

Defendants indicate that they provided the information requested with respect to the "R&D" logbook, redacting sensitive information unrelated to the plaintiff prior to its disclosure to protect the privacy of other inmates, see Linn v. U.S. Dep't of Justice, 1995 WL 631847 (D.D.C. 1995) and because of institutional security. See Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004). To the extent that plaintiff sought production of the Medical Services logbook, defendants have indicated that there are no entries during the period of time that plaintiff seeks.

Plaintiff supplied the Court with a Reply, wherein he requests that the Court conduct an *in camera* inspection of the material deemed by the defendants to be privileged. This Court concurs with the plaintiff's request.

Accordingly, the defendants shall produce to the Court, and only the Court, the "R&D" logbook entries made on May 25, 2005 for an *in camera* inspection. Additionally, the defendants shall identify to the Court which material it has provided to the plaintiff, which information was redacted, and basis for the redaction. Defendants shall file the document directly with the undersigned (i.e. defendants shall not file the documents electronically) within ten calendar days. Thereafter, the Court shall determine the plaintiff's motion to compel production of the "R&D" logbook.

To the extent that the plaintiff seeks to compel production of the logbook in the Medical Housing Area, plaintiff's motion is **DENIED** since there were no entries made during the time period requested.

**b. Document Request 2.**

Next, in his second document request, plaintiff seeks a copy of some unidentified document from the Health Services staff that was delivered to the food service provider which indicates the plaintiff's dietary needs. Defendants objected to the Request, asserting the Request is vague. Nonetheless, defendants indicate that they do not possess any written communication between the Health Services Unit and the Dietary Service with respect to plaintiff's dietary needs. Therefore, plaintiff's motion to compel production of Document Request 2 is **DENIED.** Defendants cannot produce that which does not exist.

**c. Document Request 3.**

In his third Request, plaintiff seeks a copy of some unknown document which indicates that he refused to eat from May 5, 2005 through May 14, 2005. Defendants objected and indicated that no such document exists. Since no such document exists, plaintiff's motion to compel this request is **DENIED.**

**d. Document Request 4.**

Finally, plaintiff seeks any and all correspondence between the plaintiff and the medical staff, correctional officers, and supervising officers regarding his meals while he was housed in the Medical Housing Unit "May 6, 2005, May 14, 2005." Defendants indicate that there were no such written correspondence. Accordingly, plaintiff's motion to compel this request is **DENIED**. Defendants cannot produce that which does not exist.

**IT IS SO ORDERED.**

Jacob Hagopian
Senior United States Magistrate Judge
April 17, 2007