IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. 8/20/07

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. 56(c), plaintiff hereby move this Honorable Court for a Grant of this Motion for Summary Judgment in favor of the movant.

Plaintiff states, the facts and evidence presented herein this case, is axiom that the defendants Prison Officials violated the plaintiff's First, Eight and Fourteenth Amendments Rights to the United States Constitution, and in so doing caused the plaintiff grievous harm, reckless endangerment and prejudice the outcome of two Civil Litigations that the plaintiff had pending in the District of Connecticut Federal Court, and the Connecticut State Superior Court.

CONCLUSION OF CASE.

WHEREFORE, plaintiff prays that this Honorable Court will make its ruling in favor of the plaintiff and grant this Motion For Summary Judgment, and Order a trial by jury. See memorandum of law attached hereto.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on record on this the 20th day of ~~July~~ August, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office of the Clerk
United States District Court
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. 20/8/07

MEMORANDUM OF LAW IN SUPPORT OF

MOTION FOR SUMMARY JUDGMENT.

FACTS:

Plaintiff David Campbell Pro-Se, brings this Civil Rights Action against the named defendants herein who are employees of the Cornell Corr. Inc., of Rhode Island, specifically the Donald W. Wyatt Detention Facility, for violating the plaintiff members Federal Rights, under the First, Eight and Fourteenth amendment to the United States Constitution.

Plaintiff has been incarcerated in the State of Connecticut from 1990(see statement of facts para. 2) and was transferred to the Wyatt Detention Facility on May 5th, 2005(see statement of facts para. 5) Throughout plaintiff entire incarceration the plaintiff has been listed under the Religion of Rastafarian, a Faith in which the plaintiff was born(see statement of facts para.4) Plaintiff has always eaten a Common-fare diet or a vegetarian diet since incarcerated, this Common-fare diet is a substitute for meat (see statement of facts para. 3) Plaintiff is presently housed at the U.S.P. Canaan, in the State Pennsylvania,(see statement of facts para.1) when the plaintiff entered the Wyatt Detention Facility in Rhode Island on May 5th, 2005, plaintiff told the intake Officer that he the plaintiff is a Rastafarian who does not eat meat and wish to be placed on a vegetarian no-meat diet(see statement of facts para.6)

the intake Officer told the plaintiff to express that desire with the medical personel who is in charge of prisoners diet. The plaintiff comply with the Officer statement and told the medical personel that he the plaintiff is a Rastafarian and does not eat meat and wish to be placed on a vegetarian diet(see statement of facts para. 7) that information was placed in the plaintiff medical file as Medical Alert "Vegetarian"(see statement of facts para. 8, and medical file exhibit hereto, listed as(Exhibit A. ))Prison Official brought the plaintiff meal trays consisting of Pork and other meat products, plaintiff explain to the Officers that he does not eat meat and wish to have a no-meat diet or vegetarian diet, Prison Officials refuse to give the plaintiff a vegetarian diet and told the plaintiff this is not "Club Med, you eat what you get." (see statement of facts para. 10) Plaintiff asked the Officer to place in the Log Book the plaintiff refusal to eat, and to list why, the Officer the plaintiff "you had a choice".(statement of facts para. 12)The plaintiff was not fed for Nine consecutive days(see statement of facts para. 8) Prison Officials refuse to sign the Log Book located in the Medical Housing Area, which is a requirement when taking meal trays in that area of the prison(see statement of facts para.21)Prison Regulation requires that the Log Book be signed in those area, Prison Officials failed to ensure that the policy of the Facility was been carried out by the staff(see statement of facts para. 23) Plaintiff refusal to eat for Nine consecutive days should have been lodge in the Log Book, because the Medical Housing Area, is Special Housing Area, not consider as part of the General Population.(see statement of facts para. 11, and response to plaintiff interrogatories listed here as(Exhibit B)) On May 25th, 2005, when the plaintiff

