IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. 8/20/07

STATEMENT OF MATERIAL FACTS

NOT IN DISPUTE.

1.) Plaintiff David Campbell Pro-Se, is a Federal Prisoner housed at the U.S.P. Canaan, in the State of Pennsylvania, at the behest of the United States Attorney General.

2.) Plaintiff has been incarcerated since 1990, in the State of Connecticut, and has been held at various Correctional Institutions in the State of Connecticut at the behest of the Connecticut Department of Correction Commissioner.

3.) Throughout the plaintiff confinement in the State of Connecticut Correctional Facilities, the plaintiff has been placed on a Common fare diet which is a vegetarian diet offered as an alternative to meat.

4.) Plaintiff was born in the Rastafarian Faith and has never eaten meat or meat by-products, plaintiff is a strict vegetarian.

5.)On May 5th, 2005, plaintiff was transfer from the State of Connecticut Correctional Facility to the Wyatt Detention Facility in the State of Rhode Island, by Federal Marshals.

6.)Upon entering the Facility the plaintiff told the intake Officer that he the plaintiff is a vegetarian and wish to be placed on a no-meat vegetarian diet. Plaintiff was told to express that desire with the medical personel who is incharge of prisoner's diet.

7.) Plaintiff informed the medical personel during the intake interview that he is a Rastafarian who does not eat meat and wish to be placed on a vegetarian diet.

8.)It is listed in the plaintiff medical file that plaintiff is a vegetarian. yet plaintiff was not fed for Nine consecutive days because the Prison Officials only brought Pork and other meat products to the plaintiff, when it is listed in the plaintiff medical file as "Medical Alert, Vegetarian".

9.) The Wyatt Detention Facility Regulation states that it does not provide a vegetarian, or no red meat diet to prisoners.

10.) Plaintiff was told that this in not "Club Med" when the plaintiff complaint to the Prison Officials that he does not eat meat and wish for a no-meat diet

11.) Plaintiff was housed in the Medical Area Housing Unit of the prison which is not a part of the general population.

12.) Plaintiff refused to eat the pork, and other meat products and asked that his refusal be lodge in the Log Book located in that area of the prison, the Officers told the plaintiff that he had a choice.

13.) Prison Regulation states that Medically necessary diets are proscribed by the facility physican.

14.) Prison regulations provide for prisoners to leave property in storage for a period of thirty days even without leaving a forwarding address, and must be claimed within thirty days of release or transferred from the Facility, by notifying the property officer where to send the property that was left at the prison facility.

15.) Plaintiff did sign this regulation.

16.) Plaintiff sent two seperate Official Correspondence to

the Property Officer at the Wyatt Detention Facility, notifying said property officer of the plaintiffs' location and where to send the plaintiff property that was left at the facility.

17.) The property Officer at the Wyatt Detention Facility was also contacted by a third party on behalf of the plaintiff, on several occasions before the destruction of the plaintiff property, notifying them of where to send the plaintiff property. This notification was done before the thirty days deadline was expired.

18.) Prison Official told the third party who contacted them on the plaintiff behalf, that property would be sent.

19.) Prison Official were contacted on numerous occasions on behalf of the plaintiff by Counsel at the Metropolitan Detention Center Case Manager, and Counselors at the U.S.P. Canaan, notifying them of the plaintiff whereabouts and of where to send the plaintiffs' property before the destruction of the plaintiff's property.

20.) Plaintiff told the Prison Officials that he the plaintiff was a deporatble Alien, ordered deported by the U.S. Government and did not have a resident in the United States to send the property.

21.) Prison Regulations requires that any Personel taking meal tray to the prisoners housed in the Medical Housing Unit, sign the Log Book located in that area, by listing the time meal was served and and the names of the individuals who brought the meal to that area.

22.) Plaintiff told the Prison Officials that he needed his property to file legal papers with the court, because he has two pending cases in court and is representing himself as a pro-se plaintiff, and had nowhere to send the property, so he could not provide them with a forwarding address at the time he was leaving the facility.

23. The Log Books located in the Medical Housing area was not

signed by the Officers taking the meal trays to the plaintiff. Prison Officials failed to ensure that the Regulation was followed and the Log Book were signed indicating who brought meal trays to the plaintiff and what comments were made by plaintiff.

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all party on record on this the 20th day of ~~July~~ August, 2007. A copy was sent to the Office of the following:

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of the Clerk
United States District Court

119 Federal Building & Courthouse
One Exchange Terrace,
Providence, RI. 02903.

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472