UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANTS CORNELL CORRECTIONS OF RHODE ISLAND, INC., (incorrectly identified as Cornell Corrections, Inc.) AND OFFICERS APRIL PERRY, GEOFF WESTON AND HENRY PAUL'S STATEMENT OF DISPUTED FACTS IN RESPONSE TO PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

1.) Undisputed.

2.) Undisputed.

3.) Undisputed.

4.) Undisputed.

5.) Undisputed insofar as the fact of transfer is concerned. Plaintiff was not received at the Wyatt facility until the morning of May 6, 2005. (See, Exhibit B to Defendants' Statement of Undisputed Facts; Facility Booking Sheet, setting forth the dates of arrival and departure of the Plaintiff at the Wyatt facility.

6.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this

fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

7.) Undisputed.

8.) This claim is undisputed only insofar as the fact that it is listed in the Plaintiff's medical file that he is a vegetarian. This fact is nonetheless not material for the reasons set forth in the accompanying memorandum of law. The remaining factual allegations in this paragraph are disputed as follows; the Plaintiff was given food. In ¶ 16 of Plaintiff's Amended Complaint, Plaintiff states that food was brought to him. Furthermore, the Plaintiff cannot identify any portions of the record which would support the remaining claims in this paragraph. Although the Defendants cannot identify any evidence in the record which would directly contradict the Plaintiff's remaining assertions in this paragraph, nonetheless, even taken as true, these facts are not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

9.) Undisputed. However, Wyatt policy also provides that an inmate seeking a kosher meal may seek an accommodation through his Program Administrator, and the request would be forwarded to the appropriate chaplain who would then interview the inmate and either approve or deny the request. (See, Exhibit A, Detainee Orientation Booklet, p. 15, ¶ 21).

10.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard. Although the Defendants cannot identify any evidence in the record which would contradict the

Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

11.) Disputed. See, Exhibit B to Defendants' Statement of Undisputed Facts; Facility Booking Sheet, setting forth the dates of arrival and departure of the Plaintiff at the Wyatt facility as well as setting forth his housing in the "Main" unit. Furthermore, Plaintiff has not identified any evidence in the record to support his allegations that he was ever housed in the medical housing unit.

12.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

13.) Undisputed. However, Plaintiff does not set forth any evidence that his claimed diet was "medically necessary".

14.) Undisputed.

15.) Undisputed.

16.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard insofar as the receipt of the information purportedly relayed to the Defendants. Although the Defendants cannot identify any evidence in the record which would

contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

17.) Disputed. Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard insofar as the receipt of the information purportedly relayed to the Defendants. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

18.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard insofar as the receipt of the information purportedly relayed to the Defendants. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

19.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard insofar as the receipt of the information purportedly relayed to the Defendants. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even

taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

20.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

21.) Undisputed.

22.) Disputed. Simply put, there is no evidence whatsoever in the record to support the Plaintiff's allegations in this regard. Although the Defendants cannot identify any evidence in the record which would contradict the Plaintiff's assertions in this paragraph, nonetheless, even taken as true, this fact is not material for the reasons set forth in the Defendants' accompanying Memorandum of Law.

23.) Undisputed to the extent that the log book was not signed. The remainder of the claims in this paragraph are disputed. See, Exhibit B to Defendants' Statement of Undisputed Facts; Facility Booking Sheet, setting forth the dates of arrival and departure of the Plaintiff at the Wyatt facility as well as setting forth his housing in the "Main" unit. Furthermore, Plaintiff has not identified any evidence in the record to support his allegations that he was ever housed in the medical housing unit.

Defendants, Cornell Corrections
of Rhode Island, Inc. (incorrectly identified as Cornell Corrections, Inc.) Officer April Perry, Officer Geoff Weston and
Officer Henry Paul,
By their attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

## CERTIFICATE OF SERVICE

David Campbell, Pro Se #10676014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
This letter is to be opened in the presence
of the prisoner whose name is printed on the envelope.

I hereby certify that on the 10th day of September, 2007, I mailed a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco II