UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL,
Plaintiff

VS. C. A. NO. 05-428 T

CORNELL CORRECTIONS OF
RHODE ISLAND, INC., ET AL,
Defendants

**DEFENDANT CORNELL CORRECTIONS OF RHODE ISLAND, INC., (incorrectly identified as Cornell Corrections, Inc.) AND OFFICERS APRIL PERRY, GEOFF WESTON, AND HENRY PAUL'S STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff, David Campbell, is a prisoner lawfully confined to the United States Penitentiary-Canaan in Pennsylvania. (Exhibit A, Plaintiff's Answers to Interrogatories, ¶ 1).

2. The Plaintiff was a detainee at the Donald W. Wyatt Federal Detention Facility in Central Falls, Rhode Island between May 6, 2005 and May 25, 2005. (Exhibit A, Plaintiff's Answers to Interrogatories, ¶ 4; Exhibit B, Facility booking sheet, produced in response to Plaintiff's First Request for Production of Documents No. 1).

3. Plaintiff had previously been a prisoner at the Ellis-MacDougall Federal Correctional Facility and at the Cheshire State Correctional Facility, both in Connecticut. (Exhibit A, Plaintiff's Answers to Interrogatories, ¶ 5).

4. Upon his arrival at the Wyatt facility on May 6, 2005, the Plaintiff was given and he signed a "Financial Responsibility Statement", which provided that in the event he was released or transferred from the Wyatt facility, he would have thirty (30) days to contact the facility and notify the property officer where to send his

property. (Exhibit C, Financial Responsibility Statement, produced in response to Plaintiff's Third Request for Production of Documents, Response 3).

5. The "Financial Responsibility Statement" also contained a provision which stated that, "[i]f I do not contact the facility within 30 days, please send my property to the following address of a responsible individual who will receive my personal belongings." (Exhibit C, Financial Responsibility Statement, produced in response to Plaintiff's Third Request for Production of Documents, Response 3).

6. Plaintiff also was presented with a "Returned Property Form" which requested that Plaintiff fill in the name, address, and phone number of someone who could receive his personal property and waived the liability of Wyatt for any property returned back to the facility. (Exhibit D, Returned Property Form, produced in response to Plaintiff's Third Request for Production of Documents, Response 3).

7. Plaintiff did not provide a forwarding address for his property upon arrival or departure from the Wyatt facility. (Exhibits C and D, Financial Responsibility Statement and Returned Property Form, produced in response to Plaintiff's Third Request for Production of Documents, Response 3).

8. On July 29, 2005, Plaintiff's property left behind at the Wyatt facility was destroyed. (Exhibit E, Memorandum from Plaintiff's inmate file dated May 2, 2006 to Jean Singleton from Frank Botelho; Exhibit F, Log Entry dated 7/29/05 documenting destruction of Plaintiff's property left at Wyatt; all produced in response to Plaintiff's Third Request for Production of Documents No. 6).

9. Plaintiff claims to be a member of the Rastafarian faith. (Amended Complaint, ¶ 14; Exhibit A, Plaintiff's Answers to Interrogatories, ¶ 9).

10. Plaintiff claims that the diet mandated by his faith prohibits him from consuming meat, eggs, or alcoholic beverages and that all food must be prepared in a kosher manner. (Exhibit A, Plaintiff's Answers to Interrogatories, ¶ 9).

11. On March 17, 2006, in the United States District Court for the District of Connecticut, Plaintiff lost, in part, a motion for summary judgment in a suit he brought against the warden and several guards of a prison in Cheshire, Connecticut. (Campbell v. Dzurenda, 2006 WL 691996 (D.Conn. 2006); Exhibit G, Plaintiff's Response to Officer Perry's Request to Provide More Responsive Answer to Interrogatory No. 10.)

12. On March 27, 2006, in Superior Court in Hartford, CT, Plaintiff lost a motion to dismiss in another suit he brought against a prison counselor and grievance coordinator at another prison in Suffield, Connecticut. (Campbell v. Mawhinney, 2006 WL 1000055 (Conn.Super. 2006); Exhibit G, Plaintiff's Response to Officer Perry's Request to Provide More Responsive Answer to Interrogatory No. 10.).

13. In the Mawhinney case, the Plaintiff filed an objection and memorandum in support of his objection the Defendants' motion to dismiss. (Exhibit H, Campbell v. Mawhinney, Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss).

14. On January 19, 2007, the remainder of Plaintiff's claims in the Dzurenda matter were voluntarily dismissed. (Exhibit I, Stipulation of Dismissal).

15. The policy at the Wyatt facility is that inmate property that remains unclaimed for more than thirty (30) days will be disposed of or destroyed. When no instructions are documented the inmates property will be disposed of or destroyed, but not less than thirty (30) days from the date of the release, escape or death. (Exhibit J, Detainee Orientation Booklet, p. 16, produced in response to Plaintiff's Third Request for Production of Documents, No. 4).

16. Plaintiff received a copy of the Detainee Orientation Booklet on May 6, 2005. (Exhibit K, Financial Responsibility Statement, produced in response to Plaintiff's Third Request for Production of Documents, Response 3).

Defendants, Cornell Corrections
of Rhode Island, Inc. (incorrectly identified as Cornell Corrections, Inc.) Officer April Perry, Officer Geoff Weston and
Officer Henry Paul,
By their attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644 - Fax: 331-9304

**CERTIFICATE OF SERVICE**

David Campbell, Pro Se #10676014
U.S.P. Canaan
P.O. Box 300
Waymart, PA 18472
This letter is to be opened in the presence
of the prisoner whose name is printed on the envelope.

I hereby certify that on the 10th day of September, 2007, I mailed a true copy of the within to counsel of record, as above.

/s/ Dennis T. Grieco II