RECEIVED JUN 8 2006

F

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

DAVID CAMPBELL RPO-SE
Plaintiff,

C.A. NO.05-428T

vs.

CORNELL CORR. INC., ET. AL.

DATE. June 6th, 2006

PLAINTIFF'S RESPONSE TO DEFENDANTS REQUEST FOR INTERROGATORIES.

1.) David E. Campbell, (D.O.B. 8/28/1962), Martial Status, single. Present Address,U.S.P. Canaan, P.O. Box 300, Waymart, Pa.18472. Social Security Number and home address is irrevelant to the present case.

2.) See detail described in Plaintiff's complaint.

3.) See answer to question (2) two.

4.) The plaintiff is a Federal Prisonerwho was housed at the Donald W. Wyatt Detention Facility in Rhode Island, at the behest of the United States Government. The defendants assumed the responsibility of the Federal Government pursuant to 18 U.S.C. § 1486. See also 28 C.F.R. § 0.111 (k), 551.101 (2001), The defendants know or should have known that their action was in violation of some Constitutional Law in denying the plaintiff food and destroying the plaintiff legal court documents.

5.) Osburn Corr. Inst., Corrigan Corr. Inst., Garner Corr. Inst., Cheshire Corr. Inst., MacDougall Corr. Inst., Walker Corr. Inst., all facilities listed are in the State of Connecticut specific address are unknown, dates are unknown, plaintiff

custody were a Level 4., Disciplinary charges were made against the plaintiff discription of charges and dates are unknown, results are vary. Several Law Suits were filed on behalf of the plaintiff for Cruel and unusual punishment name of the cases are , Campbell v. Meachum Et. al., settled. Campbell v. Strange et. al. settled. Campbell v. Dzurenda et. al. plaintiff legal possession was destroyed by the authorities at the Donald W. Wyatt Detention Facility in Rhode Island causing the court to dismiss the plaintiff case when their were no material evidence to prove his case. Campbell v. Mawhenny et. al. evidence were destroyed by the authorities at the Donald W. Wyatt detention Facility in Rhode Island causing the plaintiff case to be dismiss by the court for lack of evidence to prove case.

6.) Motor vehicel violation, drugs possession, gun possession assault with fire arm, robbery, kidnapping, dates of charges and crime are unknown due to the destruction of plaintiff legal court documents. Name and address of entity charging plaintiff are unknown, due to the destruction of plaintiff legal court documents by the defendants. Conviction vary.

7.) Answer to this question will be available when the defendants provide a response to the plaintiff request for interrogatories and production of Documents.

8.) See answer to question number (7) seven.

9.) I have been a Rastafarian for as long as I have been alive 44 years to be exact. I have been observing the Rastafarian Diet for 44 years. Meat, Wine, Eggs, or any meat products.

A Rastafarian food must be prepared in Kosher manner. There are no special dishware or utensils for eating.

10.) I requested a no-meat diet, no- eggs.

11.) I was served a diet consist of port, eggs, hamburgers, beef products, chicken, and other meat products. These foods are forbiden to eat in the Rastafarian Culture and the Nazarite Diet.

12.) I was fed Chicken, Pork, Hamburger, Eggs, Beef Products, and other meat source, for nine consecutive days, all the Officers who brought the food tray were told by the plaintiff that he does not eat meat, and request something else to eat. Including Lieutenant Reis. The names of the other Officers who served the plaintiff will be known when the defendants response to the plaintiff request for Interrogatories and Production of Documents.

13.) I was given a Peanut Butter Sandwich and a Apples by a Captain name unknown, Soy milk, Red beans, and Rice, Orange Juice and breakfast Cereal, from the Fifteenth day of May until I left the facility, these food were supplied by the kitchen staff, after the Unit counselor from B-Unit spoke to them on my behalf.

14.) Tightness of throat, sore throat, diziness, weakness, loss of weight.

15.) On May 25th, 2005, I spoke with the Lieutenant that were present in the property room area/R&D, after been informed that I cannot take my legal Court Documents with on the trip I was told that I can leave them in storage for thirty days I then requested a property storage form signed it and gave

22.) I made a request to Counselor Cuttins at the Metropolitan Detention Center, Orally, on May 28th, 2005, she did accepted my request and acted upon it by contacting the authorities at the D.W.W.D.F., in my presence. I also contacted my Unit Counselor Mr. Calpin made a written request to him on June 13th, 2005, contact was made with the D.W.W.D.F.

23.) I sent an Inmate Request to Staff to Counselor Calpin, at the U.S.P. Canaan, Letter was sent to United States Attorney General's Office, specifically A.G. Mr. Gonzales, at 950 Pennyslvania Avenue, NW. Washington, DC. 20530-0001. Attempt at Informal Resolution, for Administrative Remedy. See attached documents.

Respectfully Submitted

David Campbell/ Plaintiff

By: [signature]

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472