RECEIVED FEB 0 2 2007

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET NO. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC. ET AL.,
Defendants.

DATE. January 30th, 2007

RESPONSE TO OFFICER APRIL PERRY REQUEST

TO PROVIDE MORE RESPONSIVE ANSWER

TO INTERROGATORIES.

The plaintiff David Campbell Pro-Se, hereby provide the Defendant Officer April Perry with a more responsive answer to the Request for Interrogatory, pursuant to Fed. R. Civ. P. 33.

INTERROGATORY NO. 10: Give a particular discription of all injuries or damages of any kind, alleged to have been suffered by you as a result of your claim that your legal materials were destroyed, identifying by caption, court or tribunal, and civil action number, any litigation, proceeding or claim you contend was impacted and how and to what extent you were damaged thereby.

ANSWER NO. 10: The legal materials that were contained in the plaintiff's folders were several Affidavits given by several different eyewitnesses, givin there first hand account of seeing Officers at the Cheshire Corr. Inst. in Connecticut smoking cigarette and tobaco in the Inmates Housing Units, constantly. There were several Inmate Request to Staff and their supervisors concerning the smoking of cigarette and tobaco in the inmates housing units, and the responses to these requests. There were inmate grievance and response from staff to show that the plaintiff did exhaust the Administrative remedy process. There were reports from the Center of Disease and Control and

Prevention, discribing the various harm that exposure to second hand cigarette and tobaco smoke causes. There were Conn. Gen. Statutes, and Department of Correction Regulations that prohibits the smoking of cigarette and tobaco in the Prison without the establishing of designated areas for such. Had the defendants not destroyed the plaintiff legal materials, the plaintiff would have been in a much better position to argue the defendants Motion for Summary Judgment, and had the plaintiff have these materials to present to the court it is more likely than not that the plaintiff would have sustain a Summary Judgment Motion, and would be able to generate a compromise from the defendants base on the evidence and information that the plaintiff had. The case of Campbell v. Dzurenda et al., CA. No. 3:04-cv-1111(RNC)(DFM), was dismissed because the plaintiff had no other evidence to pursue a favorable outcome, the evidence that the plaintiff had in his possession was destroyed by the defendants at the Wyatt Detention Facility. The plaintiff also had Affidavits and Inmates Requests, Inmates Grievance and responses from the Grievance coordinators, Conn. Gen. Statutes, and Conn. case law precedent, and Conn. cases that were argued on grounds favorable to the plaintiff and could have been used by the plaintiff in the case of Campbell v. Mawhinney, et al., CA. No. cv-04-4004166. This case was dismissed by the court because the plaintiff had no legal position on which to argue. All of the plaintiff evidence and information concerning this case was destroyed by the defendants at the Wyatt Detention Facility. Plaintiff is unable to recall the names of the individuals who provides him with the Affidavits, nor can the plaintiff recall the names of the cases that were contained in his legal folders. The Case of Campbell v. Dzurenda, et al., 3:04-cv-1111(RNC)(DFM), is a United States

District Court Case, held in the Judicial District of Connecticut. The case of Campbell v. Mawhinney, et al., is a local case held in the Judicial District of Connecticut at the Hartford Superior Court.

Lastly, the case of Campbell v. Meachum, et al., and Campbell v. Strange, was stated as cases that were settled, they were listed in the Original Complaint and Amended Complaint as such. they were only stated because the record required them.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

A copy of the foregoings was sent to the Office of the following on this the 30th day of January, 2007.

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Office Of t he Clerk's
United States District Court
U.S. Courthouse
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472