DOCKET NO. CV-04-4004166

DAVID CAMPBELL PRO-SE
Plaintiff,

V.

SCOTT MAWHINNEY ET. AL.,
Defendants.

SUPERIOR COURT

JUDICIAL DISTRICT OF HARTFORD
AT HARTFORD

Date. June 24th, 2005

MEMORANDUM OF LAW.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to the Rules of the Connecticut Superior Court Respectfully move this Honorable Court to deny the defendants' motion to dismiss the plaintiff Amended Complaint.

The plaintiff state that this case was brought against the defendant Scott Mawhinney and Counselor Breedlove for violation of the plaintiff's Constitutional Rights and violation of a Statutory right under the Connecticut General Statutes. Both defendants are sued in both their Individual and Official Capacity.

Brief Summary Of Case:

On June 23rd, 2004, while the plaintiff was located at the Walker Corr. Inst. and housed in the Chronic Disciplinary Housing Unit of the facility, plaintiff sought the assistance of Counselor Mawhinney to Notarize a form for Waiver of Fees and Costs, so that plaintiff could commenced a civil suit against several defendants from the Cheshire Corr. Inst. The defendant Scott Mawhinney told the plaintiff " I do Not notorize complaint against Staff." The plaintiff then complained to the unit captain who forward the request to Mr. Mawhinney to respond to, Mr. Mawhinney then state in writing to the plaintiff, " I have discretion in what forms I Notorize, and I was not comfortable with the form that you gave me,

because it was hand written in pen and not typed." Plaintiff filed a grievance complaint with the Grievance coordinator Counselor Breedlove, who deliberately discard of the plaintiff complaint. The plaintiff lodge another complaint with the Unit Captain who then send Counselor Breedlove to see the plaintiff, Counselor Breedlove told the plaintiff that he cannot find the Grievance that the plaintiff sent to him and that the plaintiff should submit another grievance form.

**Argument:**

This Honorable Court has Jurisdiction over the plaintiff complaint of a Constitutional and Statutory violation. The violation of Connecticut Constitution Article First Sec. 10, gives this Honorable Court Jurisdiction over the plaintiff's complaint, And the violation of Connecticut General Statutes Sec. 3-94f; Sec. 3-94i(a); and Sec. 3-94m, gives this Honorable Court Jurisdiction to hear the plaintiff's claim.

In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court should not dismiss "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 45-46. Similar principles apply to a motion to dismiss on Eleventh Amendment grounds, the complaint's failure to specify that claim against State officials are asserted in their Individual capacity does not justify an outright dismissal, for, as the Supreme Courthas observed, "in many cases" a complaint against public officials "will not clearly specify whether officials are sued personally, in their Official capacity or both," and only "the course of proceedings' ... will indicate the nature of the liability to be imposed." Kentucky v.

Graham, 473 U.S. 159, 167, 87 L. Ed.2d 114, 105 S.Ct. 3099 (1985) (quoting Brandan v. Holt, 469 U.S. 464, 469, 83 1.Ed.2d 878, 105 S.Ct. 873 (1985)).

Plaintiff state that the Connecticut Constitution Article First Sec. 10, and Connecticut General Statutes Sec. 3-94f; Sec. 3-94i(a); and Sec. 3-94m, are clearly established laws that any reasonable person should have known that what they are doing in denying access to the court is a violation under both the United Stated Constiction and the Connecticut Constitution. Connecticut General Statutes Sec. 3-94f; Sec. 3-94i(a); and Sec. 3-94m, is also clearly established laws, and the defendant Scott Mawhinney should have known that is action in denying the plaintiff notary, or any person that are paying for documents to be notarized within the State of Connecticut, is a violation of the Statutes.

