UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. September 18th 2007

REQUEST FOR PERMISSION TO FILE BELATED MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT.

Here comes the plaintiff David Campbell Pro-Se in the above captioned case acting without the aide of counsel and pursuant to the Rules of the Fed. R. Civ. P. and the Local Rules of the United States District Court. Plaintiff hereby move this Honorable Court for a grant of this motion as a matter of law and justice.

On March 7th, 2007, the court issue a Scheduling Order, stating that all motions including discovery and summary judgment, should be made before the closure date of May 20th, 2007. Paragraph 2 of page 1 further states "nothing contained in this Order shall excuses a party from its contineing obligation, under the rules, to update responses to discovery or to respond to discovery request made before the closure date."

Plaintiff states that in his layman capacity he was misled by the adversary delaying tatics, when they failed to provide a response to his request for Interrogatories which was filed on May 2nd, 2007. The failure of the advasary failure to respond to the plaintiff 's Request contributed to the deadline been pass.

WHEREFORE, plaintiff prays that this Honorable court adopt the less stringent standard when ruling on this Pro-Se motion. See, attached memorandum .

Respectfully Submitted

David Campbell

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 18th day of September, 2007. A copy was sent to the Office of the following:

Office of the Clerk
United States District Court
119 Federal BUilding & Courthouse
One Exchange Terrace,
Providence, RI. 02903-1779

Atty. Dennis T. Greico
GIDLEY, SARLI &MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. September 18th, 2007

MEMORANDUM OF LAW IN SUPPORT

OF REQUEST TO FILE BELATED MOTION FOR LEAVE

FOR MOTION FOR SUMMARY JUDGMENT..

The plaintiff is a pro-se litigant who is unskilled in the science of law move this Honorable Court for a grant of this Motion to file Belated Request to file for Summary Judgment after the deadline has passed. Plaintiff states that his failure to exercise due dilligence in preserving his legal rights was because of the trickery played on the plaintiff by the adverasry.

Plaintiff states that Leave should be granted because it does not seeks to bolster up the plaintiff claim. But only to be in accordance with the Order of the court. See, County of Maine v. United States, 150 F.Supp. 619, 623 (N.D. Cal.1957).

Plaintiff further states that there is basis for the statutes to be extended in this matter, since its the first act of rule violation on the part of the plaintiff, who has always acted with dilligence and respect for the Courts authority, thus the court should grant equitable tolling to the plaintiff's case. See, DeCasenave v. United States, 991 F.2d 11,13 (1st Cir. 1993) citing, Irwing v. Veterans Administration, 498 U.S. 89, 96, 111S.Ct. 453, 458, 112 L.Ed. 2d. 435 (1990)"Courts are reluctant to apply principles of equitable tolling to extend a Federal limitation period." DeCasenave, 991 F.2d at 13, Courts have extended

that relief only sparingly to claims against government. Irwing v. Veterans Administration, 498 U.S. at 96, for example, equitable tolling has been allowed, "where the complainant has been induced or tricked by his adversarys misconduct into allowing the filing deadline to pass."

In the instant case the plaintiff was induced and tricked by the advesarys misconduct. when the defendants failed to respond to the plaintiff's request for Interrogatories, they relies upon the plaintiff's naivete. Knowing that the plaintiff would extend the grace period for them to reply, which they did not.(see plaintiff's request for Interrogatories dated May 2nd, 2007.) While the plaintiff awaited the defendants response the tolling deadline had passed. Plaintiff now move this Court to liberally construe the requirements of the closure date, and view the plaintiff's noncompliance as an honest mistake and bad judgment. The plaintiff's failure should not be examined in a vacum, but in the contex of the record as a whole.

The United States Supreme Court has recently say that the "Rule of procedure should be liberally construed and ... 'mere technicalities' should not stand in the way of consideration of a case on its merit." Torres v. Oakland Scavenger Company, 487 U.S. 312, 56 U.S.L.W. 4740, 4741, 101 L.Ed. 2d 285, 108 S.Ct. 2405(1988)(Quoting, Foman v. Davis, 371 U.S. 178, 181, 9 L.Ed.2d 222, 83 S.Ct. 227(1962)); See e.g., Houstan v. Lack, 487 U.S. 266, 56 U.S.L.W. 4728, 101 L.Ed.2d 245, 108 S.Ct. 2379 (U.S. June 24 1988). Sometimes, as with the Federal procedural rules, a separate rule specifically grant to a court the power to extend time limits imposed by other rules. See. e.g., Fed. R. Civ. P. 6(b); Fed. R. App. P. 26(b).

Plaintiff states that the violation of the court's scheduling Order closure date, was an inadvertent failure and not a consistent one

and since this failure was caused by the misconduct of the advesarys the plaintiff should not be penalize for it.

"Our Federal Rules promote the dispotion of claims on the merits rather than on the basis of technicalities." Foman v. Davis, 371 U.S. 178, 181-82, 9 L.Ed. 2d. 222, 83 S.Ct. 227(1962)And should be reluctant to impose a dismissal with prejudice for a rules violation that is neither presistent nor vexatious, particularly without some review of the merits. Kuehl v. FDIC., 8 F.3d 905, 908(1st Cir. 1995).

WHEREFORE, plaintiff states for all the foregoings reasons presented in this motion this Honorable Court should grant this motion in favor of the Pro-Se litigant, and hold it to a less stringent standars than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519(1972).

Respectfully Submitted

David Campbell/Plaintiff

BY: [signature]

David Campbell/Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 18th day of September, 2007. A copy was sent to the Office of the following:

Office of the Clerk
United States District Court
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite, 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472