UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants.

DATE. September 15th, 2007

PLAINTIFF'S RESPONSE TO DEFENDANTS CROSS MOTION

FOR SUMMARY JUDGMENT.

Here comes the plaintiff David Campbell Pro-Se in the above mentioned case acting without the aide of counsel and pursuant to Fed. R. Civ. P. Rule 56(b), hereby move this Honorable Court to deny the defendants motion and make a ruling in favor of the Pro-Se plaintiff for the Constitutional violations that he suffers at the hands of the defendants.

WHEREFORE, plaintiff prays that this Court will grant this motion in favor of the pro-se plaintiff and make a entry of Summary Judgment on his behalf. See attached memorandum of law herewith.

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell

David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, PA. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all parties on record on this the 18Th day of September, 2007. A copy was sent to the Office of the following:

Office of the Clerk
United States District Court
119 Federal Building & Courthouse
One Exchange Terrace
Providence, RI. 02903-1779

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite, 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: David Campbell
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

DAVID CAMPBELL PRO-SE
Plaintiff,

DOCKET No. 1:05-CV-00428-T-JH

-vs-

CORNELL CORR. INC., ET AL.,
Defendants

DATE. September 18 th, 2007

MEMORANDUM IN SUPPORT OF PLAINTISS'S RESPONSE TO DEFENDANTS CROSS MOTION FOR SUMMARY JUDGMENT.

The defendants states that the plaintiff's motion for Summary Judgment should be denied for its untimeliness. Plaintiff states that the undue delay in the filing of the motion for Summary Judgment was was a direct cause of the advesarys misconduct, in failing to make a timely response to the plaintiff's Request for Interrogatories, which was filed on May 2nd, 2007, prior to the Courts closure date. Had the defendants responded to the plaintiff Request for Interrogatories in a timely manner, the plaintiff's motion for Summary Judgment would have been timely. The plaintiff is a pro-se litigant who is unskilled in the science of law, and the defendants preyed upon that ignorance in the hopes that they would have this case dismiss on mere technicalities rather than on the merits of the case.

Plaintiff urges this court to look towards the Supreme Court rulings in other cases that says the" Rule of procedure should be liberally construed and ... 'mere technicalities' should not stand in the way of consideration of a case on its merits." Torres v. Oakland Scavenger Company, 487 U.S. 312, 56 U.S.L.W. 4740, 4741, 101 L.Ed. 2d. 285, 108 S.Ct. 2405 (1988)(Quotinf Foman v. Davis, 371 U.S. 178, 181

L.Ed.2d 222, 83 S.Ct. 227 (1962)); See, e.g., Houstan v. Lack, 487 U.S. 266, 56 U.S.L.W. 4728, 101 L.Ed.2d. 245, 108 S.Ct. 2379(U.S. June 24, 1988). Sometimes, as with the Federal procedural rules, a separate rule specifically grant to a court the power to extend time limits imposed by other rules. See, e.g., Fed. R. Civ. P. 6(b); Fed R. App. P. 26(b).

Plaintiff further states that the basis statutes of the tolling should be extended in this matter, because the untimeliness of the motion was a direct result of the defendants misconduct and failure to comply with the rules of the Fed. R. Civ. P. Rule 33.that causes the delay in the plaintiff filing the Motion for Suymmary Judgment, and not mere tardiness on the part of the plaintiff. See, DeCasenave v. United States, 991 F.2d 11,13 (1st Cir. 1993)Citing, Irwing v. Vetrans Administration, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed. 2d. 435(1990) "Courts are reluctant to apply principles of equitable tolling to extend a Federal limitation period." DeCasenave v. United States, at 13, Courts have extended that relief only sapringly to claims against government. Irwing v. Vetrans Administration at 96, for example, equitable tolling has been allowed, " where the complainant has been induce or tricked by his advesarys misconduct into allowing the filing deadline to pass."