were been transferred from the Wyatt Detention Facility, plaintiff left his property in storage at the facility because Prison Regulation provide for such storage even without a forwarding address when leaving the facility(see statement of facts para. 14, and Prison Regulation attached hereto as(Exhibit C ))Plaintiff told the Prison Property Officer that he did not have a forwarding address to give because he does not have a resident in the United States, and that he has been Ordered deported by the United States Government(see statement of facts para. 20)on May 27th, 2005, and June 13th, 2005, the plaintiff wrote the Property Officer at the Wyatt Detention Facility notifying them of his location by Official Notarized letters and providing them with the address to the plaintiff location asking that they send the plaintiff property(see statement of facts para. 16) Prison Officials at the Wyatt Detention Facility was also contacted by third parties on behalf of the plaintiff, they were contacted by a Counselor at the Metropolitan Detention Center, and by Case Manager and Counselor at the U.S.P. Canaan(see statement of facts para. 19) Plaintiff Counselor at the U.S.P. Canaan was informed by Officer April Perry, of the Wyatt Detention Facility that the Property will be sent. (see statement of facts para. 18)Plaintiff legal Property was never sent by the Prison Officials at the Wyatt Detention Facility, even after plaintiff had explained to the property Officer before he left the facility that he needed those legal papers because they are for pending cases in court that he is representing himself in the pro-se capacity.(see statement of facts para. 22) Plaintiff Counselor and case manager at the U.S.P. Canaan, contacted the Prison Officials at the Wyatt Detention Facility on numerous occasions trying to get the plaintiff property, prior to the destruction of the plaintiff

property(see statement of facts para. 19, and copies of letters and other forms of correspondence to Wyatt Detention Facility Prison Officials listed herein as (Exhibit D)).

Summary Judgment Standard:

Federal Rules of Civil Procedures 56, provides that Summary Judgment is properly granted when there is no genuine issue of material facts and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L.Ed.2d 256, 106 S.Ct. 2548(1986) The fundamental maxim remains that on a motion for Summary Judgment, a court "cannot try issues of facts; it can only determine whether they are issues to be tried."Office & Professional Employees International Union v. United Auto, 524 F. 2d 1316, 1319-20 (6th Cir. 1975). As long as plaintiff has adduced sufficient facts to substantiate the element of his claim, Summary Judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L.Ed.2d 256, 106 S.Ct 2548 (1986). The party moving for Summary Judgment must demonstrate an absence of evidence to support the non-moving party's case, Celotex Corp. v. Catrett, Supra, 477 U.S. at 325. Once the moving party has made a preliminary showing that no genuine issue of material facts exists, the nonmovant must "produce specific facts," in trialworthy evidentiary form, to establish the presence of a trialworthy issue. Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants Summary Judgment to the moving party. In Re Spiger, 260 F.3d 27, 31(1st Cir. 2001) A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. In deciding a Motion for Summary Judgment, the Court must

review the facts and all reasonable inferences in a light most favorable to the non-moving party. Canada v. Union Elec. Co., 135 F. 3d 1211, 12 (8th Cir. 1997).

Argument:

Eight and First Amendment Violation:

Plaintiff herein states that the defendants Prison Official at the Wyatt Detetion Facility, violated his First and Eight Amendment Rights to the United States Constitution, which prohibit the deprivation of Freedon of Religion, and the prohibitation of Cruel and Unusual Punishment. The applicable decisional law in this matter is First and Eight Amendment Jurisprudence from the United States Supreme Court. "Prison Official violate the eight Amendment prohibitation on Cruel and Unusual Punishment if they are deliberate indifferent to some basis human need of a prisoner such as food, clothing, shelter, medical care or safety. See Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To establish deliberate Indefference, a prison Official must be more than merely negligent. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Rather he must know of, or infer from the circumstances, a risk of harm or injury that, "is not one that today's society chooses to tolerate." Yet fail to take reasonable action to mitigate or eliminate that risk. Farmer v. Brennan, 511 U.S. 825, 834, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