"Our analysis of a Qulified Immunity claim consist of a three steps inquiry. See Wilson v. layne, 265 U.S. 603, 609, 143 L.Ed.2d 818, 119 S.Ct. 1692(1994); X-Men Sec. Inc. v. pataki, 196 f. 3d 56, 65-66 (2nd Cir. 1999), first we must determine whether plaintiff has alleged a violation of a Constitutional right, then we consider if the violated right was clearly established at the time of the conduct. See Saucier v. Katz, 533 U.S. 194, 201, 150 L.Ed.2d 272, 121 S.Ct. 2151 (2001). Finally if plaintiff had a clearly established constitutional protected rights that was violated by the action of the board [defendants'], he or she must demonstrate that the defendants action were not objectively reasonable. X-Men, 196 at 66, this three steps inquiry should typically be done in sequential order. Cty. of Sacramento v. Lewis, 523 U.S. 833, 842, 104 L.Ed.2d 1043, 118 S.Ct. 1708 (1998),

defendant may benifit from Qualified Immunity if plaintiff is unable to establish any of these three steps. See X-Men, 196 F.3d at 65-66, ("these three issues should be approached in sequence, for if the second resolved favorably to the official, the third becomes moot; A favorable resolution of the first moots both the second and third.")

Plaintiff states that the defendants violated both is Constitutional and Statutory righs in denying the plaintiff access to the court, both of these rights are clearly established. Connecticut General Statutes Sec. 3-94f; Sec.3-94i(a); and Sec. 3-94m, states that a notary should be held liable prsonally to the plaintiff for any harm suffered as a result of the notary misconduct. The defendant Mawhinney is being sued in is Individual Capacity by the plaintiff as well as his Official Capacity, because the Statutes says that he should be held liable. Both of the defendants were acting outside the scope of their Official duties, and their action were not carried out in Good Faith, but rather in a wanton reskless and malicious manner design to deny the plaintiff access to the court.

The Court reasoned that in order to determine if a defendant is acting in the course of his or her duties or within the granted State Statutory, it is necessary to examine the nature of the conduct and its relationship to the duties incidental to the employment. In Antinerella v. Rioux, 229 Conn. 479, 499 (1994), the Court found the defendant's conduct fell outside the umbrella of immunity because [t]he defendant alleged conduct was not designed to advance any interest of his employer, the State and not served any legitimate State interess ... [being] motivated

by purely personal consideration entirely extranous to his employer's interess." In Shay v. Rossi, 235 Conn. 134, 168, 749 A.2d 1147 (2000) at 174, the court determine that: " The defendants, individuals employed by the State Department of Children and Families, had acted beyond the scope of their employment when acting solely ... to justify their own prior unjustified conduct, and not carry out the Government policy with which they were entrusted."

Plaintiff now asserts that the defendants were in violation of both a Connecticut Constitution and a Connecticut General Statutes, and the violation were not carring out legitimate interest of the Department of Corrections. To deny a person notary when that person is paying for such, is a violation of the Statutes. Plaintiff further states that this Honorable court must not dismiss this complaint unless the court has proven beyond all reasonable doubt that the plaintiff can prove no set of facts in his complaint which would give him relief.

WHEREFORE, plaintiff prays that this Honorable Court grant this motion in favor of the Pro-Se plaintiff and deny the defendants motion to dismiss the plaintiff Amended Complaint. Plaintiff furthes pray that this Honorable Court construe the plaintiff's motion liberally, See Hughes V. Rowe, 449 U.S. 5,10, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980). A pro-Se party's pleading must be liberally construed in his favor and are held to less stringent standard that the pleadings drafted by lawyers.

Respectfully Submitted
David Campbell/Plaintiff
By: D. Campbell
~~David Campbell Pro-Se~~
~~U.S.P. Canaan~~
David Campbell Pro-Se

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 24 Th day of June, 2005. A copy was sent to the office of Asst. Atty. Gen. Lynn D. Wittenbrink, 110 Sherman Street, Hartford, Conn. 06105.

Respectfully Submitted

David Campbell/Plaintiff

By: D. Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa.18472