Plaintiff now states that now the defendants are asking the court to dismiss the case on technicalities. Plaintiff move this Honorable court to grant to the plaintiff the extention in the tolling deadline, because it does not seek to bolster up the plaintiff's claim, but only to be in accordance with the courts rules. "Our Federal Rules promote the disposition of claims on the merits rather than on the basis of technicalities, See Foman v. Davis, 371 U.S.

178, 181-82, 9 L.Ed.2d. 222, 83 S.Ct. 227(1962) And should be reluctant to impose a dismissal with prejudice for a rules violation that is neither presistent nor vexatious, particularly without some review of the merits. Kuehl v. FDIC., 8 F.3d 905, 908 (1st Cir. 1995).

Defendants states that the plaintiff suffers no Constitutional violation because the plaintiff is a Rastafarian, and the plaintiff vegetarian diet is too burdensome on the Administration to provide.

Plaintiff states that at no time did the plaintiff request a Rastafarian diet. Plaintiff states in his complaints to the Administrative personnel, that he is a "Rastafarian who does not eat meat and request a vegetarian diet." This also is stated in the plaintiff's Original 42 U.S.C. §1983 Civil Rights Complaint, and has been listed in the plaintiff medical file as "Medical Alert 'Vegetarian'". The plaintiff refuse to eat the food that was brought to the plaintiff because the defendants would put the meat substance or grave all over the food that was brought to the plaintiff. The plaintiff has never in his life eaten meat or any meat by-product. The plaintiff only request was for a vegetarian diet. The defendants now states that they did not violated the plaintiff's Constitutional Rights under the First and Eight Amendment to the United States Constitution. The plaintiff rights to practice his Religious Freedom was violated by the defendants when they refused to feed him a diet consistent with his Religious laws. The actions of the defendants violated the plaintiff's rights to be free from Cruel and unusual Punishment when the defendants refused to feed the plaintiff for Nine consecutive days. See, LaFevers v. Saffle, 936 F. 2d 117 (10th Cir. 1991)(Holding that when an Inmate's Religious views requiring a vegetarian diet are sincerely held, Prison policy may violate his free

exercise rights even though vegetarianism is only a recomendation, not a required element of plaintiff's Religion, Seven-Day Adventism); McElyea v. Babbitt, 833 F.2d 196 (9th Cir. 1987)(Holding that "Inmates have the Rights to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion.)

Plaintiff states that the defendants Prison Policy are in violation of the plaintiff's Constitutional Rights, a Policy which states, "Vegetarian and no red Meat diets are not offered." See Exhibit E. of the plaintiff's Summary Judgment motion, entitled Detainee Oriantation Booklet, Section 20. See. Gabriel v. Corrections Corporation of America, 211 F.Supp. 2d 132, 138 (D.D.C. 2002)(Stating that the plaintiff, to state a claim under § 1983 against the corporate defendants, must allege that his injuries occurred as a result of a specific corporate policy or custom.)

The defendants have failed to keep any record of the events leading up to this law suit, just so they can deny it ever took place. this Court must make a finding in favor of the pro-se plaintiff, that the defendants actions did violates the plaintiff's First and Eight Amenbdment Rights to the United States Constitution.

The defendants aver that the plaintiff suffers no tangible injury as a result of his legal papers being destroyed.

Plaintiff states that he had presented a Non-friviolous arguable legal claim and was granted to proceed by the Court under 28 U.S.C. § 1915, and that claim was hindered by the actions of the defendants. Defendants now states that because the plaintiff cannot list the Level of ETS he was exposed to the court must dismiss the Claim. Plaintiff states that he is not a scientist and cannot list the Level of ETS that he was exposed to offhand. But the memo from the Center

of Disease Control and Prevention had a listing of those which the plaintiff could have use as a reference to conclude the level of ETS the plaintiff was exposed to. But this Memo was destroyed by the defendants, along with other valuble material evidence.

Defendants states that he had contacted the Cambpell v. Dzurenda Court, and the judge told him that the plaintiff had supplied a Affidavit with his Summary Judgment motion. But none of the several Affidavits that the plaintiff had in his file when he entered the Wyatt Detention Facility ever made it to the court. Had the defendants presented a affidavit from the Campbell v. Dzurenda court, this would have been made clear. The single Affidavit that was presented in that case came from an Inmate who was located in the Cheshire CI., and is now at the U.S.P. Canaan.