In the instant case, the prison officials fails to take necessary action to mitigate or eliminate the risk of harm to the plaintiff, by failing to ensure that the Regulations of the Prison are been followed by the Prison Staff. Had Prison Officials check the Log Book Located in the medical Housing Area, they would have notice that there were no entries made for Nine Consecutive days concerning the prisoners

in that area, there were no indication if they are been fed or, which officer(s) brought the meal trays to the prisoners and or any comments made concerning the prisoners diet. Prison regulations requires that the Log Book in that area of the Prison Facility be Logged into by an Officer during each tour of that area, Counts and feeding time. Had prison Officials made these inquiries into the log Book, they would have notice that the plaintiff was not fed for Nine consecutive days and that plaintiff numerous complaints to both medical staff and prison staff were not recorded. In doing so the prison officials fails to mitigate or eliminate the risk of harm or injury to the plaintiff. The denial of food for Nine consecutive days must be considere as extreme deprivation, and not just routine discomfort that criminal offenders pay for their offence against society. This deprivation of food that the plaintiff had suffered for nine consecutive days at the hands of Prison Officials, violate the minimal civilized measure of life's necessities, and is sifficiently grave to form the basis of an Eight Amendment violation.

The Court in Jackson v. Austin, 2002 U.S. Dist. LEXIS 8473: April 29th, 2002, Decided Opinion. The Court states: "When Prison Official maliciously and sadistically use force to cause harm, contemporary standard of decency always are violated." see Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct. at 1088, this is true whether or not suffient injury is evident. Otherwise, the Eight Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some abitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eight Amendment as it is today.

In the instant case this Court must view the actions of the

defendants as malicious and sadistic, the actions of the defendants was done to cause harm and or injury to the plaintiff, and was done knowingly by the defendants. The plaintiff told the Prison Officials that he is a Rastafarian and does not eat meat and requested a vegetarian diet, or a no-meat diet, and was told by Prison Official that this is not "club med, eat what you get or do without." This information that the plaintiff is a vegetarian is lodge in the plaintiff medical file as "Medical **Alert, Vegetarian**", this insert into the plaintiff's medical file was done by the facility physican, or the physican aide, and should had been treated as a medical alert. In Farmer v. Brennan, Supra, 511 U.S. 825 at 835, the Court states: "Prison Official acted with a sufficient culpable state of mind for the very purpose of causing harm.

If a Prison Inmate is provided with adequate food, clothing, shelter, medical care and sanitation, the condition of his or her confinement, do not on their face violate the Eight Amendment, Sheley v. Dogger, 833 F.2d 1420(11th Cir. 1987); The deprivation of food constitute cruel and unusual punishment only if it denies a prisoner the minimal civilized measures of life's necessities. see Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); missing one meal hardly meets this threshold; even on a regular permanent basis, it has been held that two meals a day may be adequate amount of food. Green v. Ferrell, 801 F.2d 765, 770 (5th Cir. 1986).

In the instant case the plaintiff was denied food for Nine consecutive days by Prison Officials, this violates the contemporary standard of decency. When the plaintiff entered the Wyatt Detention Facility in May of 2005, plaintiff told the Prison Officials that he is a Rastafarian and does not eat meat, Prison Officials asked the

plaintiff "what is a Rastafari, I have never heard of them." Plaintiff then explain to the Prison Officials what a Rastafari is and some of the basis principles one of which is not to partake in the eating of flesh. On or about the 10th day of May, plaintiff spoke to a nurse and told her that he has not eaten since he entered the facility on May 5th, 2005, because he does not eat meat and thats all they are bringing to feed him, plaintiff told the nurse that he is a Federal Prisoner and they are violating his Rights. the nurse told the plaintiff, "this is a private prison we can do whatever we want."