"In order that a Judgment or decree should be on the merit it is not necessary that the litigation should be determined 'on the merit' in the moral or abstract sence of the word, it is sufficient that the status of the action was such that the parties might have their suit disposed of if they had properly presented and manage their prespective case." United Stated v. Oregan Lumber, 260 U.S. 290, 67 L.Ed.261.

In the instant case the court never had the chance to hear the evidence that the plaintiff had collected. It is more probable than not that the affidavits that the plaintiff had collected coupled with other evidence would have generated a different result in that case.

"Once plaintiff presented a nonfriviolous arguable legal claim, the loss or destruction of his legal court files or records violates the access to court doctrine." Christopher v. Harury, 536 U.S. 403 at 415.

In the case of Campbell v. Dzurenda the court has Ruled that the

case against the defendant C/O Whembly could still be prusued, but the plaintiff has no evidence to present in that either because of the destruction of the legal papers. In Signfus v. Brown, 416 F.2d 105 (7th Cir. 1969) the court states, "The taking of prisoners legal papers states a claim under 42 U.S.C. § 1983 or § 9185, if the taking result in interferance with or infringment of the prisoner's Constitutional Rights of access to the Court."

Plaintiff now states that this Court must find that the defendants did violate the plaintiff Rights to access to the court, by destroying the plaintiff's legal papers. The plaintiff did suffer violation of a 1st Amendment Constitutional Rights grarantee by the United States Constitution.

Defendants further states that they cannot be held liable under 42 U.S.C. § 1983, because they were not acting under color of law. Many courts have ruled that a party acting in concert with government agents are in fact doing the functions of the government. See, Vector research, Inc. v. Howard & Howard Attorney P.C., 76 F.3d 692, 698 (6th Cir. 1996)(Holding that private attorneys acting in concert with Federal Marshals were federal actors for the purpose of Bivens action.); Rendell-Baker v. Kohn, 457 U.S. 830, 842, 73 L.Ed. 2d 418, 102 S.Ct. 776 (1982)(A private party performing a function traditionally the exclusive prerogative of the government is a government actor.)

The plaintiff while held at the Wyatt Detention Facility was held there at the behest of the United States Marshals, even though the jailers were operating a private prison, the plaintiff was in the custody of the U.S. Marshals, and the actions taken by his jailers was done under color of law. Pursuant to 18 U.S.C. §4086, the U.S. Marshals exercise ultimate authority over the plaintiff.

"18 U.S.C. § 4086; 28 C.F.R.§§ 0.111(k), 551.101(2001), the power to detain the plaintiff derived solely and exclusive from Federal authority and the defendants, in effect, acted as the Marshal alter ego. The fact that Marshal temporarily deligated the task of housing the plaintiff it did not convert that detention into anything other than an exclusive governmental function." Sorro v. Cornell Corr. Inc., 248 F. Supp. 2d 52 at 61.

Plaintiff move that this court make its ruling based on the merits of this case. And find that the defendants did violates the plaintiff First and eight Amendments Rights to the United States Constitution, and that this Court will put this case on the Docket for trial.

Plaintiff further states that his Pro-Se complaint must be liberally construed as such, dismissal is not appropriate unless it can be said "with assurance that under the allegation of the pro-se complaint which we hold to less stringent standard than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him relief. Haines v. Kerner, 404 U.S. 519, 520-21(1972).

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472

CERTIFICATION OF SERVICE.

I hereby certify that a true copy of the foregoings was mailed postage prepaid and delivered to all partied on record on this the 18th day of September, 2007. A copy was sent to the Office of teh following:

Office of the Clerk
United States District Court
119 Federal Building & Courthouse
One exchange terrace
Providence, RI. 02903-1779

Atty. Dennis T. Greico
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI. 02903

Respectfully Submitted

David Campbell/Plaintiff

By: [signature]
David Campbell Pro-Se
U.S.P. Canaan
P.O. Box 300
Waymart, Pa. 18472