Many Courts have recognized that prison authority must accomodate the rights of prisoners to receive diets consistent with their religious scruples. See Kahane v. Carlson, 527 F. 2d 492 (2nd Cir. 1975)

The third Circuit argued that,"Prison regulations alleged to infringe on Constitutional Rights are judge under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringment of fundamental Constitutional Rights." A prison Rugulation or practice which infringes on inmates' Constitutional Rights "is valid if reasonably related to legitimate penological interest." Cooper v. Tard, 855 F.2d 125, 128 (3rd Cir. 1988). In this instant case there was no penological Interest at issue. When the plaintiff was move to the general Population section of the prison, on May 14th, 2005, plaintiff spoke with a counselor and explained that he has not eaten since May 5th, 2005, because he does not eat meat, and no one has ensure that he receives a no-meat diet, plaintiff explained that he is a Rastafarian and vegetarian. immideately thereafter, the plaintiff began to receives a vegetarian diet.

For Nine consecutive days the Prison Officials force the plaintiff to choose between the tenets of his faith, and a meat filled diet. The only choice that the plaintiff had was to eat the meat or

go without food. when the plaintiff complained the Prison Official told the plaintiff,"you had a choice." This action must not be charscterized as a free choice. Its improper to require a prisoner to choose between adequate nutrition and observance of tenets of his faith. McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987): In Allen v. Honolulu, 84 F. Supp. 1501 (D. Haw. 1993), the court deals with a prisoner been forced to choose between two Fundamental Rights, the Court ruled that been forced with such a choice violates the Constitution. "Both the Right of access to the Court and the Right to outdoor exercise are important ones, to sanction the policy of forcing a prisoner to choose between two important, indeed fundamental Right is tantamount to denying the prisoner of one of the Rights. For example, few would question the unconstitutionality of requiring a prisoner to forgo meals on a day he visits the infirmary. The fact that a prison official afford an inmate one privilege secured by the constitutiona does not give that official license to deny the inmate other Constitutionally protected Rights."

In the instant case the prison official action in denying the plaintiff one of his rights that is secured by the constitution of the United States, His Rights to Freedom of Religion or, his Right to be free from cruel and unusual punishment, is a violation of the United States Constitution. The plaintiff suffered weight loss and tightness of throat for several days, leading up to months to recover his weight.

First Amentdment Violation:

On May 25th, 2005, when the plaintiff was leaving the Wyatt Detention Facility, plaintiff was told that he cannot take his legal property with him, and that he must leave a forwarding address for them to send the property to. Plaintiff explained to the property Officer that he does not have an address in the United States to send

the property, and that he also needs these legal materials to write the court and contest legal court proceedings that was pending in court. Plaintiff told the prison officials that he is a deportable Alien who has been ordered deported by the United States Government, and has been in prison since 1990, and that he is proceeding as a pro-se litigant in two civil cases, and cannot afford to do away with the documents. After much arguing the prison official told the plaintiff that he can leave them in storage for a period of thirty days within which time they must be provided with an address to send the legal property.

On May 27th, 2005, and June 13th, 2005, the plaintiff wrote the property officer at the Wyatt Detention Facility an Official Notarized letter with the address to the plaintiff location notifying them of where to send the plaintiff property. In August the plaintiff was told that his property was destroyed because he failed to leave a forwarding address when departing the facility. Plaintiff now state that the defendants deny him access to the court by destroying his legal court documents which was for pending litigation in court, and that they the prison officials knew that the plaintiff needed those documents to present in court. They were made aware of the importance of the documents. To prevail on a Denial of Access to Court claim, a prisoner must demonstrate prejudice or harm by showing that his ability to pursue a "nonfriviolous", "arguable" legal claim was hindered by defendants actions. Christopher v. Harbury, 536 U.S. 403, 415, 112 S.Ct. 2179, 153 L.Ed.2d 413 (2002). An inmate must show more than the ability to file a claim in order to succeed on a Access to Court claim, he must show that he would have been able to bring a nonfriviolous claim with arguable merits-- he must show an actual injury. Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174, 135

L.Ed.2d 606 (1996).

In the instant case, plaintiff states that both of his cases was already pending in Court, One was pending in the United States District Court for the District of Connecticut, and the other in the Connecticut State Superior Court. Both cases was later dismissed because the plaintiff could not adequately argue the case or present any evidence to challenged the Summary Judgment motions that the defendants in that case filed. All of the plaintiff evidentiary materials were destroyed when the prison official at Wyatt Detention Facility destroyed his property. Plaintiff had presented two nonfrivolous cases in court and could have won, or gain some satisfaction, if not on the merit of the case, it is probable that plaintiff could have force the defendants in those cases to come to some form of compromising settlement. "In order that a judgment or decree should be on the merit it is not necessary that the litigation should be determined 'on the merits' in the moral or adstract sence of the word, it is sufficient that the status of the action was such that the parties might have their suit disposed of if they had properly presented and managed their prespective case." United States v. Oregan Lumber, 260 U.S. 290, 67 L.ed. 261.

In the instant case, the plaintiff was never given a chance to properly present his case, because prison officials destroyed his legal court materials. "Once plaintiff presented a nonfrivolous arguable legal claim, the loss or destruction of his legal court file or records violates the access to court doctrine." Christopher v. Harury, 536 U.S. 403 at 415.

Plaintiff states that prison policy provides for the plaintiff to leave his property in storage at the prison facility for a period of thirty days without leaving a forwarding address.(see Exhibit F.6)

The plaintiff did contact the Wyatt Detention Facility Property Officer before the thirty days limitation was expired. Therefore, Prison Officials action in destroying the plaintiff legal documents was malicious and deliberate, it was done to cause harm. The prison Officials knew that the plaintiff was representing himself in legal proceedings in a pro-se capacity, and that those documents once loss would not be able to recover, and would thus causing harm to the plaintiff case. "To establish a claim under this section proscribing a deprivation of Rights, plaintiff must have suffered the deprivation of Federally Protected Rights , Privileges or immunities as a result of action taken and such deprivation must have been cause by a person acting under color of State law. Triplet v. Azordegan, 570 F.2d 819 (8th Cir. 1978). In Brown & Williamson Tobaco Corp. v. Jacobson, 827 F.2d 1119, 1134-36 (7th Cir. 1987)(applying presumption where employee engage in selective destruction of documents that he knew were relevant to litigation against defendant and where he ofered noncredible justification for destruction.)

Plaintiff states, that the destruction of documents is sufficient by itself to support a adverse inference even if no other inference exists, because the prison officials knew that the documents were relevant to the plaintiff legal court cases at the time they destroyed them. "The taking of prisoners legal papers states a claim under 42 U.S.C. § 1983, or § 1985, if the taking results in interference with or infringment of the prisoner's Constitutional Rights of Access to the Court." Signfus v. Brown, 416 F. 2d 105, (7th Cir. 1969). "To make out a § 1983 claim that he [plaintiff]had been denied reasonable access to the court, an inmate must show that the alleged deprivation actually interfered with his access to the court or

prejudice an existing action." Hikel v. King, 659 F. Supp. 337, 340 (E.D.N.Y. 1987).

CONCLUSION OF CASE.

WHEREFORE, plaintiff prays that this Honorable court will make its ruling in favor of the pro-se plaintiff. The plaintiff has a Constitutional Rights to Freedom of Religion a Rights which has been clearly establish. The plaintiff has a Constitutional Rights to be fed under the Eight Amendment to the United States Constitution, A Rights which has been clearly established, and that the burden placed upon the plaintiff by prison official was not in furtherance of some compelling governmental interest, but was done maliciously to cause harm to the plaintiff. The plaintiff has a Constitutional Rights of Access to the Court. The plaintiff had presented two seperate legal actions in court both of which were nonfrivolous claims, and the destruction of the plaintiff legal materials caused prejudice to the plaintiff cases, and violated the plaintiff's Constitutional Rights of Access to the Court. This court must make a ruling in favor of the plaintiff and schedule this case for trial.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF CASE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 20th day of ~~July~~ August, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of the Clerk
United States District Court
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472